UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------x
                                                     :
JOSEPH P. LASALA and                                 :
FRED S. ZEIDMAN, as CO-TRUSTEES    :   No. 09-CV-00968 (JAP)
of the AREMISSOFT CORPORATION                        :
LIQUIDATING TRUST,                                   :
                                                     :   DECLARATION OF
                Plaintiffs,        :   **STELIOS HADJIOSIF**
                                                     :
        v.                         :
                                                     :
MARFIN POPULAR BANK PUBLIC         :
COMPANY, LTD.,                                       :
                                                     :
                Defendant.                           :
                                                     :
-----------------------------------------------------x

Nicosia, Cyprus

Stelios Hadjiosif, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am the Secretary of the Board of Marfin Popular Bank Public Co Ltd (the "Bank"), a Cyprus banking corporation with its principal place of business in Cyprus. I am a citizen of Cyprus and reside in Cyprus.

2.  I make this Declaration, based on my personal knowledge, in opposition to the plaintiffs' motion for a preservation order.

3.  Marfin Popular Bank Public Co Ltd, formerly Cyprus Popular Bank (also known as Laiki Bank), is one of the largest banks in Cyprus. The Bank is registered in Cyprus and is regulated by the Central Bank of Cyprus, which is the primary state regulator of financial institutions in Cyprus. The Bank currently has



420 branches in the following countries: Cyprus, Greece, the United Kingdom, Australia, Romania, Serbia, Estonia, Guernsey, Ukraine, Malta, and Russia. The Bank has no branches located in the State of New Jersey or any place else within the United States.

4. For matters relating to AremisSoft, the applicable statute of limitations in Cyprus is in suspension. Therefore, as a matter of internal policy, the Bank has preserved and maintained any documents relating to the AremisSoft case in archives. The storage procedure is that documents in hard copies are kept in boxes, and stored in special storage rooms. I confirm that there are no electronically archived files and no backup tapes. In addition, the Bank is aware of the document preservation obligations imposed by U.S. law. The Bank first became aware of the lawsuit filed by the AremisSoft Trust in mid-March 2009. Since 8 April 2009, the Bank has begun the process of collecting documents that appear relevant to the claims asserted in the plaintiffs' complaint. The Bank will continue to maintain relevant documents during the pendency of this action.

5. The Bank is subject to a number of regulations with respect to disclosure of documents. The Bank must comply with the Processing of Personal Data (Protection of Individuals) Law of 2001 (as amended) as well as Cyprus bank secrecy rules under the Banking Business Law 1997 (as amended). Requiring the Bank to transfer all documents potentially relating to the plaintiffs' complaint,

without an individuated review, likely will cause the Bank to violate those rules. Failure to comply with these rules may result in severe penalties. For example, the sanctions for the unauthorized transmission of data include revocation of the Bank's license and fines. For a violation of the Banking Business Law, penalties include imprisonment of not more than two years and a fine.

6.  In the interest of full disclosure to the Court, I note that a facility used by the Bank in Cyprus to store documents was hit by a fire on 21 January 2009. This nature of the fire is being investigated, the cause appearing to be electrical. The Bank currently is seeking to ascertain whether any of the documents damaged or destroyed by the fire have relevance to this action

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on 28 May 2009.

_____
Stelios Hadjiosif.

3