**EXHIBIT D**

**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932-0677
Phone: (973) 360-7900
Fax:    (973) 301-8410

*Attorneys for Joseph P. LaSala and Fred S. Zeidman,*
*as Co-Trustees of the AremisSoft Corporation Liquidating Trust, Plaintiffs*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>BORDIER et CIE and DOMINICK COMPANY, AG<br><br>Defendants. | Civil Action No.<br>05-CV-4520 (JAP) |

### DECLARATION OF JOSEPH P. LASALA
### IN SUPPORT OF PLAINTIFFS'
### <u>OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>

I, Joseph P. LaSala, hereby declare:

1. I have been appointed by the United States District Court for the District of New Jersey as Co-Trustee of the AremisSoft Corporation Liquidating Trust ("Liquidating Trust"), am responsible to act for the Liquidating Trust and I have personal knowledge of the matters declared herein.

2. I submit this Declaration in support of the *Memorandum in Opposition to Defendants' Motions to Dismiss.*.

3. The Liquidating Trust is a Delaware Trust formed pursuant to three Orders entered by the Honorable Joel A. Pisano of the United States District Court for the District of New Jersey as follows: (i) July 1, 2002 Order (the "Confirmation Order") confirming the First Amended Joint Plan of Reorganization (the "Plan") of AremisSoft; (ii) August 1, 2002 Order approving a Class Action Settlement with AremisSoft; and (iii) August 16, 2002 Order entered *nunc pro tunc* to August 1, 2002, correcting the Order and Final Judgment previously entered August 1, 2002, filed in a Chapter 11 case captioned In re AremisSoft Corp., Bankruptcy Case No. 02-32621 (D.N.J.) (the "Chapter 11 case"). The Chapter 11 case and the Confirmation Order resulted from the Chapter 11 filing by AremisSoft on or about March 15, 2002.

4. The purpose of the Liquidating Trust, and my obligation as Co-Trustee, is to maximize the recovery and distribution of assets for the benefit of the

Case 3:09-cv-00968-JAP-DEA   Document 23-4   Filed 06/10/09   Page 4 of 10
Case 3:05-cv-04520-JAP-TJB   Document 67-14   Filed 05/30/2006   Page 3 of 9

aggrieved shareholders, who are the Liquidating Trust beneficiaries, including SoftBrands, Inc., as the reorganized debtor. The Liquidating Trust continues to identify, locate, recover and distribute assets for the benefit of the Liquidating Trust beneficiaries and uses whatever means within its authority to fulfill this obligation.

5. The following are examples of activities pursued in an effort to achieve this goal of maximizing the recovery of assets and which are wholly unrelated to the litigation of claims:

A. GENERAL FUNCTIONS OF THE LIQUIDATING TRUST

(1) **Asset Tracing**: Although approximately $250 million of AremisSoft assets have been located, a considerable portion of the funds subject to restitution to the Liquidating Trust remains in disguised accounts or otherwise located in a number of foreign jurisdictions. The Liquidating Trust has engaged in and continues its significant activities and investigations in foreign jurisdictions to locate and distribute such assets. These activities include the Liquidating Trust working both independently and with numerous governmental authorities, including, as detailed below, authorities in the United States, Austria, Bulgaria, Cyprus, Switzerland, the United Kingdom and other countries.

(2) **Administration of Trust:** The Liquidating Trust has engaged in substantial activities in the claim allowance process by establishing the amounts of allowed claims to the over 6,000 beneficiaries including negotiation and adjustment of filed claims and procuring court orders to allow claims in reduced amounts all in effort to fix the recovery percentages for each of the beneficiaries, as well as working with the claims administrator to manage distributions to the Liquidating Trust's beneficiaries. Additionally, the Trustees, including myself, have been in regular communication with the Liquidating Trust beneficiaries and class counsel to keep them informed and to answer questions and concerns regarding the continuing efforts of the Liquidating Trust to maximize the recovery of assets.

(3) **SoftBrands Valuation and Distribution of Stock:** The Liquidating Trust engaged the accounting firm of Deloitte & Touche to analyze and value the shares of SoftBrands in anticipation of the distribution of SoftBrands shares to shareholders pursuant to the Plan. Deloitte & Touche conducted market research, financial analysis and financial modeling as part of its activities. On behalf of the Co-Trustees, counsel for the Liquidating Trust assisted Deloitte & Touche and reviewed the results of the valuation. By Order dated March 3, 2004, this Court authorized the

allocation of 16,133,333 shares of SoftBrand's public common stock among the authorized claimants as approved by the Claims Administrator. The Liquidating Trust works with the claims administrator and class counsel in effectuating such distribution to the Liquidating Trust's beneficiaries.

(4) **SoftBrands, Inc.:** I regularly attend the Board meetings of the reorganized debtor, SoftBrands, Inc.

(5) **Tax Issues:** As with any major plan of reorganization, there were a myriad of tax issues created by the distribution of assets pursuant to the Plan. In addition, distribution of the net trust recoveries implicates tax issues. The Liquidating Trust duties included retaining legal and accounting professionals to assist the Liquidating Trust in due diligence relating to Trust tax issues and subsequent analysis of questions relating to tax treatment, all for the benefit of the Liquidating Trust and its beneficiaries.

B. COORDINATION WITH THE UNITED STATES GOVERNMENT

(1) **United States Department of Justice:** The Liquidating Trust has entered into a Coordination Agreement with the United States Department of Justice whereby the Liquidating Trust and the U.S. Government have agreed to coordinate and cooperate with each other to maximize recoveries arising from the fraudulent and other wrongful conduct of the AremisSoft insiders, together with those persons and entities who

5

conspired with, or aided and abetted, or otherwise assisted in the AremisSoft fraud. The Coordination Agreement was approved by Order of this Court on October 12, 2004. In connection with the pursuit of such assets, assets may be located, restrained, enjoined, or otherwise recovered, and shall be distributed for the benefit of the Liquidating Trust beneficiaries. The United States and the Liquidating Trust agreed to cooperate and share information and investigative resources in efforts to establish liability of the AremisSoft insiders and other involved persons, in furtherance of our mutual goals of identifying and recovering assets located anywhere in the world for the benefit of the Liquidating Trust beneficiaries. The parties also agreed to coordinate to develop information via investigation by seizing business records, soliciting testimony and all else necessary or helpful in locating and recovering assets. The Liquidating Trust has communicated and continues to be in regular communication with representatives of the United States pursuant to the terms of the Coordination Agreement to achieve the Liquidating Trust's mandate to identify, locate, recover and distribute assets to the Trust's beneficiaries.

(2)  **United States Securities and Exchange Commission:** The Liquidating Trust and the SEC have and continue to exchange information and documents to the extent permitted by law and, to the extent consistent

with our mutual interests, have and continue to work cooperatively for our overlapping goals.

C.  ACTIVITIES IN FOREIGN JURISDICTIONS

(1) **Generally:** The Liquidating Trust has communicated with and continues to engage in significant communication with various foreign government and police authorities in an effort to assist them in their investigations in pursuit of documents, testimony, and other information which has resulted and will continue to result in the recovery of assets of the Liquidating Trust beneficiaries.

(2) **Austria:** The Liquidating Trust is in cooperation with the Prosecutor's Office in Vienna, Austria and based on information developed by the Liquidating Trust through its investigative efforts, and at the request of the Liquidating Trust, the Austrian authorities have executed search warrants of persons and entities involved in the AremisSoft fraud in connection with, *inter alia*, the Austrian Government's police power to investigate tax fraud matters.

(3) **British Virgin Islands:** The Liquidating Trust requested relief in the BVI by applying for disclosure of information from a number of offshore companies created by the AremisSoft insiders to assist in the perpetration of their fraud. In addition, we requested these companies be

placed in receivership to take control of any remaining assets held for the benefit of the AremisSoft insiders.

(4) **Bulgaria:** Through our various investigations, the Liquidating Trust learned that AremisSoft had an account at the Bulgarian bank, Bulbank AD, that still held assets. The Liquidating Trust sent an apostillized letter to establish to the bank's satisfaction that the Liquidating Trust is the successor in interest to AremisSoft, and as a result succeeded in recovering the approximately $130,000 belonging to the former AremisSoft.

(5) **Cyprus:** The Liquidating Trust has been in communication with the authorities in Cyprus in efforts to identify and locate assets to which the Liquidating Trust's beneficiaries are entitled, as well as to provide Cypriot authorities with information to assist them in their investigations. As this Court knows, Lycourgos Kyprianou remains a fugitive from the Untied States and is residing in Cyprus. Additionally, the Liquidating Trust engaged in significant activities concerning the Cypriot company GlobalSoft (controlled by Kyprianou), including its continuing investigation as to whether AremisSoft assets to which the Liquidating Trust's beneficiaries would be entitled were diverted by Kyprianou to GlobalSoft.

(6) **Switzerland:** The Liquidating Trust filed an application with the criminal investigator's office in Geneva which resulted, in part, in my

testimony to the Swiss federal prosecutors regarding the evidence uncovered in the Liquidating Trust's investigation concerning the AremisSoft fraud.

(7) **United Kingdom:** The Liquidating Trust continues to investigate the whereabouts of assets obtained with proceeds of the AremisSoft fraud and to communicate and cooperate with the appropriate investigative authorities.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on this 30th day of May, 2006.

JOSEPH P. LASALA