UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------x
: No. 09-CV-00968 (JAP)
JOSEPH P. LASALA and :
FRED S. ZEIDMAN, as CO-TRUSTEES :
of the AREMISSOFT CORPORATION :
LIQUIDATING TRUST, :
: **SECOND DECLARATION**
Plaintiffs, : **OF STELIOS HADJIOSIF**
:
v. :
:
MARFIN POPULAR BANK PUBLIC :
COMPANY, LTD., :
:
Defendant. :
:
------------------------------------------------x

Nicosia, Cyprus

Stelios Hadjiosif, pursuant to 28 U.S.C. § 1746, declares as follows:

1.  I am the Secretary of the Board of Marfin Popular Bank Public Co Ltd (the "Bank"), a Cyprus banking corporation with its principal place of business in Cyprus. I am a citizen of Cyprus and reside in Cyprus.

2.  I make this Second Declaration, based on my personal knowledge and review of the Bank's files and records, in support of the Bank's motion to dismiss the complaint in this action.

3.  Marfin Popular Bank Public Co Ltd, formerly Cyprus Popular Bank Public Company Limited (also known as Laiki Bank), is one of the largest banks in Cyprus. The Bank is registered in Cyprus and is regulated by the Central Bank of



Cyprus, which is the primary state regulator of financial institutions in Cyprus. The Bank currently has 420 branches in the following countries: Cyprus, Greece, the United Kingdom, Australia, Romania, Serbia, Estonia, Guernsey, Ukraine, Malta, and Russia. The Bank has no branches located in the State of New Jersey or any place else within the United States.

4. Prior to March 5, 2008, the Bank operated a representative office in New York which, like any representative office (as opposed to a branch office), was not authorized to engage in the business of banking in either New York or New Jersey. At all relevant times, the representative office had fewer than five employees. The Bank no longer maintains a representative office in New York or anywhere else in the United States.

5. The Bank does not now have, nor has it in the past had, any operations, offices, banking agents or employees in the State of New Jersey.

6. The Bank does not now conduct, nor has it in the past conducted, any banking activities in the State of New Jersey. The Bank has not sought or obtained authorization from the New Jersey Department of Banking and Finance to conduct business in New Jersey.

7. In preparing this Declaration, I have reviewed the complaint filed in this action. Substantially all of the accounts identified at paragraphs 37 through 47 of the complaint were opened at the Bank's offices in Cyprus and administered by



the Bank in Cyprus. The complaint also refers to an account at Laiki Bank (Hellas) S.A., "an account at Laiki Bank in Greece held in the name of Cronos Capital," and to unspecified accounts at "Laiki Bank's London Branch." The majority of relevant documents relating to these accounts and in the possession of the Bank are located in Cyprus or in Greece. No relevant documents are located in the United States.

8. Examples of Bank documents located in Cyprus include account opening documents, permits issued by the Central Bank of Cyprus, account statements relating to each account, debit-credit advices and transfer instructions. A substantial majority of these documents are in the Greek language.

9. Based on a preliminary review of the Bank's records, no fewer than four employees of the Bank in Cyprus were responsible for or had a role in administering accounts for AremisSoft or its former main principals. Only two of those employees currently work at the Bank. Greek is the native language of each of those employees, and their fluency with English will vary by individual. None of these employees or former employees is located in the United States.

12. In Action No. 9200/2005 before the District Court of Nicosia, Cyprus, which was filed in December 2005, the AremisSoft Corporation Liquidation Trust sought to obtain discovery of information about AremisSoft, Kyprianou and related entities from the four largest commercial banks in Cyprus, including Marfin

3

Popular Bank. The Trust did not claim any damages or file any substantive causes of actions. At the same time, the Trust filed an application seeking, as interim relief, the same remedies as requested in their main action (Action 9200/2005). The District Court of Nicosia heard argument on the Trust's interim application, and it was rejected on various grounds in a ruling issued on 31 August 2006. A copy of the ruling (in Greek) is attached as Exhibit A hereto. Thereafter, on 14 September 2006, the Trust filed an appeal before the Supreme Court of Cyprus. This appeal was withdrawn on 4 July 2008 by the AremisSoft Trust.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on June 4, 2009.

_____
Stelios Hadjiosif