**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
Florham Park, New Jersey 07932
Phone: (973) 360-7900
Fax: (973) 301-8410

*Attorneys for Joseph P. LaSala and Fred S. Zeidman,
as Co-Trustees of the AremisSoft Liquidating Trust, Plaintiffs*

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARFIN POPULAR BANK PUBLIC COMPANY, LTD.,<br><br>Defendant. | Civil Action No.<br>09-CV-00968 (JAP) |

### DECLARATION OF JOSEPH P. LASALA
### IN SUPPORT OF PLAINTIFFS'
### OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I, Joseph P. LaSala, hereby declare:

1. Fred S. Zeidman and I are Co-Trustees of the AremisSoft Corporation Liquidating Trust ("AremisSoft Trust"). We were appointed to this position by Order of this Court. As a Co-Trustee, I am responsible to act for the AremisSoft Trust, and I have personal knowledge of

the matters declared herein based, among other things, on a review of the AremisSoft case file maintained by counsel for the AremisSoft Trust.

2. In addition to my role as Co-Trustee, I am a practicing attorney and managing partner in the 170-lawyer firm McElroy, Deutsch, Mulvaney & Carpenter in Morristown, New Jersey. I am a resident of the State of New Jersey.

3. I make this declaration in opposition to the motion to dismiss the Complaint in this action by Defendant Marfin Popular Bank Public Company, Ltd. (the "Bank" or "Laiki Bank"). The allegations against the Bank concern its wrongful conduct in aiding and abetting the breach of fiduciary duty by Lycourgos Kyprianou ("Kyprianou") and Roys Poyiadjis ("Poyiadjis") and others owed to AremisSoft Corporation ("AremisSoft" or the "Company") and in breaching its contract with its depositor AremisSoft.

4. In that portion of its motion which asserts *forum non conveniens*, the Bank disregards the following:

- that Mr. Zeidman and I are residents of the United States who were appointed by a United States District Court as Trustees of the AremisSoft Trust created by that Court as successor to AremisSoft, a United States publicly held corporation;

- that AremisSoft was organized in Delaware with its principal place of business in New Jersey, and its shares were traded on a United States stock exchange, the NASDAQ;

- that the injuries which give rise to the claims asserted in this action were suffered by AremisSoft, and any recoveries realized in this action will benefit its allowed claimants including the thousands of AremisSoft Trust

2

beneficiaries who invested in AremisSoft -- the great majority of whom reside in the US.

5. As demonstrated herein and in the accompanying memorandum of law, this forum is the most appropriate forum in which to litigate this case because of the witnesses and documents located in this country.

**Witnesses Located in the United States**

Roys Poyiadjis

6. One of the most important witnesses the Court will hear from in this case is Poyiadjis. As the former CEO of AremisSoft and Kyprianou's co-conspirator, Poyiadjis will testify that he and Kyprianou orchestrated the acquisition fraud pursuant to which they fraudulently inflated the purported value of the target companies, that they caused AremisSoft to transfer millions of dollars to various accounts at the Bank, and further caused such monies to be transferred to other accounts which they beneficially owned and/or controlled. Poyiadjis's testimony will reveal a vast network of entities and accomplices he and Kyprianou used, including banks such as Laiki Bank, which knowingly participated in and assisted them in embezzling millions of dollars of AremisSoft's corporate cash.

7. Poyiadjis can only testify in this matter, however, if this litigation proceeds in the United States. As a result of his role in defrauding AremisSoft, Poyiadjis is currently residing in New York where he is under the control and custody of the United States Department of Justice.[1] As noted on an Appearance Bond in Case No. S1 01 CR 1177 (LTS) filed in the Southern District of New York, Poyiadjis has been free on bail of $4 million since April 1, 2005. As a condition of his release on bail, Poyiadjis' travel is severely limited. According to the Appearance Bond, Poyiadjis' travel is "restricted to SDNY, EDNY, District of New Jersey, N.D. Ill., DDC, D. Md., CD Cal., SD Fla. All other domestic and international travel requires Gov[ernment] and Court Approval. Surrender passport to Gov[ernment] and no new applications."

8. Based on discussions between representatives of the AremisSoft Trust and the Assistant United States' Attorneys handling this matter, I believe Poyiadjis would not be permitted to travel outside of the United States to provide testimony on behalf of the AremisSoft Trust. Consequently, if this action is transferred outside of this Court, it will result in Poyiadjis' unavailability to provide live testimony. This result will so prejudice the AremisSoft Trust's chances of success that we would need to strongly consider whether the AremisSoft Trust's claims against the Bank can be maintained.

---

[1] On December 19, 2001, a Federal Grand Jury in the Southern District of New York, 01 Cr. 1177 (LTS), charged Poyiadjis with securities fraud in connection with the collapse of AremisSoft. A superseding Indictment against him was filed on June 24, 2002, S1 01 Cr. 1177 (LTS), in which Kyprianou and another were also charged with conspiracy to commit wire fraud, mail fraud and securities fraud, substantive securities fraud and money laundering. A copy of the superseding indictment is attached hereto as Exhibit A.

4

Robert Peak

9. Another key witness is Robert Peak. Mr. Peak, a Certified Public Accountant, is an Associate Chief Accountant with the Division of Enforcement of the SEC. He is the principal accountant at the SEC involved in the investigation into AremisSoft.

10. In an affidavit Mr. Peak filed in the Southern District of New York[2] on behalf of the SEC on or about March 22, 2006, Mr. Peak states that he has been involved in investigating AremisSoft since 2001 and has worked extensively on this matter. In the course of his investigation, Mr. Peak has taken sworn testimony and reviewed documents, including bank records. Mr. Peak reviewed records showing how Poyiadjis and Kyprianou, with the assistance of banks such as Laiki Bank, diverted proceeds of the AremisSoft fraud into accounts they controlled. Mr. Peak will be able to provide in-depth factual information to assist a trier of fact to understand the complex AremisSoft fraud and will be able to provide a roadmap of the embezzlement and money laundering involving Laiki Bank accounts. This testimony is, obviously, invaluable to the AremisSoft Trust's case.

11. Based on discussions between representatives of the AremisSoft Trust and the SEC, I believe that Mr. Peak would not be permitted to travel outside the United States to testify in this matter. As a consequence, just as the AremisSoft Trust's case against the Bank would be severely hampered and prejudiced without the live testimony of Poyiadjis, the same result would occur if this case is transferred outside the United States because it is very likely that Mr. Peak would not be permitted to provide live testimony. Again, such a result would be highly prejudicial to the AremisSoft Trust.

---

[2] *United States Securities and Exchange Comm'n v. AremisSoft Corp.*, 01-CV-8903 (CSH).

Other Witnesses

12. Additional witnesses who may be called are the former officers and directors of AremisSoft, some of whom are current or former officers and directors of SoftBrands, and all of whom reside in the United States. Such witnesses include George Ellis, a former member of the board of directors of AremisSoft, and David Latzke who became CFO of AremisSoft after the resignation of Kyprianou. Mr. Ellis was a member of AremisSoft's Board of Directors when Kyprianou fraudulently obtained the Board's approval to fraudulently acquire software companies for millions more than the companies were worth. Mr. Latzke was involved in the internal investigation of the AremisSoft fraud after it was uncovered and he will testify to the looting of Company assets. It is unclear if they would travel to Cyprus, and without their testimony the AremisSoft Trust would be severely prejudiced.

13. Lastly, I submit that I will be called as a witness in this action. Among other facts, I can provide testimony as to the creation of the Trust, the damages sustained by AremisSoft and its former investors, and the chain of custody of documents obtained by the AremisSoft Trust in proceedings both in the United States and abroad. I am a managing partner of a 170-lawyer firm in New Jersey and it would be highly disruptive to my practice if I had to travel to Cyprus to testify in this matter.

**Documents Located in the United States**

14. The attorneys for the AremisSoft Trust in New York have amassed hundreds of thousands of pages of documents relating to the AremisSoft fraud.

15. Many of these documents were obtained from the U.S. Attorneys Office for the Southern District of New York and the SEC, both of which seized thousands of documents from AremisSoft during their investigation of the Company. The documents were produced to the

AremisSoft Trust as a result of a Coordination Agreement entered into between the Trust and the U.S. Attorney's Office in September 2004.

16. In addition, the Bank has produced some relevant documents, albeit grudgingly. First, it produced documents from its UK branch pursuant to the freeze order issued by the Commercial Court of the Queen's Bench Division of the High Court of Justice of England & Wales which required, among other things, disclosure of information concerning assets and proceeds relating to AremisSoft.

17. All of these documents are physically maintained by the AremisSoft Trust's lawyers in New York. The large majority of these documents are in the English language, and the few that are not consist mainly of bank account statements which contain mostly numbers and other banking data, and the few words will require minimal translation efforts.

18. I respectfully submit that this Court provides the most convenient forum for the litigation of this matter. Critically important witnesses such as Messrs. Poyiadjis and Peak are available here but would not be available to travel to Cyprus to provide live testimony. Without their testimony the AremisSoft Trust's efforts against the Bank would be severely and unnecessarily prejudiced given the options before this Court.

19. In addition, the hundreds of thousands of pages of documents the AremisSoft Trust has obtained in discovery proceedings are located in New York and immediately available for use in this litigation. Moreover, I think it is plain that since AremisSoft was a former New Jersey company traded on the U.S. Nasdaq exchange, and the vast majority of the Company's shareholders and Trust beneficiaries are U.S. residents, the United States has the greatest interest in this litigation.

20. For all the reasons set forth above, and those set forth in the accompanying memorandum of law, I respectfully urge the Court to deny the Bank's' motion and to allow this action to proceed in this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of July, 2009.

_____
JOSEPH P. LASALA