**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
Florham Park, New Jersey  07932
Phone:    (973) 360-7900
Fax:        (973) 301-8410

*Attorneys for Joseph P. LaSala and Fred S. Zeidman,
as Co-Trustees of the AremisSoft Liquidating Trust, Plaintiffs*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST,<br><br>                                    Plaintiffs,<br><br>        v.<br><br>MARFIN POPULAR  BANK PUBLIC COMPANY, LTD.,<br><br>                                    Defendant. | Civil Action No.<br>09-CV-00968 (JAP) |

## PLAINTIFFS' CONDITIONAL MOTION FOR JURISDICTIONAL DISCOVERY

Now comes Plaintiffs Joseph P. LaSala and Fred S. Zeidman, Co-Trustees of the AremisSoft Corporation Liquidating Trust ("Plaintiffs" or "Co-Trustees"), by and through counsel, seeking on a conditional basis, as set forth herein, an order from the Court permitting jurisdictional discovery of the defendant Marfin Popular Bank Public Company, Ltd., a.k.a. Laiki Bank (the "Bank" or "Laiki Bank").

On June 10, 2009, the Bank filed its motion to dismiss for, among other things, lack of personal jurisdiction and *forum non conveniens*.  Generally, Laiki Bank alleges

that the Trust cannot demonstrate that the Bank's contacts with New Jersey are sufficient to support this Court's exercise of personal jurisdiction over the Bank and also argues in the alternative that Cyprus is the more appropriate forum.  While the Plaintiffs believe that the allegations of their Complaint, on their face, are sufficient to support the exercise of personal jurisdiction over Laiki Bank, should the Court find that the Complaint's facial allegations by themselves are insufficient or that further facts of the Bank's connections to the United States are required to fairly address the Bank's *forum non conveniens* argument, the Plaintiffs seek jurisdictional discovery from the defendant which will further demonstrate, beyond any doubt, that the Court has a sufficient basis to assert personal jurisdiction over the Bank and that the dismissal on forum non conveniens ground is unwarranted

Accordingly, the Plaintiffs seek documents responsive to the document requests attached hereto as Exhibit A and answers to interrogatories attached hereto as Exhibit B. In addition, Plaintiffs request that jurisdictional discovery be open for ninety (90) days from the date of the Court's order granting this motion in order to accommodate any needed follow-up on the document requests and interrogatories and to provide sufficient time, after review of the documents and interrogatory answers, for depositions that prove necessary, including a Rule 30(b)(6) deposition of the Bank.  In addition, once jurisdictional discovery has been completed, the Plaintiffs' seek leave to submit supplemental materials and pleadings in response to the Bank's motion to dismiss.

ARGUMENT

The Third Circuit has long held that a plaintiff may be entitled to jurisdictional discovery when faced with a defendant's motion to dismiss for lack of personal

2

jurisdiction. *Fraley v. Chesapeake & Ohio Ry. Co.*, 397 F.2d 1, 3 (3d Cir. 1968) (holding that the district court erred in refusing to direct defendant to answer interrogatories designed to elicit responses relevant to whether personal jurisdiction could be exercised over the defendant). As the Third Circuit noted in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446 (3d Cir. 2003), "[a]lthough the Plaintiff bears the burden of demonstrating facts that support personal jurisdiction… <u>courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous'</u>." *Id*. at 456 (emphasis supplied). Thus, unless the Court finds that Plaintiffs' claim of personal jurisdiction over the Bank is clearly frivolous, they are entitled to jurisdictional discovery.[1] *Id. citing Mass. School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (jurisdictional discovery should be allowed unless clearly frivolous). "[I]f a plaintiff presents factual allegations that suggest with <u>reasonable</u> particularity the <u>possible</u> existence of the requisite contacts…the plaintiff's <u>right</u> to conduct jurisdictional discovery should be <u>sustained</u>" *Toys "R" Us,* 318 F.3d at 456 (emphasis supplied).

Jurisdictional discovery is especially appropriate in cases where, as here, information concerning defendant's contacts with the forum (and as the cases demonstrate in cases of foreign entities, contacts with the United States as a whole) is known by the defendant, and can be learned by the plaintiff only through discovery. *Toys "R" Us,* 318 F.3d at 455.

---

[1] *See also Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994) (abuse of discretion for a district court to deny a plaintiff discovery on the issue of jurisdiction when the plaintiff's claim for jurisdiction is "clearly not frivolous"); *Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n.*, 819 F.2d 434 (3d Cir. 1987) (noting responses to jurisdictional interrogatories); *El-Fadl v. Central Bank of Jordan,* 75 F.3d 668 (D.C. Cir. 1996) (reversing denial of jurisdictional discovery).

Here, the Complaint contains specific allegations that not only establish, in Plaintiffs' view, a sufficient prima facie basis for personal jurisdiction (the allegations being unchallenged in the Bank's motion to dismiss), but also undoubtedly establish the reasonable possibility of the existence of contacts with this forum.[2] The Complaint alleges that the Bank held accounts for AremisSoft and its affiliates, as well as for companies associated with former AremisSoft CEO Lycourgos Kyprianou ("Kyprianou") and/or co-CEO Roys Poyiadjis ("Poyiadjis"), as well as accounts for Kyprianou and his family. Complaint, ¶¶ 3, 37, 40. In addition, the Complaint also alleges that the Bank held over 776,000 shares of AremisSoft stock as collateral. Complaint, ¶ 43.

That AremisSoft was a customer of the Bank (as noted, an allegation not refuted by the Bank in its motion or affidavits) -- if not a sufficient basis for jurisdiction based on the ongoing business relationship the Bank had with AremisSoft, a corporation based in New Jersey --establishes at a minimum the non-frivolous nature of Plaintiffs' claim of jurisdiction and the likely prospect that particulars of other Bank contacts with the forum (and more general relevant contacts) will be forthcoming in discovery. Certainly, as AremisSoft's principal place of business was New Jersey, it is more than possible that the Bank has in its possession, custody or control documents (assuming that any AremisSoft documents survived the fire recently disclosed by the Bank) which reveal, demonstrate or reasonably imply direct contacts with New Jersey.

But the relevant contacts are not simply those arising out of the banking relationship between AremisSoft and the Bank. The Third Circuit in *Toys "R: Us*

---

[2]The Complaint's allegations are to be accepted as true and all disputed facts construed in favor of the plaintiff when personal jurisdiction is in issue on a motion to dismiss. *NR Media, Inc. v. Too Much Media*, 2008 WL 544670 (D.N.J. Feb. 26, 2008) *3 quoting Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 143 n. 1 (3d Cir. 1992).

4

emphasized that in considering the need for jurisdictional discovery, all of the circumstances should be considered.  318 F.3d at 456 ("The court's unwavering focus on the web site precluded consideration of other Internet and non-Internet contacts, . . . which, if explored, might provide the 'something more' needed to bring [the defendant] within our jurisdiction.").  Thus, the court spends significant time in its analysis on the need for jurisdictional discovery to examine the possible connections of the defendant not only to New Jersey but in the broader context of its connections to the United States as a whole and in particular to US vendors.  *Id.*  The court notes that detailed discovery on this broader scale would "speak to an essential element of the personal jurisdiction calculus," id, and emphasized what is also true in this case, that such information was known only to the defendant."  *Id*.

        The Third Circuit's approach is especially appropriate in the case of a foreign bank whose relevant connections for jurisdictional purposes may include accounts (both correspondent accounts and custodial accounts) with banks and other commercial entities like securities firms in the United States and New Jersey.  Thus, in *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995), a case involving an Austrian bank defendant claimed by the plaintiff to have been a participant in the underlying fraud of one of its account holders, the Ninth Circuit relied on the bank's correspondent and brokerage accounts and other indicia of business with US residents to sustain personal jurisdiction, notwithstanding that the bank had no offices or employees in the United States nor generally did advertising or the solicitation of business here.  65 F.3d at 1497.  Discovery revealed that the bank nonetheless made loans involving significant sums to US citizens which created ongoing obligations for the bank.  *Id*. at 1498.  Significantly, in reaching its determination on

5

jurisdiction, the Ninth Circuit relied heavily on the Third Circuit's decision in *Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n.*, 819 F.2d 434 (3d Cir. 1987):

> Finally we take note of the Third Circuit's decision in Provident Nat'l Bank v. Fed. Sav. & Loan, 819 F.2d 434 (3d Cir. 1987). There, the Third Circuit addressed the issue of general (as opposed to specific) jurisdiction of a Pennsylvania court over a California bank. Again, the California bank had absolutely no physical contacts with Pennsylvania. Its only connection to Pennsylvania were these: (1) between 700 and 1000 of its more than one million depositors (.066 percent) were Pennsylvania residents; (2) around $10 million of its more than $12 billion in outstanding loans (.071 percent) were traceable to Pennsylvania residents; (3) it maintained a "zero balance" account with Mellon Bank in Pittsburgh to clear its California checks cashed in Pennsylvania; (4) it may or may not have purchased mortgages on the open market that were secured by real property in Pennsylvania. [citation omitted] On the basis of these connections, the Third Circuit found an exercise of general jurisdiction appropriate.

65 F.3d at 1499. The pertinent point for the present purpose of this motion is the broad range of commercial activities in which a foreign bank may engage on many different levels that may support the Court's jurisdiction over the Bank, and, of course, the need for broad based jurisdictional discovery to ferret out the relevant connections.

The Complaint alleges that the Bank is a large international banking organization which operates more than 451 branches throughout the world (Complaint, ¶ 10). The recent Declaration supplied by the Bank's representative concedes that it has 420 branches. Declaration of Stelios Hadjiosif , ¶ 4. The Bank maintains extensive correspondent banking relationships worldwide, including the United States (Complaint, ¶ 11), and, indeed, for ten years operated a representative office in New York (Complaint, ¶ 12) which it closed in 2008. The Bank consequently was supervised by the New York Banking Department and the Board of Governors of the Federal Reserve System. (Complaint, ¶ 13). None of this is disputed by the Bank. Given the size of the Bank and the presence of an office for a decade in neighboring New York, it is likely that the Bank

has engaged in and continues to engage in the kinds of banking activities with residents of the United States and New Jersey that courts have found as sufficient to assert jurisdiction over foreign banks like the Bank.  *See also Steinberg v. Barclay's Nominees (Branches) Limited*, 2008 WL 4601043 (S.D. Fla. Sept. 30, 2008) (finding sufficient contacts based on supplemental jurisdictional discovery of correspondent and custodial accounts to sustain jurisdiction).

Finally, discovery will not impose a substantial hardship or undue burden on the Bank.  It appears from the Hadjiosif Declaration that the Bank has already segregated documents relating to the AmerisSoft case and is maintaining those documents in archives.  See ¶ 4.  As for broader discovery of contacts with the United States and New Jersey, the Bank cannot be heard to complain having made the claim that it has insufficient contacts for the exercise of the Court's jurisdiction.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully the Court to order the Bank to produce documents responsive to the document requests at Exhibit A, to provide answers to the interrogatories in Exhibit B, and to provide deposition testimony as required by the Plaintiffs, including a Rule 30(b)(6) deposition to the Plaintiffs.  In addition, Plaintiffs request the Court to order that jurisdictional discovery be open for ninety (90) days and to

grant leave for the Plaintiffs to submit supplemental materials and pleadings in response to the Bank's motion to dismiss.

                                          GREENBERG TRAURIG LLP
                                          Attorneys for Plaintiffs

                                 By:   /s/   Hal M. Hirsch
                                      Hal M. Hirsch
                                      200 Park Avenue
                                      Florham Park, New Jersey 07932
                                      (973) 360-7900

Dated: June 6, 2009