**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
Florham Park, New Jersey  07932
Phone:   (973) 360-7900
Fax:      (973) 301-8410

*Attorneys for Joseph P. LaSala and Fred S. Zeidman,*
*as Co-Trustees of the AremisSoft Liquidating Trust, Plaintiffs*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST,<br><br>                               Plaintiffs,<br><br>      v.<br><br>MARIFIN POPULAR BANK PUBLIC COMPANY, LTD.,<br>                               Defendant. | Civil Action No.<br>09-CV-00968(JAP) |

### PLAINTIFFS' JURISDICTION INTERROGATORIES

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 33, plaintiffs Joseph P. LaSala and Fred S. Zeidman, as Co-Trustees (the "Co-Trustees") of the AremisSoft Corporation Liquidating Trust (the "Trust"), hereby request that defendant Marifin Popular Bank Public Company, Ltd. (the "Bank") answer the following interrogatories separately and fully in writing under oath, in accordance with the Federal Rules and the following Definitions and Instructions.

## DEFINITIONS AND INSTRUCTIONS

A. "AremisSoft" means AremisSoft Corporation, and includes, as the case may be, any predecessor, successor, corporate parent, affiliate, subsidiary, division, and any partner, officer, director, , employee, shareholder, beneficiary thereof and any accountant, attorney, agent, representative, or any other person acting on its behalf or under its control or direction.

B. "Bank" or "You" means Marifin Popular Bank Public Company, Ltd. and includes, as the case may be, any predecessor, successor, corporate parent, affiliate, subsidiary, division, and any partner, officer, director, , employee, shareholder, beneficiary thereof and any accountant, attorney, agent, representative, or any other person acting on its behalf or under its control or direction.

C. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

D. "Concerning" means referring to, describing, evidencing, or constituting.

E. "Document" is defined to be synonymous in the meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).

F. Identify (With Respect to Persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

G. Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

        a. Type of document;

        b. General subject matter;

        c.      Date of the document; and

        d.      Author(s), addressee(s), and recipient(s).

    H.      "Olde Monmouth" means all Old Monmouth Stock Transfer Company, Inc., and includes, as the case may be, affiliated entities, predecessors, successors, beneficiaries, representatives, accountants, attorneys, parents, affiliates, officers, directors, subsidiaries, divisions, employees, agents, and any person acting on its behalf or under its control or direction.

    I.      "Person" is defined as any natural person or any business, legal, or governmental entity or association.

    J.      When the term "hold," "held," "holding" or like term is used in any interrogatory with respect to assets, any response should include, in addition to those instances in which the Bank has or had actual possession or custody of the asset, any instance when the asset was or is in the custody and possession of another person for the benefit of the Bank and/or its customers.

    K.      When an interrogatory calls for information regarding the Bank's ownership of shares in publicly traded companies in the United States, the Bank's response may be limited, except with respect to AremisSoft shares, to instances when the amount of the shares owned by the Bank was sufficient to impose on the Bank a reporting requirement to a United States agency.

    L.      When an interrogatory calls for information regarding an amount or value of something, the Bank's response should provide a reasonable approximation of the amount or value based on the best information available to the Bank.

M.  Unless otherwise specified or unless the context of an interrogatory otherwise requires, these interrogatories call for information concerning the period from January 1, 1999 to the date of the responses to these interrogatories.

**INTERROGATORIES**

1.  Identify each account held in the name of the Bank or in another's name for the benefit of the Bank with any bank, financial institution, securities firm or other entity in the United States, including, without limitation, accounts with correspondent banks, custodial accounts holding securities, bonds or other financial instruments or any other accounts of whatever type or nature holding assets for the Bank. For each account please provide:

    1) Name and address of the entity holding account;

    2) Name the account is held in;

    3) Account number;

    4) Type or nature of account;

    5) Type or nature of assets in the account;

    6) Date when the account was opened and if applicable closed;

    7) Approximate amount or value of assets when account was opened, when account was closed, if applicable, and the highest value of the account and the date thereof.

2.  For each year from 1999 to the present, state the total number of accounts and total amount of monetary deposits held by the Bank for persons with a mailing address in the United States. State separately for each year, the amount of deposits held by the Bank for persons with a mailing address in New Jersey.

3. For each year from 1999 to the present, state the number of accounts of persons with mailing addresses in the United States for which the Bank held any type of stock, security, bond, financial instrument or other financial asset, and the aggregate value of all such accounts. State separately for each year, the number of accounts of persons with mailing addresses in New Jersey and the aggregate value of all such accounts.

4. For each year from 1999 to the present, state the number of persons with mailing addresses in the United States for which the Bank had outstanding loans of any type and the aggregate value of the loans outstanding. State separately for each year, the number of persons with mailing addresses in New Jersey for which the Bank had outstanding loans of any type and the aggregate value of the loans outstanding.

5. Identify any interest (whole or partial) in real property located in the United States, whether (i) held directly by the Bank, (ii) indirectly by an affiliate, (iii) held by any other person for the benefit of the Bank or (iv) held as security for a loan whether as a mortgage, deed of trust or other instrument. For each interest, state the location of the property, the entity holding the interest and the nature of the Bank's interest therein.

6. Identify each instance in which the Bank held shares of AremisSoft stock for its own account. For each instance, please state the particulars, including the time period the stock was held, the name in which the stock was held, the account in which the stock was held, and the disposition of the stock and date thereof.

7. Identify each instance in which the Bank held shares of AremisSoft stock for the account of other persons. For each instances, please state the particulars,

including the person for whom the stock was held, the time period the stock was held, the account in which the stock was held, the amount of the stock held, and the disposition of the stock from the account and date thereof.

8.      Identify each instance in which the Bank held any ArmeisSoft stock as collateral.  For each instance, please state the particulars, including the person for whom the stock was held as collateral, the number of shares held, and the date and circumstances in which the Bank foreclosed on the stock, released the stock or otherwise disposed of the stock.

9.      Identify each instance the Bank held stock in any US publicly traded company (other than AremisSoft stock) for its own account.  For each instance, please state the particulars, including the time period the stock was held, the name in which the stock was held, the account in which the stock was held, and the disposition of the stock and date thereof.

10.     Identify each instance in which the Bank held stock in any US publicly traded company (other than AremisSoft stock) for the account of other persons.  For each instances, please state the particulars, including the person for whom the stock was held, the time period the stock was held, the account in which the stock was held, the amount of the stock held, and the disposition of the stock from the account and date thereof.

11.     Other than for stock in a US publicly traded company, identify any interest (whole or partial) the Bank held or holds in any business entity or business venture in the United States, either directly or indirectly through an affiliate or where the interest is held by another person for the benefit of the Bank.

12. Identify any agreement, contract or understanding (whether written or oral) between the Bank and any third person in the United States for the purpose of providing goods or services to the Bank.  For each agreement, contract or understanding, provide the name and address of the vendor, the date and duration of the arrangement, and the nature of the goods or services provided.

13. Identify each person who has acted as a representative of the Bank for the purpose of promoting business in the United States.

14. Identify any marketing, promotional or advertising materials used to promote business in the United States, and the person providing such services for the Bank.

15. Identify any business trips made to the United States by Bank officials, and state with particularity the name, address and title of the official(s) involved, the dates of the trip, the persons and locations visited, and the general purpose of each business trip.

16. Identify any internal reports, memorandums, communications concerning any aspect of business done by the Bank in the United States.

17. Identify any statistical information prepared by or on behalf of the Bank concerning the amount and nature of business done by the Bank in the United States.

18. Identify all communications with Olde Monmouth, including but not limited to, records of all telephone conversations with Olde Monmouth representatives.

19. Identify all communications with Roys Poyiadjis, including but not limited to, records of all telephone conversations.

20. Identify all communications with Lycourgos Kyprianou, including but not limited to, records of all telephone conversations.

21. Identify all communications with AremisSoft, including but not limited to, records of all telephone conversations with all other AremisSoft representatives (other than with Poyiadjis or Kyprianou).

22. Identify all communications with Olde Monmouth, whether made by a Bank representatives or not, to effect stock transfers by, on behalf of, or for the benefit of, any of the following individuals and/or entities:

    a. Roys Poyiadjis

    b. Lycourgos Kyprianou

    c. AremisSoft

    d. Quantum Group Management

    e. Inlay Group Corporation

    f. Drax Trading Limited

    g. Emerging Markets Capital Group

    h. Onyx Capital, Inc.

    i. The Atlas Trust (a/k/a Atlas Trust)

    j. Oracle Capital, Inc.

    k. The Trident Trust (a/k/a Trident Trust)

    l. Cronos Capital, Inc.

    m. Olympus Capital Investment, Inc.

    n. Aremis Holdings Limited

23. Identify all communications with Brown Brothers Harriman & Co. concerning any of the persons or transactions listed in Interrogatory No. 22 above.

24. Identify all communications with Fahnestock & Company, in Red Bank, New Jersey, concerning any of the persons or transactions listed in Interrogatory No. 22 above.

25. Identify the person or persons most knowledgeable of the Bank's business relationships with persons and entities in the United States.

26. Identify the person or persons most knowledgeable of the Bank's possession, custody and control of documents and electronic information concerning the Bank's business relationships with persons and entities in the United States.

27. Identify each person who was consulted with respect to answering these interrogatories.

28. Identify each document which the Bank consulted or which provided in part or whole the basis for any answer to these interrogatories.

29. Identify each instance in which the Bank engaged in business development activities in the State of New Jersey. For each instances, please state the particulars, including a description of the activity, the person(s) who engaged in the activity, when the activity took place, and where the activity occurred.

30. Identify each instance in which the Bank made charitable contributions to persons or entities located in the State of New Jersey. For each instances, please state the particulars, including a description of the charitable contribution and the name and location of the charity, the person(s) who were involved in the contribution, and when the contribution was made.

Dated: Florham Park, New Jersey
July 6, 2009

                        GREENBERG TRAURIG, LLP

          By: ___/s/ Hal M. Hirsch_____
               Hal M. Hirsch (HH 0417)
               David Jay     (DJ 7221)
               200 Park Avenue
               Florham Park, New Jersey 07932
               (973) 360-7900

               *Attorneys for the AremisSoft Liquidating Trust*