UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------x
                              :

| | | |
|---|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST, | : | No. 09-CV-00968 (JAP) (DEA) |
| Plaintiffs, | : | Motion Returnable: August 3, 2009 |
| v. | : | |
| MARFIN POPULAR BANK PUBLIC COMPANY, LTD., | : | Electronically Filed |
| Defendant. | : | |

-------------------------------------------------x

## DEFENDANT MARFIN POPULAR BANK'S OPPOSITION TO PLAINTIFFS' CONDITIONAL MOTION FOR JURISDICTIONAL DISCOVERY

LOWENSTEIN SANDLER PC
Robert J. Kipnees
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
rkipnees@lowenstein.com

ALLEN & OVERY LLP
Todd S. Fishman
1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300
todd.fishman@newyork.allenovery.com

*Attorneys for Defendant*
*Marfin Popular Bank Public Co Ltd*

Dated: July 20, 2009

## TABLE OF AUTHORITIES

### CASES

Ashcroft v. Iqbal,
    129 S. Ct. 1937, 2009 WL 1361536 (U.S. May 18, 2009) .........................................................2

Ballard v. Savage,
    65 F.3d 1495 (9th Cir. 1995) ...............................................................................................7

Burger King Corp. v. Rudzewicz,
    471 U.S. 462 (1985).............................................................................................................1

Calder v. Jones,
    465 U.S. 783 (1984).............................................................................................................1

Ceder v. Centex Homes, LLC,
    No. 07-cv-00756 (DMC), 2007 WL 2416440 (D.N.J. Aug 21, 2007) .....................................6

Claude P. Bamberger Int'l, Inc. v. Rohm and Hass Co.,
    No. 96-1041 (WGB), 1998 WL 684263 (D.N.J. April 1, 1998)................................................9

Dluhos v. Strasberg,
    No. 00-3163 (JCL), 2005 WL 1683732 (D.N.J. Jun 23, 2005) ..................................................4

Federal Ins. Co. v. Richard I. Rubin & Co., Inc.,
    12 F.3d 1270 (3d Cir. 1993)................................................................................................8

IMO Indus., Inc. v. Kiekert AG,
    155 F.3d 254 (3d Cir. 1998)................................................................................................1

Lebel v. Everglades Marina, Inc.,
    115 N.J. 317, 558 A.2d 1252 (1989)....................................................................................3

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,
    107 F.3d 1026 (3d Cir. 1997)..............................................................................................2

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,
    960 F.2d 1217 (3d Cir. 1992)..............................................................................................3

Narco Avionics, Inc. v. Sportsman's Market, Inc.,
    No. 90-8056, 1991 WL 255669 (E.D. Pa. Nov. 27, 1991) .........................................................8

National Sun Indus., Inc. v. Dakhalia Commercial Bank, Cairo,
    No. 94 Civ. 6006 (JSM), 1995 WL 495636 (S.D.N.Y. Aug. 21, 1995) ................................6, 7

NII Brokerage, L.L.C. v. Roadway Express, Inc.,
    No. 07-5125 (HAA), 2008 WL 2810160 (D.N.J. July 18, 2008) ...............................4

Northrop Grumman Overseas Serv. Corp. v. Banco Weise Sudameris,
    No. 03 Civ. 1681 (LAP), 2004 WL 2199547 (S.D.N.Y. Sept. 29, 2004).................................6

Nowak v. Tak How Invs., Ltd.,
    94 F.3d 708 (1st Cir. 1996).................................................................................7

O'Connor v. Sandy Lane Hotel Co.,
    496 F.3d 312 (3d Cir. 2007)...........................................................................7, 9

Oeschle v. Pro-Tech Power, Inc.,
    No. 03-cv-6875, 2006 WL 680908 (E.D. Pa. March 15, 2006)................................8

Omeluk v. Langsten Slip & Batbyggeri A/S,
    52 F.3d 267 (9th Cir. 1995) ..............................................................................7

Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,
    701 F.2d 889 (11th Cir. 1983) ...........................................................................6

Severinsen v. Widener Univ.,
    338 N.J. Super. 42, 768 A.2d 200 (App. Div. 2001) ...........................................3

Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,
    482 U.S. 522 (1987)..........................................................................................8

Toys 'R' Us, Inc. v. Step Two, S.A.,
    318 F.3d 446 (3d Cir. 2003)...........................................................................2, 3

Veliz v. Americorp Builders, Inc.,
    No. 06-4363 (HAA), 2007 WL 1746248 (D.N.J. Jun 15, 2007) ..............................4

Washington Petroleum & Supply Co. v. Girard Bank,
    629 F. Supp. 1224 (M.D. Pa. 1983) ...................................................................7

Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.,
    103 F.3d 294 (3d Cir. 1996)..............................................................................2

## STATUTES

Local Civ. R. 7.1 ...................................................................................................2

Local Civ. R. 37.1 .................................................................................................2

**OTHER AUTHORITIES**

4 Charles A. Wright et al., Federal Practice and Procedure § 1067.6 (3d ed. 2002) ........................4

PRELIMINARY STATEMENT

Marfin Popular Bank (the "Bank") is one of the largest banks in Cyprus.  The Bank is registered in Cyprus and is regulated by the Central Bank of Cyprus, which is the primary state regulator of financial institutions in Cyprus.  The Bank currently has 420 branches, located in the following countries: Cyprus, Greece, the United Kingdom, Australia, Romania, Serbia, Estonia, Guernsey, Ukraine, Malta, and Russia.  The Bank has no branches or representative offices located in the State of New Jersey or anyplace else within the United States.

Plaintiffs come to this Court, hat in hand, looking for a charitable reprieve to their defective pleading in the form of jurisdictional discovery.  As fully detailed in the Bank's motion to dismiss, now pending before Judge Pisano, plaintiffs offer no basis to establish personal jurisdiction over the Bank.  Plaintiffs (i) do not plead general jurisdiction; (ii) do not allege or otherwise establish that the Bank purposefully engaged in activities in New Jersey that give rise to specific jurisdiction under Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985); (iii) do not allege or otherwise establish deliberate contacts that permit a finding of jurisdiction under the so-called "effects" test set forth in Calder v. Jones, 465 U.S. 783 (1984), and as limited by IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 265 (3d Cir. 1998); and (iv) openly concede that the Third Circuit has determined that New Jersey courts have not recognized the conspiracy theory of jurisdiction.[1]

Recognizing their failure in pleading, plaintiffs invite the Court to permit discovery on a theory of general jurisdiction they do not even plead, arguing that information about the Bank's

---

[1]      See Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint ("Opp. Mem.") at 6 n.3 (Docket Item 30).

contacts "can be learned by the plaintiff[s] only through discovery." (Motion at 3.)[2]  But

plaintiffs have it backwards.  As the Supreme Court recently reinforced, Rule 8 "does not unlock

the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 2009 WL 1361536, at *13 (U.S. May 18, 2009).  And, under established

Third Circuit law, jurisdictional discovery is only permitted if plaintiffs here present factual

allegations with "reasonable particularity" suggesting requisite contacts between the Bank and

New Jersey.  See Toys 'R' Us v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003).  Because

plaintiffs admittedly have not pled facts under a general jurisdiction theory, plaintiffs' "clearly

frivolous" jurisdictional allegations do not enable them to embark on a fishing expedition -- or,

in plaintiffs' words, "to ferret out" "connections" -- in search of a theory.  See Massachusetts

School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997); see

also Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa., 103 F.3d 294, 299 (3d Cir.

1996) ("discovery is not intended as a fishing expedition permitting the speculative pleading of a

case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for

the action").

    Accordingly, as detailed below, plaintiffs' conditional motion for jurisdictional discovery

should be denied because plaintiffs have failed to allege a sufficient jurisdictional basis.[3]  In

---

[2]    References to Plaintiffs' Conditional Motion for Jurisdictional Discovery are shown as "Motion at ___."

[3]    As a threshold matter, plaintiffs' motion violates Local Civil Rule 37.1 and thus is procedurally defective.  Plaintiffs were obligated, but failed, to confer with the Bank's counsel "to resolve any discovery dispute" and then to present any unresolved dispute "by telephone conference call or letter to the Magistrate Judge."  Local Civ. R. 37.1(a)(1).  In addition, this motion is unaccompanied by "an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement." Local Civ. R. 37.1(b)(1).  Plaintiffs' motion also is defective under Local Civil Rule 7.1(b)(2) and (e) because it does not contain a notice of motion or proposed order.

addition, plaintiffs' motion should be denied because the proposed discovery requests are premature at best and overbroad.

## ARGUMENT

Though it is unclear from this motion, plaintiffs state in their opposition papers to the Bank's motion to dismiss that they seek jurisdictional discovery only to substantiate a theory of general jurisdiction. (See Opp. Mem. at 6.)[4] To establish general jurisdiction, plaintiffs must demonstrate that the Bank engaged in "continuous and systematic" banking activities in New Jersey. See Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323, 558 A.2d 1252, 1255 (1989). Continuous and systematic contacts have been equated with a "business entity seeking economic entry into New Jersey's marketplace." Severinsen v. Widener Univ., 338 N.J. Super 42, 51, 768 A.2d 200, 204 (App. Div. 2001). Even if plaintiffs plan to cast their net wider and seek discovery to support a specific jurisdiction theory, they have the burden to demonstrate that the Bank purposefully directed its activities at New Jersey residents and that this litigation results from alleged injuries that arise out of those activities. See Lebel, 115 N.J. at 323, 558 A.2d at 1255. In this Circuit, a plaintiff seeking jurisdictional discovery must present "factual allegations that suggest with 'reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state.'" Toys 'R' Us, 318 F.3d at 456 (citing Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)). In other words, before jurisdictional discovery is allowed, plaintiffs here "must first set forth sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to in

---

[4]   There, plaintiffs contend that "the full scale of Laiki's business activities in New Jersey and the U.S. has been hidden and is largely unknown to the Trust" and then suggest (without any substantiating detail) that "Laiki has had and continues to have sufficient continuous and systematic business activities in the U.S. and New Jersey to ground the Trust's claims within the Court's general jurisdiction."

3

personam jurisdiction within the state." 4 Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 1067.6, at 563 (3d ed. 2002).

Plaintiffs here fail to do so.   Simply put, their complaint is devoid of any facts, well-pled or otherwise, showing the Bank's permanent presence in New Jersey or its purposeful activities in New Jersey that give rise to the asserted claims for relief.  For this reason, plaintiffs are not entitled to jurisdictional discovery.  <u>See</u> <u>NII Brokerage, L.L.C. v. Roadway Express, Inc.</u>, No. 07-5125 (HAA), 2008 WL 2810160, at *7 (D.N.J. July 18, 2008) (denying jurisdictional discovery as "clearly frivolous" because the potential contacts between defendant and New Jersey did not meet the "reasonable particularity" requirement); <u>Veliz v. Americorp Builders, Inc.</u>, No. 06-4363 (HAA), 2007 WL 1746248, at *4 (D.N.J. June 15, 2007) (denying jurisdictional discovery because the plaintiff "has not established with reasonable particularity sufficient contacts between" the defendant and New Jersey); <u>Dluhos v. Strasberg</u>, No. 00-3163 (JCL), 2005 WL 1683732, at *7 (D.N.J. June 23, 2005) (denying jurisdictional discovery because plaintiff did not identify "with reasonable particularity the possibility of any jurisdictionally significant contacts relevant" to defendants).

In their motion, plaintiffs appear to assert three points in an attempt to show the "non-frivolous nature" of their claim of jurisdiction. (Motion at 4.) <u>First</u>, plaintiffs claim that AremisSoft's "principal place of business was New Jersey." (<u>Id.</u>) This is an overstatement. AremisSoft was a global corporation, organized under the laws of Delaware, with its U.S. headquarters in New Jersey.  It maintained other offices in London, Cyprus and India.  The company's bylaws, effective April 1999, fixed the "principal office for the transaction of the

business of the Corporation" in London, England.[5]  Plaintiffs never disclose this fact, either in

their complaint or various court filings to date, and for good reason -- it conclusively shows that

there was no substantial connection between the Bank and New Jersey because any banking

relationship existed between the Bank in Cyprus and AremisSoft's principal office in London.

Similarly, because it is undisputed that AremisSoft and its corrupt insiders initiated the

relationship with the Bank in Cyprus, not the other way around, plaintiffs cannot establish that

the Bank purposefully entered New Jersey's economic marketplace.  (E.g., Compl. ¶ 37 ("From

1999 through 2002, Kyprianou opened accounts at Laiki Bank in the name of AremisSoft and the

names of several of its subsidiaries and divisions.").

    Second, plaintiffs incorrectly maintain that the Bank's operation of a representative office

in New York (not New Jersey) suffices to permit jurisdictional discovery.  (See Motion at 6.)  As

the declaration of the Bank's Secretary of the Board Stelios Hadjiosif establishes, the Bank

closed its representative office in New York -- its only presence in the United States -- in March

2008, more than one year before plaintiffs filed their complaint.[6]  At all relevant times, the

representative office had fewer than five employees and was not authorized to engage in banking

activities in either New York or New Jersey.  (Hadjiosif Decl. ¶ 4.)  Moreover, plaintiffs submit

no competent evidence that challenges the other factual statements made by Mr. Hadjiosif in his

declaration about the Bank's lack of presence in New Jersey and in the United States generally.

Mr. Hadjiosif certified that the Bank does not maintain (and never maintained) any branch in

New Jersey or anyplace else in the United States; does not have (and has not in the past had) any

---

[5]    A copy of the company's bylaws are attached as Exhibit A to the Certification of Todd S.
Fishman dated July 20, 2009 ("Fishman Certification"), submitted herewith.  The relevant
provision appears on page 1.

[6]    A copy of Mr. Hadjiosif's declaration, previously submitted in connection with the
Bank's motion to dismiss, is attached as Exhibit B to the Fishman Certification.

operations, offices, banking agents or employees in New Jersey; has never conducted any

banking activities in New Jersey; and has neither sought nor obtained any authorization from the

New Jersey Department of Banking and Finance to conduct business in New Jersey. (Hadjiosif

Decl. ¶¶ 3-6.) Plaintiffs simply have failed to allege any continuous and systematic contacts

between the Bank and New Jersey with any degree of particularity, and therefore cannot meet the

test for jurisdictional discovery. See Ceder v. Centex Homes, LLC, No. 07-cv-00756 (DMC),

2007 WL 2416440, at *4 (D.N.J. Aug. 21, 2007) (finding plaintiffs' allegations insufficient to

warrant jurisdictional discovery where defendant provided an affidavit stating that "it has never

conducted any business in the state of New Jersey and is not licensed to do business in the

state").

Third, plaintiffs advert to the fact that the Bank may have "correspondent banking

relationships worldwide, including the United States" and then speculate that such relationships

are "likely" to unearth sufficient facts for jurisdictional purposes. (Motion at 6-7.) Plaintiffs are

wrong, and this argument only serves to confirm the frivolous nature of their jurisdictional

allegations in this case. Settled case law holds that the existence of a correspondent banking

relationship between a non-U.S. bank and a domestic correspondent bank does not suffice to

confer personal jurisdiction over the non-U.S. bank. See, e.g., Oriental Imports & Exports, Inc.

v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 891 (11th Cir. 1983) (courts routinely hold that

a correspondent banking relationship "is not sufficient to confer personal jurisdiction over a

foreign bank"); Northrop Grumman Overseas Serv. Corp. v. Banco Weise Sudameris, No. 03

Civ. 1681 (LAP), 2004 WL 2199547, at *8 (S.D.N.Y. Sept. 29, 2004) ("It is well settled that the

existence of a correspondent banking relationship between a foreign bank and a New York

correspondent bank does not subject the foreign bank to jurisdiction here."); National Sun Indus.,

Inc. v. Dakhalia Commercial Bank, Cairo, No. 94 Civ. 6006 (JSM), 1995 WL 495636, at *4 (S.D.N.Y. Aug. 21, 1995) ("courts have repeatedly rejected the argument that a correspondent bank relationship between a foreign bank and a New York bank financial institution provide sufficient grounds for exercising jurisdiction over the foreign bank"); Washington Petroleum & Supply Co. v. Girard Bank, 629 F. Supp. 1224, 1227 (M.D. Pa. 1983) (a "correspondent relationship" between banks is "an insufficient basis upon which to assert *in personam* jurisdiction over an otherwise foreign defendant").

Notably, plaintiffs' attempt to secure "broad based jurisdictional discovery" is predicated on Ballard v. Savage, 65 F.3d 1495 (9th Cir. 1995), a Ninth Circuit decision which relied on the relaxed "but for" test for determining jurisdiction. (Motion at 5-6.) But plaintiffs, again, overreach and omit to bring to the Court's attention controlling authority on the subject. The Third Circuit, as well as other circuits, has expressly rejected the "but for" test for proving sufficient jurisdictional contacts. O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 319, 322-23 (3d Cir. 2007) (holding that the "but-for causation" test is "vastly overinclusive in its calculation of a defendant's reciprocal obligations" and "has no limiting principle" because it "literally embraces every event that hindsight can logically identify in the causative chain"); accord Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 715 (1st Cir. 1996). Even the Ninth Circuit itself has questioned the vitality of the "but for" test. See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 271-72 (9th Cir. 1995).

Indeed, the extremely broad scope of the proposed discovery requests reveals the true intent behind plaintiffs' motion: to bid for unimpeded merits discovery before the Bank's motion to dismiss is considered and adjudicated.

7

The Supreme Court has admonished that "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa, 482 U.S. 522, 546 (1987). "Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." Id. This vigilance is amplified in the context of this motion because, as the Third Circuit has held, jurisdictional discovery is limited to the "essentials necessary to determining the preliminary question of jurisdiction." Federal Ins. Co. v. Richard I. Rubin & Co., Inc., 12 F.3d 1270, 1284 (3d Cir. 1993) (citations omitted); accord Oeschle v. Pro-Tech Power, Inc., No. 03-cv-6875, 2006 WL 680908, at *6 (E.D. Pa. March 15, 2006); Narco Avionics, Inc. v. Sportsman's Market, Inc., No. 90-8056, 1991 WL 255669, at *2 (E.D. Pa. Nov. 27, 1991).

Here, plaintiffs' proposed discovery requests are excessive. Plaintiffs have prepared thirty interrogatories and seven document requests, all of which reach well beyond the narrow scope of appropriate jurisdictional discovery: to address whether the Bank had relevant contacts with New Jersey. For example, plaintiffs seek "[a]ll account records for AremisSoft and AremisSoft affiliates" (Document Request No. 1) and "[a]ll documents concerning communications with AremisSoft" (Document Request No. 2). Documents responsive to those two requests, alone, likely comprise most of the documents relevant to the claims for relief that plaintiffs assert. Clearly, the repeated demands for "all documents" on a particular subject are not calculated to discover information essential to determining the preliminary question of jurisdiction.

Moreover, substantially all of plaintiffs' interrogatories seek information relating to purported connections between the Bank and the United States generally, as opposed to New Jersey.  Given that Third Circuit law rejects the but-for test for personal jurisdiction, see O'Connor, 496 F.3d at 322-32, plaintiffs have not articulated any basis for jurisdiction based on nationwide contacts over the Bank.  For this further reason, plaintiffs' motion should be denied. See Claude P. Bamberger Int'l, Inc. v. Rohm and Hass Co., No. 96-1041 (WGB), 1998 WL 684263, at *5 (D.N.J. April 1, 1998) (denying motion to compel responses to document requests and interrogatories where plaintiff "was using discovery to see if speculative theories had any basis in fact").

Finally, jurisdictional discovery should be denied because, as detailed in the Bank's motion to dismiss, plaintiffs have failed to state a claim for relief and their claims are barred by the applicable statute of limitations as well as the doctrine of in pari delicto.  Without waiving its defenses based on personal jurisdictional and forum non conveniens, the Bank requests that to the extent the Court is inclined to grant jurisdictional discovery, any order should be stayed pending Judge Pisano's decision on the Bank's Rule 12(b)(6) motion.

CONCLUSION

Accordingly, Marfin Popular Bank respectfully requests that plaintiffs' conditional motion for jurisdictional discovery be denied in its entirety.

Dated:  New York, New York
       July 20, 2009

Respectfully submitted,

ALLEN & OVERY LLP

By:  _Todd Fishman_

Todd S. Fishman
1221 Avenue of the Americas
New York, New York 10020
todd.fishman@allenovery.com

Robert J. Kipnees
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, New Jersey 07068
rkipnees@lowenstein.com

*Attorneys for Defendant*
*Marfin Popular Bank Public Co Ltd*

10