**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
Florham Park, New Jersey 07932
Phone:   (973) 360-7900
Fax:       (973) 301-8410

*Attorneys for Joseph P. LaSala and Fred S. Zeidman,*
*as Co-Trustees of the AremisSoft Liquidating Trust, Plaintiffs*

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST,<br><br>                                    Plaintiffs,<br><br>    v.<br><br>MARFIN POPULAR BANK PUBLIC COMPANY, LTD.,<br><br>                                    Defendants. | Civil Action No.<br>09-CV-09-CV-00968 (JAP)<br><br>ORAL ARGUMENT REQUESTED |

### PLAINTIFFS' SUR-REPLY MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant Marfin Popular Bank Public Company, Ltd. ("Laiki") has filed a reply memorandum on its motion to dismiss that contains misstatements, misrepresentations, and omissions of the facts and the law which necessitates that the Plaintiffs, Joseph P. LaSala and Fred S. Zeidman as Co-Trustees ("Plaintiffs") of the AremisSoft Liquidating Trust ("Trust"), seek leave of the Court to file this sur-reply memorandum to correct the record.[1]

1. Laiki misleads the Court to believe that, during the time period relevant to Laiki's misdeeds, AremisSoft Corporation had its "principal office for the transaction of business" in London, England according to section 2 of AremisSoft's By-Laws, as filed with the SEC in Form 8-1/A on April 5, 1999 (the "April Filing"). *See* Ex. R to the Fishman Cert. Conceding, as it must, that AremisSoft had "its U.S. headquarters in New Jersey" (Laiki Reply at 2), Laiki nonetheless annexes only the April Filing and excludes subsequent SEC public filings which memorialize that AremisSoft changed its principal office to New Jersey effective December 31, 1999. By misrepresenting that AremisSoft maintained its principal office in England throughout the relevant period, Laiki seeks (1) to overcome the fact that it had more than sufficient contacts with AremisSoft with its principal office in New Jersey for the Court to exercise personal jurisdiction; (2) to obfuscate the fact that the Trust's choice of this forum deserves the highest level of deference because the Trustees are American citizens appointed by this American court in the bankruptcy proceeding of a corporation organized under American (Delaware) law with its principal offices in New Jersey; and (3) by doing business with such a New Jersey company, Laiki had a reasonable expectation of being haled into a New Jersey court. Further, the By-Laws granted the Board of Directors "full power and authority to change said principal office from one

---

[1] This sur-reply is not intended as a rebuttal on all issues raised in the reply on which the Trust has a disagreement with Laiki. On the issues not discussed in this sur-reply, the Trust relies on its initial memorandum in opposition to Laiki's motion to dismiss. Believing that the Court would benefit from hearing the parties orally, the Trust has requested oral argument on Laiki's motion to dismiss.

location to another.". By review of the same LIVEDGAR® examined by Laiki to obtain the April Filing, all of the AremisSoft SEC filings were also available to Laiki and report that effective December 31, 1999, AremisSoft moved its principal executive offices to Sentry Office Plaza, 216 Haddon Avenue, Westmont, New Jersey. Declaration of Hal M. Hirsch ("Hirsch Dec.") ¶ 2, Ex. A. Certainly, as set forth above, Laiki knew well enough that "[AremisSoft's] U.S. headquarters [were] in New Jersey" (Laiki Reply at 2). Subsequent SEC filings continued to show that AremisSoft had its principal executive offices in New Jersey. *See, e.g.*, Hirsch Dec. ¶ 3, Ex. B. Therefore, for purposes of this Court's analysis of personal jurisdiction and *forum non conveniens*, it is clear that Laiki transacted business with and the Trust is the appointed representative of a corporation which had its principal executive office and place of business in New Jersey.

2. Laiki also makes much of Judge Haight's decision in *LaSala v. Bank of Cyprus. Public Co. Ltd.*, 510 F. Supp.2d 246 (S.D.N.Y. 2007), but never discloses that (1) there is a companion case of *United States of America v. Bank of Cyprus* (Civil Action No. 07-cv-9234-CSH) in which the U.S. brought civil money laundering claims against the Bank of Cyprus and (2) Judge Haight has had motions for reconsideration of his *forum non conveniens* decision and his decision in the U.S. civil money laundering case pending before him since April 14, 2009. Hirsch Dec ¶ 4, Ex.. C (Dkt. No. 40) and ¶ 5 Ex.. D (Dkt. No. 25). Further, the decisions in both cases are not final and are both under appeal to the Second Circuit. Hirsch Dec ¶ 4 Ex.. C (Dkt. No. 43; USCA Case Numbers 09-1838) and ¶ 5 Ex.. D (Dkt. No. 30).[2] In addition, Laiki carefully avoids informing the Court about one aspect of Judge Haight's decision with which the Trust agrees. Judge Haight ruled that the Trust's filing of an action against Kyprianou in Cyprus could not diminish the Trust's choice of a U.S. forum against the bank because it was "obliged to

---

[2] The appeal of the United States filed on June 1, 2009 has not yet been docketed in the Second Circuit.

sue him there after unsuccessful attempts to bring him to trial here." *Id.* at 257. Hence, the Trust's action against Kyprianou in Cyprus should not diminish the Trust's choice of an American forum for its claims against Laiki.

3. Laiki's statements concerning the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) are misleading. Laiki argues that the Trust omitted discussion of that case in its opposition because it hurts the Trust's position. Laiki Reply at 10. But, as Laiki concedes, the essential holding of the *Iqbal* case is that the Court's decision concerning pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) applies to all civil actions and proceedings in the district courts. Because the Trust acknowledged at page 15 in its opposition that *Twombly*'s pleading standards apply to this case, Laiki is availed nothing by arguing that the Trust avoided *Iqbal*. Indeed, Laiki itself argued *Twombly*'s pleading standards must be applied. Laiki Memo at 24-25.

4. Laiki's description of *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) is similarly deceptive. Jurisdiction under *Burger King* does not turn on which party initiated the relationship, but rather on the nature of the business relationship itself. As the Supreme Court's language makes clear -- language Laiki does not set forth -- a defendant who has a continuing relationship with a resident of the forum has purposefully availed itself of the forum and is subject to regulation and sanctions in the forum. 471 U.S. at 473, 475-76. Laiki does not deny that a banking relationship with AremisSoft existed, but rather, as noted, suggests wrongly that AremisSoft's business emanated solely from London and consequently by inference that its banking relationship was centered in London. As shown, this tilted view cannot withstand scrutiny of the entirety of the record.. Laiki seeks to gain traction from cases involving single shot contracts. Obviously, a banking relationship does not suffer from the potential jurisdictional shortcomings that sometimes are found in isolated, single-shot contract cases. Just as obvious is

3

that the "focal point" of Laiki's relationship with AremisSoft must logically be New Jersey, where AremisSoft had its headquarters and principal executive offices during the relevant period.

5. Laiki's jurisdictional argument contains two other errors. First, it is simply mistaken to assert that "plaintiffs affirmatively concede, as they must, that the Third Circuit has determined that New Jersey courts have not recognized the conspiracy theory of jurisdiction." Laiki Reply at 5. The theory was recognized in *Blystra v. Pettigrew*, 2005 WL 2807361 (D.N.J. Oct. 25, 2005), ), and *Miller Yacht* certainly does not stand for such proposition. Finally, nothing in the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) concerned jurisdiction or jurisdictional discovery. The case involved the pleading standard for alleging a substantive claim to avoid dismissal under Rule 12(b)(6). Nothing in *Iqbal* undermines the Third Circuit's directive that jurisdictional discovery is required unless the claim of personal jurisdiction is clearly frivolous. Laiki certainly does not argue, let alone attempt to establish, that its banking relationship with AremisSoft, with its headquarters and principal business location in New Jersey or more broadly its banking business in the United States[3] was or is such so as to render any possible assertion of personal jurisdiction clearly frivolous.

## CONCLUSION

For the above reasons and the reasons set forth in the Trust's memorandum in opposition, the Trust respectfully requests that this Court deny Laiki's motion to dismiss. Alternatively, the Trust requests that discovery be allowed to proceed and the Complaint amended to incorporate facts elicited from such discovery.

---

[3] As this Court is aware, the Trust has filed a conditional motion for jurisdictional discovery. In a deposition of Nicos Paphitis, who was Laiki's employee in charge of Laiki's representative office in NY which was in business from 1992 until the end of 2008, Paphitis testified that the mission of Laiki's office in the U.S. was to serve and do business with all Cypriot Americans and Greek Americans everywhere. Hirsch Dec. ¶ 6, Ex. E. Jurisdictional discovery, if necessary, is likely to show that Laiki had broad business activities in New York, New Jersey, and throughout the U.S.

Dated: July 20, 2009

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:   /s/  Hal M. Hirsch
      Hal M. Hirsch
      David Jay
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900

*Attorneys for the AremisSoft Liquidating Trust*