UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORPORATION LIQUIDATING TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MARFIN POPULAR BANK PUBLIC COMPANY, LTD.,<br><br>Defendants. | Civil Action No.<br>09-CV-00968 (JAP)<br><br>ORAL ARGUMENT REQUESTED<br><br><br>Returnable: August 3, 2009 |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR CONDITIONAL MOTION FOR JURISDICTIONAL DISCOVERY**

**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
200 Park Avenue
Florham Park, New Jersey 07932
Phone: (973) 360-7900
Fax:    (973) 301-8410
*Attorneys for Joseph P. LaSala and Fred S. Zeidman, as Co-Trustees of the AremisSoft Liquidating Trust, Plaintiffs*

On the brief:
Hal M. Hirsch

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

    A. Plaintiffs Are Entitled To Jurisdictional Discovery ..................................................... 1

        1. The Right To Jurisdictional Discovery Is Protected Where The Allegations Of The Complaint Concerning Personal Jurisdiction Are Not Frivolous ................ 1

        2. The Uncontroverted Allegations of Laiki's Banking Relationship With AremisSoft, Its Representative Office, And Its Correspondent Banking Relationships Demonstrate The Possibility Of Further Contacts With New Jersey And Warrant Discovery ................................................................................... 3

    B. The Discovery Sought By Plaintiffs Is Not Excessive ................................................. 7

CONCLUSION ..................................................................................................................... 8

## TABLE OF AUTHORITIES

Federal Cases

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................................................... 2

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ..................................................................... 6, 7

*Claude P. Bamberger Intern. Inc. v. Rohm and Hass Co.*, 1998 WL 684263 (D.N.J. April 1, 1998) ............................................................................................................. 3

*Dluhos v. Strasberg*, 2005 WL 1683732 (D.N.J. June 23, 2005) ............................................... 4

*Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270 (3d Cir. 1993) .............................. 7

*LaSala v. Bordier et Cie et al.*, Civil Action No. 05-CV-4520 (JAP), Dkt. No. 62 (April 20, 2006) ................................................................................................................................. 1

*NII Brokerage, LLC v. Roadway Express, Inc.* 2008 WL2810160 (July 18, 2008) ................. 4

*Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987) ................. 7

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446 (3d Cir. 2003) ................................... 2, 3, 7

*Veliz v. Americorp Builders, Inc.*, 2007 WL 1746248 (D.N.J. June 15, 2007) ......................... 4

*Zuk v. Eastern Pa. Psychiatric Inst. Of Med. College of Pa.*, 103 F.3d 294 (3d Cir. 1996) ...... 3

State Cases

*Severson v. Widener University*, 768 A.2d 200 (N.J. App. 2001) ............................................. 6

Treatise

4 Charles A. Wright et al., *Federal Practice and Procedure* § 1067.6 (3d ed. 2002) ............ 2, 3

Defendant Marfin Popular Bank Public Company, Ltd. ("Laiki") has filed a memorandum in opposition to Plaintiffs' motion for jurisdictional discovery which once again contains misstatements, misrepresentations, and omissions of the facts and the law which necessitates that the Plaintiffs, Joseph P. LaSala and Fred S. Zeidman as Co-Trustees ("Plaintiffs") of the AremisSoft Liquidating Trust ("Trust"), seek leave of the Court to file this reply memorandum in support of their conditional motion for jurisdictional discovery.[1] Although the Trust believes that it has more than amply demonstrated a prima facie case of personal jurisdiction against Laiki without the need for jurisdictional discovery, it has conditionally moved for such discovery in the event that the Court believes supplementation of the record is needed before ruling on Laiki's motion to dismiss. If the Court believes jurisdictional discovery should go forward, it need not look far for a case virtually on all fours with this one in which the Trust's motion for jurisdictional discovery was allowed by Magistrate Judge Arleo against two Swiss banks that aided and abetted the breaches of fiduciary duties of Kyprianou and Poyiadjis to AremisSoft. *See LaSala v. Bordier et Cie et al.*, Civil Action No. 05-CV-4520 (JAP), Dkt. No. 62 (April 20, 2006).[2]

### A. Plaintiffs Are Entitled To Jurisdictional Discovery.

#### 1. The Right To Jurisdictional Discovery Is Protected Where The Allegations Of The Complaint Concerning Personal Jurisdiction Are Not Frivolous.

Conceding that the Plaintiffs are entitled to jurisdictional discovery unless the claim of personal jurisdiction is clearly frivolous, Laiki nonetheless attempts to undermine this liberal

---

[1] Laiki filed a reply memorandum in support of its motion to dismiss on July 13, 2009 which also contained misstatements, misrepresentations, and omissions of the facts and the law (Dkt. No. 34), requiring the Trust to seek leave of the Court to file a sur-reply memorandum in opposition to Laiki's motion to dismiss on July 20, 2009 to correct the record. Dkt. Nos. 39-41.

[2] Because the banks convinced the Court to rule on their motions to dismiss under SLUSA first, the ordered jurisdictional discovery was stayed pending the determination of that motion. Dkt. No. 63 (May 3, 2006). In this case, the Trust has a pending motion for an order requiring Laiki to retain and preserve documents, records, and data which was filed on May 21, 2009. Dkt. No. 12.

standard by arguing that Plaintiffs are not entitled to any discovery because they did not raise general jurisdiction in their complaint.[3] Laiki goes so far as to argue that no jurisdictional discovery is allowed because the Plaintiffs' complaint does not establish Laiki's permanent presence in New Jersey. Laiki Opp. at 4 ("Simply put, their complaint is devoid of any facts, well-pled or otherwise, showing the Bank's permanent presence in New Jersey or its purposeful activities in New Jersey that give rise to the asserted claims for relief.").[4] .No case is cited requiring general jurisdiction to be alleged in the complaint.

Rather, Laiki cites to the *Wright* treatise for the proposition that "before jurisdictional discovery is allowed, plaintiffs here 'must first set forth sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to in personam jurisdiction within the state.'" Laiki Opp. at 3-4 citing 4 Charles A. Wright et al., *Federal Practice and Procedure* § 1067.6, at 563 (3d ed. 2002). When examined, this language from the *Wright* treatise certainly does not require a complaint to set forth sufficient facts that would support jurisdiction before jurisdictional discovery is allowed.[5] On the heels of the quote selected by

---

[3] Laiki also suggests that Plaintiffs' claim for jurisdictional discovery is limited to general jurisdiction. On this point, jurisdictional discovery obviously will provide pertinent information to support Plaintiffs' claim under all theories of personal jurisdiction, including general jurisdiction, specific jurisdiction, effects jurisdiction, and conspiracy jurisdiction. As noted in the complaint, although the Trust stands in the shoes of AremisSoft, Laiki has refused to turn over all banking records of the company and its affiliates, and has resisted the Trust's efforts to obtain sufficient information to ascertain the full extent of its activities and connection to the scheme perpetrated by Kyprianou and Poyiadjis. Compl. ¶ 16. Jurisdictional discovery is especially appropriate in this case where the full extent of Laiki's contacts with the forum is known only by Laiki, and can be learned only through discovery. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 455 (3d Cir. 2003).

[4] Laiki misleads the Court by asserting that it "has no branches or representative offices located in the State of New Jersey or anyplace else within the United States." Bank Opp. at 1. As will be discussed in more detail below, during all times relevant to the Trust's complaint, Laiki maintained a representative office in New York.

[5] This is not the only example of Laiki taking quotes out of context. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) did not involve jurisdictional discovery at all. The phrase carefully picked out by Laiki -- "Rule 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions'" -- has nothing to do with jurisdiction or the standard for jurisdictional discovery, but rather relates to the standard for alleging sufficient facts to support a claim. Laiki

2

Laiki, the treatise notes, "However, strictly speaking, under Federal Rule 8(a), plaintiffs are not required to plead the basis for personal jurisdiction over defendants." Indeed, there would seem little need for jurisdictional discovery and the liberal standard for allowing such discovery would seem unnecessary if, as Laiki argues, the factual basis for personal jurisdiction had to be alleged in the complaint.[6] Such is not the case as even the treatise notes (in the same section) that "[a] court also has discretion to stay consideration of a motion to dismiss for lack of personal jurisdiction to allow the parties additional time to engage in discovery relevant to the jurisdictional issue when there is some basis for believing it would be fruitful." § 1067.6, at 553.

Laiki's obfuscation aside, the standard for jurisdictional discovery in the Third Circuit is clear and unambiguous. "[I]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts…the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 456 (3d Cir. 2003) (emphasis supplied). Nothing in the cases requires that the factual allegations satisfying the requirements for general jurisdiction be alleged in the complaint.

  2. **The Uncontroverted Allegations of Laiki's Banking Relationship With AremisSoft, Its Representative Office, And Its Correspondent Banking Relationships Demonstrate The Possibility Of Further Contacts With New Jersey And Warrant Discovery.**

In this case, unlike the cases cited by Laiki, the claim for jurisdictional discovery does

---

Opp. at 4. Similarly, jurisdictional discovery was not involved in *Zuk v. Eastern Pa. Psychiatric Inst. Of Med. College of Pa.*, 103 F.3d 294 (3d Cir. 1996) (the issue was sanctions for failure to properly investigate a claim of copyright infringement and the quote used by Laiki from the case again involved the merits of the claim, not jurisdiction); *Claude P. Bamberger Intern. Inc. v. Rohm and Hass Co.*, 1998 WL 684263 (D.N.J. April 1, 1998) (plaintiff sought broad discovery of financial information of defendant's immediate and extended family to prove substantive claims). Laiki Opp. at 4, 9.

[6] "It is well established that a federal district court has the power to require a defendant to respond to discovery requests relevant to its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction." Wright and Miller § 1067.6, at 554-555.

3

not rest on unsupported bald allegations of continuous business in New Jersey.[7] Here the required reasonable particularity suggesting the possibility of further contacts with New Jersey is clearly established by the undisputed banking relationship with AremisSoft headquartered in New Jersey, a representative office operated by Laiki in neighboring New York from 1992 until 2008 (this period includes the time relevant to the Trust's complaint), and its numerous correspondent banking relationships with U.S. banks.

Laiki does not dispute that it had a long standing banking relationship with AremisSoft and acknowledges that AremisSoft's executive office was in New Jersey. Laiki argues, nonetheless, based solely on an original reference in the company's By-Laws in early 1999 that its principal office for the transaction of business was in London, that its banking business with AremisSoft occurred in London, not New Jersey. The By-Laws, however, granted the Board of Directors "full power and authority to change said principal office from one location to another," and the evidence is that AremisSoft moved its principal executive offices to Sentry Office Plaza, 216 Haddon Avenue, Westmont, New Jersey, effective December 31, 1999. Declaration of Hal M. Hirsch ("Hirsch Dec.") (Dkt. No. 40). ¶ 2, Ex. A. Undeterred, Laiki now has argued in a recent letter to Judge Pisano dated July 23, 2009, that this SEC filing did not alter the By-Law designation since Bishopsgate, London is still listed on the relevant Form 8K as a business address. The obvious flaw in Laiki's argument is that Form 8K does **not** ask for the company's **principal place of business**, but merely requests a **business address**. So, Laiki's bald conclusion that AremisSoft continued to have its principal place of business in London even after

---

[7] The cases cited by Laiki do not undermine the Plaintiffs' claim for jurisdictional discovery as each is predicated on facts far different than those before the Court. See *Veliz v. Americorp Builders, Inc.*, 2007 WL 1746248 (D.N.J. June 15, 2007)(claim for discovery was clearly frivolous because of uncontroverted allegation that Americorp built residential properties only in Pennsylvania); *Dluhos v. Strasberg*, 2005 WL 1683732 (D.N.J. June 23, 2005) (unsupported allegation that defendant transacted business in New Jersey); *NII Brokerage, LLC v. Roadway Express, Inc.* 2008 WL2810160 (D.N.J. July 18, 2008) (defendant's registration with the Federal Motor Carrier Safety Administration and its association with the National Motor Freight Traffic Association. did not suggest contacts with New Jersey with "reasonable particularity.").

4

it changed its principal executive office to New Jersey in 1999 is wholly unsupported. Laiki cites no case for the proposition that a company's banking relationship is deemed to be with its business locations (which could be one of several business locations) instead of its headquarters. AremisSoft's executive offices and its headquarters were in New Jersey during the times relevant here.

Laiki also had a representative office in New York from 1992 until 2008 which more than reasonably supports the possibility that it had contacts with residents in neighboring New Jersey.[8] In a deposition of Nicos Paphitis, who was Laiki's employee in charge of Laiki's representative office in NY, Paphitis testified that the mission of Laiki's office in New York was to serve and do business with all Cypriot Americans and Greek Americans everywhere. Hirsch Dec. ¶ 6, Ex. E. Jurisdictional discovery, if necessary, is likely to show that Laiki had broad business activities in New York, New Jersey, and throughout the United States.

Laiki seeks to blunt the obvious consequence of having a representative office in New York by arguing that its office had fewer than five employees and was not authorized to engage in banking activities in New York or New Jersey. Laiki Opp. at 5. Those arguments do nothing to undermine the potential for business connections with New Jersey residents relevant to the personal jurisdiction analysis, especially where the mission of Laiki's office in New York was to serve and do business with all Cypriot Americans and Greek Americans everywhere. Indeed, the

---

[8] Notably, in connection with obtaining a license for its representative office in New York, Laiki executed a Consent to Jurisdiction on July 7, 1993 which allowed any and all claims made by or proceedings initiated by the U.S,. the Governors of the Federal Reserve Board, or any U.S. governmental agency, department, or division to be brought in the U.S.. See Second Declaration of Hal M. Hirsch, ¶ 2, Ex. A. On the same day, Laiki also executed an Assurances Commitment which, *inter alia*, required disclosure of information on the operation of Laiki and its affiliates deemed necessary by the Federal Reserve Board, and a commitment by Laiki to seek timely waivers or exemptions from bank confidentiality and secrecy laws to enable Laiki to make the disclosures to the Board. See Second Declaration of Hal M. Hirsch, ¶ 2, Ex. A. Having made these solemn commitments to procure the privilege of having a representative office in the U.S., Laiki must be feigning its surprise that the activities in which it engaged in connection with this case subject it to personal jurisdiction in New Jersey.

reasonable inference of New Jersey contacts in this case is supported by the case cited by Laiki, *Severson v. Widener University*, 768 A.2d 200 (N.J. App. 2001). In *Severson* the court noted cases against Walt Disney World establishing sufficient systematic and continuous activity in New Jersey based on advertisements in the tri-state area. 768 A.2d at 203. The court noted that the defendant in that case, "by its national campaign, ... sought guests from New Jersey" and "set the desired relationship in motion in New Jersey." *Id*. Clearly, at this stage, there is a reasonable possibility of additional contracts even outside of the specific banking relationship with AremisSoft based on the representative office to warrant jurisdictional discovery.

Finally, with respect to correspondent banking, Laiki's arguments go to the merits of whether jurisdiction over Laiki is proper and not whether Laiki's banking relationships with United States correspondent banks support the inference of additional contacts with New Jersey. In this regard, this case is akin to *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995), a case involving an Austrian bank defendant claimed by the plaintiff to have been a participant in the underlying fraud of one of its account holders. The Ninth Circuit relied on the bank's correspondent and brokerage accounts and other indicia of business with U.S. residents to sustain personal jurisdiction, notwithstanding that the bank had no offices or employees in the U.S. nor generally did advertising or the solicitation of business here. 65 F.3d at 1497. Discovery revealed that the bank nonetheless made loans involving significant sums to U.S. citizens which created ongoing obligations for the bank. *Id*. at 1498.

The Bank takes issue with Plaintiffs' citation to *Ballard v. Savage*, 65 F.3d 1496 (9th Cir. 1995). Contrary to the Bank's suggestion, *Ballard* was not cited by the Plaintiffs for any but-for test to determine whether a claim arose out of a defendant's contacts with the forum for the purpose of specific jurisdiction. As was clear from Plaintiffs' motion, *Ballard* (which relied heavily on the Third Circuit's decision in *Provident Nat. Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987)) was cited for the "broad range of commercial activities in which a

6

foreign bank may engage on many different levels that may support the Court's jurisdiction over the Bank, and, of course, the need for broad based jurisdictional discovery to ferret out the relevant connections." Plaintiffs' Motion at 6. Laiki's sleight-of-hand is unavailing and it must not be allowed to avoid disclosing its U.S. contacts.

In sum, the Plaintiffs have presented more than sufficient allegations to warrant jurisdictional discovery in this case, should the Court deem it appropriate.

**B. The Discovery Sought By Plaintiffs Is Not Excessive.**

Laiki spends little time discussing the proposed interrogatories and document requests, instead simply arguing without detail and explanation that that they are excessive. In this regard, Laiki's citation of *Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270 (3d Cir. 1993) for the proposition that jurisdictional discovery is limited to the "essentials of determining the preliminary question of jurisdiction." Laiki Opp. at 8, is particularly misleading since the case involved the issue of sovereign immunity as it effected the court's subject matter jurisdiction and not personal jurisdiction. As noted, and not disputed by Laiki, the Third Circuit in *Toys "R" Us*, spent significant time in its analysis on the need for broad jurisdictional discovery examining the possible connections of the defendant not only to New Jersey but in the broader context of its connections to the United States as a whole and in particular to U.S. vendors. 318 F.3d at 456. Detailed discovery on this broader scale, the Court noted, would "speak to an essential element of the personal jurisdiction calculus," *id*, and emphasized what is also true in this case, that such information was known only to the defendant." *Id*. And, as already noted, the same is true for the Ninth Circuit's opinion in *Ballard*, discussed above. While, understandably, Laiki seeks to limit the requested discovery to AremisSoft account records and communications with AremisSoft, the cases make clear that jurisdictional discovery is not limited to what effectively is the Plaintiffs' claim for breach of contract, but comprises all information regarding the extent of Laiki's potential business dealings in New Jersey. Having disputed personal jurisdiction,

7

notwithstanding its banking relationship with AremisSoft, it can hardly complain about disclosing information regarding the full range of potential contacts with the United States and New Jersey.

## CONCLUSION

For the above reasons and the reasons set forth in the Trust's initial memorandum, the Trust respectfully requests that, in the event that the Court believes supplementation of the record is needed before ruling on Laiki's motion to dismiss for lack of personal jurisdiction, the Court allow the Trust to proceed with jurisdictional discovery.

Dated: July 27, 2009

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  /s/ Hal M. Hirsch
Hal M. Hirsch
David Jay
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900

*Attorneys for the AremisSoft Liquidating Trust*

8