UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JOSEPH P. LASALA and FRED S. ZEIDMAN, as CO-TRUSTEES of the AREMISSOFT CORP., LIQUIDATING TRUST,** | : : : : : | Civil Action No.: 09-968 (JAP) |
| Plaintiffs, | : : | |
| v. | : : | |
| **MARFIN POPULAR BANK PUBLIC COMPANY, LTD.,** | : : : | MEMORANDUM OPINION AND ORDER |
| Defendant. | : : : | |

**ARPERT, U.S.M.J**

I.  INTRODUCTION

This matter has come before the Court upon the Motion of Plaintiffs Joseph P. LaSala and Fred S. Zeidman, as Co-Trustees of the AremisSoft Corp., Liquidating Trust ("AremisSoft") (collectively "Plaintiffs") for an Order requiring Defendant Marfin Popular Bank Public Company, Ltd. ("Defendant" or "Laiki" or "the Bank") to retain and preserve documents, records and data [dkt. entry no. 12]. Defendant filed opposition on June 1, 2009. Plaintiffs then filed a Reply Brief on June 9, 2009. The Court has reviewed the parties' submissions and considered the matter pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiffs' Motion is granted.

II.  BACKGROUND AND PROCEDURAL HISTORY

This litigation arises from allegations that the Laiki Bank facilitated, aided and abetted and conspired with AremisSoft's Directors Kyprianou and Poyiadjis (collectively "the Directors") by serving as a vehicle to loot Company assets and launder millions of dollars in

tainted proceeds from their massive international fraud. *See* (Pls.' Compl. at ¶ 2.) From about 1998 through July 2001, the Directors allegedly issued false and fraudulent public statements and regulatory filings representing to the investing public and regulators that AremisSoft's business, revenues, and profits were experiencing rapid growth. *Id.* at ¶ 24. Plaintiffs allege that in actuality the company was not profitable and the effect of these fraudulent misrepresentations was that the perceived value and profitability of AremisSoft was far higher than its actual value and profitability, and as a result, the value of AremisSoft shares traded on NASDAQ National Market were artificially inflated. *Id.* at ¶ 26. Plaintiffs further allege that to conceal their illegal conduct the Directors engaged in a sophisticated money laundering scheme, employing numerous entities to hold and sell their AremisSoft stock, and numerous bank accounts to hold and transfer the proceeds of their scheme. *Id*. at ¶ 27. It is now being alleged in the instant action, filed on March 4, 2009, that Defendant was complicit or knowingly turned a blind eye to the looting of AremisSoft by failing to report irregular wire transfers and permitting the Directors to transfer funds for purposes which it knew or had reason to know were unrelated to any legitimate business activities of AremisSoft. *Id*. at ¶ 40.

  Now before this Court is Plaintiffs' Motion for an Order requiring Defendant to retain and preserve documents. Plaintiffs state that "[g]iven [Defendant's] unlawful conduct, it is imperative that the Court act swiftly to ensure that the crucial evidence in this case is retained, preserved and produced to the [Defendant's] United States counsel for safekeeping." (Pls' Br. at 13.) Plaintiffs also state that "[t]here is a danger that, to conceal its own misdeeds and actions taken at the perpetrators' urging, [Defendant] will cause certain documents to be destroyed or 'lost.'" *Id*. at 15. Plaintiffs argue that the information they seek to preserve "will conclusively

establish the circumstances under which the accounts were created, the origins and destinations of the funds passing through those accounts, and whether or not Laiki acted improperly in the context of the account activity." *Id*. Plaintiffs further argue that "there should be little if any burden on Laiki to preserve and produce this information [because] [as] an international banking institution, Laiki has the resources to maintain the documents and data the Trust seeks it to preserve." *Id*. at 16. Lastly, Plaintiffs argue that "[t]he issue is whether there is a risk of loss, and the [Defendant] is hard-pressed not to acknowledge the risk in this case . . . [because] [b]y its own admission a fire has taken place at what appears to be a storage facility which was used by the [Defendant] in part to house special storage rooms [for] AremisSoft related documents." (Pls.' Reply Br. at 4.)

  In opposition, Defendant argues that "[g]iven the [Defendant's] internal policy on document preservation, no irreparable harm is likely to result absent an order." (Def.'s Opp'n Br. at 2.) Defendant also argues that "there has been no threshold determination that the Court has personal jurisdiction over the Bank, that New Jersey is a proper and convenient forum for this action or that the complaint's three claims for relief satisfy the relevant pleading standards of Federal Rule of Civil Procedure 9(b)." *Id*. Defendant further argues that "Plaintiffs point to no instance where the Bank improperly concealed documents required to be produced under lawfully obtained process." *Id*. at 10. Lastly, Defendant argues that before any documents can be produced to the United States "the Bank [*sic*] must conduct a complete review of each document for relevance and to assure compliance with Cyprus bank secrecy laws and data protection regulations [and] [t]his costly and burdensome process should not be imposed on the Bank . . . before [P]laintiffs have even established that this Court has personal jurisdiction." *Id*.

3

at 12.

## III. DISCUSSION

    A.    <u>The Need for Preservation.</u>

When evaluating whether to issue an order for preservation of discovery materials courts consider the following factors: concern for maintenance of integrity of evidence in absence of an order, irreparable harm to the party seeking preservation in absence of an order, and capability of the party to maintain the evidence. *See Capricorn Power Co., Inc. v. Siemans Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D.Pa. 2004); *see also Treppel v. Biovail, Corp.,* 233 F.R.D. 363, 371 (S.D.N.Y. 2006). Furthermore, "[t]he burden of establishing the risk that documents will be destroyed in the future is 'often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place.'" *See Treppel*, 233 F.R.D. at 371 (citations omitted). Here, there is cause for concern as to the preservation and safety of the documents pertaining to this case, which are in the Bank's possession, as there was already a loss of documents resulting from a January 21, 2009 fire in a storage facility used by the Bank. Moreover, the destruction of these documents would cause irreparable harm because no electronically archived files or back-up tapes exist. Under the circumstances, it appears that Defendant's ability to preserve the documents is in question.

    B.    <u>Jurisdictional Issue.</u>

The Supreme Court has held that "jurisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) (citation omitted). Furthermore, "if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's

4

right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 456 (3d Cir. 2003).  Here, the relief sought by the instant Motion is not a judgment on the merits, but is merely a procedural order for the preservation of documents. Therefore, this Motion may be decided prior to the resolution of the motion to dismiss this action on jurisdictional grounds that is pending before the Honorable Joel A. Pisano.

**III.   CONCLUSION AND ORDER**

**IT IS** on this 7th day of August, 2009,

**ORDERED** that Plaintiffs' Motion for an Order requiring Defendant to retain and preserve documents, records and data [dkt. entry no. 12] is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant is directed to preserve documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities; and it is

**FURTHER ORDERED** that Defendant is directed to transfer all such documents and data to its United States counsel Todd S. Fishman, Esq., of Allen & Overy LLP, to be held until the discovery phase of this case no later than **August 25, 2009**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**