UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------x
                                       :

JOSEPH P. LASALA and
FRED S. ZEIDMAN, as CO-TRUSTEES   :      No. 09-CV-00968 (JAP) (DEA)
of the AREMISSOFT CORPORATION
LIQUIDATING TRUST,              :      Motion Returnable:
                                         October 19, 2009
                    Plaintiffs,   :

                  v.          :

MARFIN POPULAR BANK PUBLIC    :      Electronically Filed
COMPANY, LTD.,
                              :

                  Defendant.  :

-------------------------------------------------------x

## DEFENDANT MARFIN POPULAR BANK'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THEIR CONDITIONAL MOTION FOR JURISDICTIONAL DISCOVERY

LOWENSTEIN SANDLER PC
Robert J. Kipnees
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
rkipnees@lowenstein.com

ALLEN & OVERY LLP
Todd S. Fishman
1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300
todd.fishman@newyork.allenovery.com

*Attorneys for Defendant*
*Marfin Popular Bank Public Co Ltd*

Dated: October 5, 2009

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT .....................................................................................................................2

I.      The Trustees Are Not Entitled To Discovery Because The
        Principle Of Direct Estoppel Applies And Bars This Action .............................................2

II.     The Trustees Are Not Entitled To Forum-Related Discovery Because
        The Bank's Motion To Dismiss Is Properly Decided On Affidavits Alone .......................4

III.    The Trustees' New Arguments Relating To Jurisdictional
        Discovery Are Irrelevant And Entirely Speculative ...........................................................9

IV.     The Trustees Are Not Entitled To A Rule 30(b)(6) Deposition. .......................................11

CONCLUSION .................................................................................................................13

## TABLE OF AUTHORITIES

### CASES

Abad v. Bayer Corp.,
   563 F.3d 663 (7th Cir. 2009) ........................................................................5

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)....................................................................................10

Davis Int'l, LLC v. New Start Group Corp.,
   No. Civ. A. 04-1482, 2006 WL 839364 (D. Del. March 29, 2006), aff'd in
   part, rev'd in part on other grounds, 488 F.3d 597 (3d Cir. 2007) ................3

Fitzgerald v. Texaco, Inc.,
   521 F.2d 448 (2d Cir. 1975)...........................................................................5

In re Air Crash Over the Taiwan Straits on May 25, 2002,
   331 F. Supp. 2d 1176 (C.D. Cal. 2004) ........................................................5

In re Automotive Refinishing Paint Antitrust Litig.,
   358 F.3d 288 (3d Cir. 2004)...........................................................................6

In re Bridgestone/Firestone, Inc. ATX, ATX II & Wilderness Tires Prods. Liab.
   Litig., 131 F. Supp. 2d 1027 (S.D. Ind. 2001) .............................................4

In re Factor VIII or IX Concentrate Blood Prods. Litig.,
   531 F. Supp. 2d 957 (N.D. Ill. 2008) ............................................................5

LaSala v. Bank of Cyprus Public Co. Ltd.,
   510 F. Supp. 2d 246 (S.D.N.Y. 2007).................................................1, 2, 7

Lony v. E.I. du Pont de Nemours & Co.,
   935 F.2d 604 (3d Cir. 1991)...........................................................................4

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n,
   107 F.3d 1026 (3d Cir. 1997)........................................................................11

Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc.,
   983 F.2d 551 (3d Cir. 1993)..........................................................................10

Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,
   960 F.2d 1217 (3d Cir. 1992).........................................................................9

Norex Petroleum Ltd. v. Access Indus., Inc.,
   No. 02 Civ. 1499, 2003 WL 1484269 (S.D.N.Y. March 21, 2003)............................12

Oxley v. Wyeth Labs., Inc.,
   Civ. A. No. 91-1285, 1992 WL 116308 (E.D. Pa. May 20, 1992) ................................4

Pastewka v. Texaco, Inc.,
   565 F.2d 851 (3d Cir. 1977)...............................................................................1, 2, 3

Piper Aircraft Company v. Reyno,
   454 U.S. 235 (1981)........................................................................................4, 5, 7, 11

Pollux Holding Ltd. v. The Chase Manhattan Bank,
   329 F.3d 64 (2d Cir. 2003)...............................................................................4

Severinsen v. Widener Univ.,
   338 N.J. Super. 42, 768 A.2d 200 (App. Div. 2001)  ..................................................10

Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,
   549 U.S. 422 (2007)........................................................................................6

Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. for S. Dist.
   of Iowa, 482 U.S. 522 (1987) .........................................................................2

Thomas v. International Business Machs.,
   48 F.3d 478 (10th Cir. 1995) ...........................................................................12

Toys "R" Us, Inc. v. Step Two, S.A.,
   318 F.3d 446 (3d Cir. 2003)..............................................................................9

Triple Crown America v. Biosynth AG,
   No. Civ. A. 96-7476, 1998 WL 227886 (E.D. Pa. April 30, 1998)............................12

Windt v. Qwest Commc'ns Int'l, Inc.,
   544 F. Supp. 2d 409 (D.N.J.), aff'd, 529 F.3d 183 (3d Cir. 2008) ...........................8, 9

**STATUTES**

28 U.S.C. § 1927.................................................................................................1, 2

Fed. R. Civ. P. 4(k)(2).........................................................................................11

**OTHER AUTHORITIES**

4 Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 1067.6 (3d ed. 2002) ........... 9

8A Charles A. Wright et al., <u>Federal Practice and Procedure: Civil 2d</u> § 2112 (2009) ................................................................................................................................. 12

14D Charles A. Wright et al., <u>Federal Practice and Procedure: Jurisdiction 3d</u> § 3828 (2007) ......................................................................................................................... 5

PRELIMINARY STATEMENT

This is a textbook case for immediate forum non conveniens dismissal. Marfin Popular Bank (the "Bank") is a Cyprus-based bank, regulated by the Central Bank of Cyprus, with no connection to this forum. A prior Southern District of New York decision in a substantially similar action brought by the same trustee plaintiffs as in this matter but against a different Cyprus bank directs that this action should be dismissed on forum non conveniens grounds in favor of the courts of Cyprus. See LaSala v. Bank of Cyprus Public Co. Ltd., 510 F. Supp. 2d 246 (S.D.N.Y. 2007). This determination is only bolstered by recent events: the Trust has abandoned its appeal to the Second Circuit in the Bank of Cyprus action. As a consequence of the Trust's decision, controlling Third Circuit law provides that this action is barred by the principle of direct estoppel. See Pastewka v. Texaco, Inc., 565 F.2d 851 (3d Cir. 1977). For this reason alone, the Bank's motion to dismiss should be granted without resort to any jurisdictional or forum-related discovery.

In light of this clear authority mandating dismissal, the Trustees' application to "supplement" their request for jurisdictional and forum-related discovery is difficult to comprehend.[1] The Trustees cite no rule or circumstance that permits them to supplement their prior papers. At the same time, the Trustees' papers either rehash the same inadequate arguments made in their original motion for jurisdictional discovery or advance arguments based on empty rhetoric and conjecture. It thus appears that the sole purpose for this supplemental application is improper: to impose additional costs on a non-U.S. defendant, perhaps, with hope of extracting an early settlement and to unnecessarily multiply these proceedings. See 28 U.S.C.

---

[1] References to the Memorandum of Law in Support of Plaintiffs' Motion for Leave to Supplement Their Conditional Motion for Jurisdictional Discovery are shown as "Pl. Mem. at ___."

§ 1927; see also Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct. for S. Dist. Iowa, 482 U.S. 522, 546 (1987) ("American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position. Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests.").

For ease of exposition, the Bank will continue to rely on the points and authorities set out in its opposition to the Trustees' original motion for discovery and will only respond here to the scant new points made in the Trustees' supplemental application. As plaintiffs' last clear chance before the scheduled oral argument, their supplemental papers do nothing to salvage their procedurally-barred and inadequately-plead complaint.

ARGUMENT

The Trustees' supplemental arguments for jurisdictional and forum-related discovery should be rejected, for three main reasons: (i) the principle of direct estoppel bars this action; (ii) the Supreme Court has ruled that a forum non conveniens motion is properly decided on affidavits alone; and (iii) the Trustees' arguments relating to jurisdictional discovery are irrelevant and based on conjecture.

I.     The Trustees Are Not Entitled To Discovery Because The
       Principle Of Direct Estoppel Applies And Bars This Action.

On August 20, 2009, the Trustees moved to withdraw their Second Circuit appeal of District Judge Haight's decision dismissing on forum non conveniens grounds their substantially similar action against the Bank of Cyprus, reported as LaSala v. Bank of Cyprus Public Co. Ltd., 510 F. Supp. 2d 246 (S.D.N.Y. 2007). (See Tab A hereto.) Judge Haight's decision thereby is now final. As a result, under Pastewka v. Texaco, Inc., 565 F.2d 851 (3d Cir. 1977), the

2

principle of direct estoppel applies and bars the Trustees from relitigating the terms of Judge

Haight's dismissal in the context of this action.  Discovery, therefore, is immaterial to the

resolution of the Bank's motion to dismiss.

Specifically, in <u>Pastewka</u>, the Third Circuit held that the Southern District of New York's

prior dismissal of an action on forum non conveniens grounds precluded a plaintiff from

relitigating similar issues in a new action filed in the District of Delaware.  565 F.2d at 853-54;

<u>accord Davis Int'l, LLC v. New Start Group Corp.</u>, No. Civ. A. 04-1482, 2006 WL 839364, at

*13 (D. Del. March 29, 2006) (holding that direct estoppel barred the plaintiffs from litigating

similar claims dismissed in the Southern District of New York on forum non conveniens

grounds), <u>aff'd in part, rev'd in part on other grounds</u>, 488 F.3d 597 (3d Cir. 2007).  The Third

Circuit determined that "[o]nce a judicial system has afforded the opportunity for full and final

litigation of issues between parties . . . permitting relitigation of the same issues in another court

is intolerable."  <u>Pastewka</u>, 565 F.2d at 854.  Affirming the district court, the Third Circuit stated

that "[i]f [the] appellants expected the district judge in Delaware to exercise a more discreet

discretion than his judicial brother in the Southern District of New York, then they should have

begun their litigation in Delaware.  Having now finally lost in New York, they cannot relitigate

the same factual and legal issues in Delaware."  <u>Id.</u>

The objective legal criteria applied by District Judge Haight and to be applied by this

Court on the Bank's forum non conveniens motion, as well as the material facts underlying the

application of those criteria, are identical.  Because the Trustees have abandoned their appeal to

the Second Circuit, they are now estopped from denying the preclusive effect of Judge Haight's

ruling.

3

II.     The Trustees Are Not Entitled To Forum-Related Discovery Because
        The Bank's Motion To Dismiss Is Properly Decided On Affidavits Alone.

To resolve a forum non conveniens motion, the Supreme Court has expressly rejected the

need for any factual examination beyond affidavits and other papers submitted by the parties,

noting that "[r]equiring extensive investigation would the defeat the purpose" of such a motion.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 258-59 (1981).  This established rule -- ignored by

the Trustees in their moving papers[2] -- is followed by many court of appeals, including the Third

Circuit.  See Lony v. E.I. du Pont de Nemours & Co., 935 F.2d 604, 614 (3d Cir. 1991) ("the

district court's inquiry does not necessarily require extensive investigation, and may be resolved

on affidavits presented by the parties, and does not call for a detailed development of the entire

case") (citations omitted); Oxley v. Wyeth Labs., Inc., Civ. A. No. 91-1285, 1992 WL 116308, at

*2 (E.D. Pa. May 20, 1992) (granting, on affidavits alone, defendant's motion to dismiss on

grounds of forum non conveniens); accord Pollux Holding Ltd. v. The Chase Manhattan Bank,

329 F.3d 64, 76 (2d Cir. 2003) (affirming dismissal on forum non conveniens grounds without

the need for "forum-related discovery").  A noted treatise on federal practice and procedure

confirms this approach:

> Courts normally will deny a plaintiff's motion for extensive discovery on
> a forum non-conveniens motion and often will decide the issue on
> affidavits alone.  This approach is consistent with the purpose of the forum
> non conveniens doctrine -- to protect defendants and the federal courts
> from expending resources on matters having little connection to this
> country from litigation in an inconvenient forum.

---

[2]     The Trustees rely on a single decision, In re Bridgestone/Firestone, Inc. ATX, ATX II &
Wilderness Tires Prods. Liab. Litig., 131 F. Supp. 2d 1027 (S.D. Ind. 2001), to support their
forum-related discovery request.  (See Pl. Mem. at 8-9.)  The district court in Bridgestone,
however, allowed forum non conveniens discovery only because the defendant "ha[d] not
submitted any evidence, even affidavits, supporting its claims." Id. at 1031.  As such,
Bridgestone offers no support to the Trustees' forum-related discovery requests given that the
Bank has submitted detailed affidavits that address each of the relevant convenience factors.

4

14D Charles A. Wright et al., <u>Federal Practice and Procedure: Jurisdiction 3d</u> § 3828, at 628 (2007).

In fact, the precise forum-related discovery the Trustees seek has been ruled inappropriate by the Supreme Court and other courts.  The Trustees, by their own words, seek discovery to fill purported "gaps left by Defendant's submissions with respect to the location and accessibility of the relevant witnesses and document any evidence in this case."  (Pl. Mem. at 9.) But the Supreme Court in <u>Piper</u> expressly stated that a party requesting forum non conveniens dismissal need not submit exacting proof "identifying the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum."  <u>Piper</u>, 454 U.S. at 258 & n.26; <u>accord</u> <u>Fitzgerald v. Texaco, Inc.</u>, 521 F.2d 448, 451 n.3 (2d Cir. 1975) ("Nor did the district court in this case abuse its discretion, on this motion to dismiss for forum non conveniens, in failing to require detailed disclosure by the defendants of the names of their proposed witnesses and the substance of their testimony."); <u>In re Factor VIII or IX Concentrate Blood Prods. Litig.</u>, 531 F. Supp. 2d 957, 975 (N.D. Ill. 2008) (rejecting the plaintiffs' argument that defendants failed to meet their burden of identifying witnesses and concluding that "[n]aming [foreign witnesses] at this point is in many instances impossible and, in any event, unnecessary"), <u>aff'd sub nom.</u> <u>Abad v. Bayer Corp.</u>, 563 F.3d 663 (7th Cir. 2009).  Simply stated, a defendant requesting forum non conveniens dismissal, such as the Bank here, is not "required to identify each potentially critical witness, nor to submit affidavits that provide significant evidentiary detail."  <u>In re Air Crash Over the Taiwan Straits on May 25, 2002</u>, 331 F. Supp. 2d 1176, 1198 (C.D. Cal. 2004).

Moreover, discovery is not warranted here because an analysis of the forum-related facts decidedly favors dismissal without the need to augment the factual record before the Court.[3] This is the exact approach adopted in <u>Sinochem International Co. v. Malaysia International Shipping Corp.</u>, 549 U.S. 422 (2007).  There, without the benefit of any discovery, the Supreme Court reversed the Third Circuit and dismissed a case on forum non conveniens grounds before reaching other threshold questions, including whether personal jurisdiction existed over the defendant, a Chinese company.  <u>Id.</u> at 426-27.  After holding that a district court may "respond at once to a defendant's forum non conveniens plea," the Court ordered immediate dismissal because "[d]iscovery concerning personal jurisdiction would have burdened [the Chinese defendant] with expense and delay."[4]  <u>Id.</u> at 425, 435.

As described in the Bank's motion to dismiss papers, Marfin Popular Bank is one of the largest banks in Cyprus.  The Bank has no branches or representative offices located in the State of New Jersey or any place else within the United States.  The Trustees' three claims against the Bank relate exclusively to accounts opened by AremisSoft's corrupt insiders in Cyprus and administered by the Bank's Cyprus-based employees, all under the regulatory supervision of the Central Bank of Cyprus.  Plainly, the doctrine of forum non conveniens requires dismissal of this

---

[3]     The Bank incorporates by reference all of the papers it has filed in connection with its motion to dismiss and thereby all of the prior arguments advanced in support of dismissal on forum non conveniens grounds.  Those documents include: (i) the Memorandum of Law of Defendant Marfin Popular Bank in Support of its Motion to Dismiss the Complaint (Docket Item 26); (ii) the Certification of Todd S. Fishman (Docket Item 23); (iii) the Declaration of Nicos Papaefstathiou (Docket Item 24); (iv) the Second Declaration of Stelios Hadjiosif (Docket Item 25); and (v) Reply Memorandum of Law of Defendant Marfin Popular Bank in Further Support of its Motion to Dismiss the Complaint (Docket Item 34); and (vi) the Supplemental Certification of Todd S. Fishman (Docket Item 35).

[4]     For this reason, the Trustees misplace reliance on <u>In re Automotive Refinishing Paint Antitrust Litig.</u>, 358 F.3d 288 (3d Cir. 2004).  (<u>See</u> Pl. Mem. at 15.)  Moreover, in <u>Automotive Refinishing Paint</u>, the plaintiffs had established "a prima facie case of personal jurisdiction."  <u>Id.</u> at 302.  The Trustees clearly have failed to satisfy that burden here.

action in favor of Cyprus, the sovereign that supervised the Bank's activities and where the documentary evidence and most of the witnesses were located. As the Supreme Court noted in Piper, "[a] citizen's forum choice should not be given dispositive weight. . . . As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." 454 U.S. at 256 n.23.

In particular, each of the relevant convenience factors points decisively towards dismissal in favor of litigation in Cyprus, not New Jersey.

First, Cyprus is an adequate alternative forum. This is established as a matter of law. See, e.g., Bank of Cyprus, 510 F. Supp. 2d at 255-56.

Second, the private interest factors weigh heavily in favor of dismissal. As detailed in the Bank's pending motion to dismiss, the following points remain uncontested by the Trustees: (i) the relevant conduct took place in Cyprus, not New Jersey, as the bank accounts through which AremisSoft's corrupt insiders purportedly engaged in wrongdoing were opened at, and administered by, the Bank in Cyprus; (ii) the substantial majority of witnesses and documents relating to the allegations against the Bank are located in Cyprus;[5] (iii) if this case were tried in New Jersey, there would be substantial costs relating to the translation of documents and witness

---

[5]     The Trustees crudely argue that since the Bank was compelled by court order to transfer certain categories of relevant documents to the United States, the Bank can no longer rely on the location of documents as a factor in its forum non conveniens argument. (See Pl. Mem. at 10-11.) But it cannot be disputed that the Bank already has been burdened by the magistrate judge's Memorandum Order and Opinion requiring transfer of the documents to the United States. In addition, the transfer of Bank documents to the United States in no way obviates the need to undergo the costly process of translating those materials from Greek to English. Moreover, the documents ordered to be transferred relate principally to the Trustees' claims for relief, not the Bank's defenses, which have not yet been interposed. Clearly, if the complaint is sustained and discovery proceeds, the Bank will need to conduct document and deposition discovery in Cyprus for its own purposes. Examples may include discovery of former Bank officials who had a role in administering the AremisSoft accounts as well as the Cypriot national Theodoros Theodorou, who according to the complaint "the Bank knew or had reason to know had no legitimate business relationship with AremisSoft." (Compl. ¶ 41.)

testimony from Greek to English; (iv) there would be significant problems of proof because many witnesses located in Cyprus are outside the subpoena power of this Court and, as a result, their testimony could be obtained only under the Hague Evidence Convention as a written summary of testimony prepared by a Cyprus judge (not a verbatim transcript); (v) this case could not be resolved in "one trial" as the Bank could not implead Kyprianou (the former chief executive of the corporation to which the Trust succeeded) as well as his co-conspirators; and (vi) the Trust already is engaged in litigation in Cyprus against the primary actors in the same wrongdoing that is the subject of this action and is readying to commence an action in Cyprus against the Bank of Cyprus for wrongs similar to those alleged here. Discovery thus is not required to properly illuminate and weigh the private interest factors.

Third, as also detailed in the Bank's motion to dismiss, the public interest factors weigh in favor of dismissal, principally because (i) Cyprus law will control many determinations to be made by the jury and (ii) the Bank is regulated by the Central Bank of Cyprus and therefore Cyprus (not U.S.) law will determine whether the Bank properly administered its accounts. Discovery will have no bearing on those issues of law.

Fourth, as Judge Haight concluded, the deference accorded the Trustees' choice of forum does not operate at full strength because the Trust more closely resembles a global corporation with substantial resources. As confirmed by the record developed before this Court, AremisSoft's by-laws, effective April 1999, fixed the "principal office for the transaction of the business of the Corporation" in London, England. See Windt v. Qwest Commc'ns Int'l, Inc., 544 F. Supp. 2d 409, 417 n.11 (D.N.J.) (concluding that "the degree of deference . . . moves along a 'sliding scale'" and if "plaintiff's choice of forum cannot be supported by 'bona fide

connections,' the choice of forum warrants less deference"), <u>aff'd</u>, 529 F.3d 183 (3d Cir. 2008).

No discovery is needed to establish what AremisSoft's corporate records plainly recite.

      In sum, the factual record developed by the Bank -- largely left unrefuted by the Trustees'

papers -- provides ample justification for dismissal.  Burdensome discovery of a non-U.S.

defendant is not required to resolve the Bank's motion to dismiss on grounds of forum non

conveniens.

III.    The Trustees' New Arguments Relating To Jurisdictional
      <u>Discovery Are Irrelevant And Entirely Speculative.</u>

      As set out in the Bank's prior papers, a plaintiff seeking jurisdictional discovery must

present "factual allegations that suggest 'with reasonable particularity' the possible existence of

the requisite 'contacts between the party and the forum state.'" <u>Toys "R" Us, Inc. v. Step Two,</u>

<u>S.A.</u>, 318 F.3d 446, 456 (3d Cir. 2003) (citing <u>Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino</u>,

960 F.2d 1217, 1223 (3d Cir. 1992)).  In other words, before jurisdictional discovery is allowed,

plaintiffs here "must first set forth sufficient facts in the complaint to support a reasonable

inference that the defendant can be subjected to in personam jurisdiction within the state."  4

Charles A. Wright et al., <u>Federal Practice and Procedure</u> § 1067.6, at 563 (3d ed. 2002).

      Any new arguments that the Trustees assert in their supplemental papers either are

irrelevant to the jurisdictional analysis or are entirely speculative and, therefore, fall well short of

the Third Circuit's particularity requirement.  Specifically, the Trustees begin with the

unsubstantiated assertion that the Bank is amenable to personal jurisdiction in this District

because the Bank "extended significant credit to companies" "owned and controlled" by

AremisSoft's former chief financial officer Roys Poyiadjis.  (Pl. Mem. at 5.)  By this assertion,

the Trustees suggest that the Bank purposefully availed itself to New Jersey because the Bank

secured loans to Poyiadjis entities by accepting and holding as collateral over 776,000 restricted

shares of AremisSoft stock certificates. (Id.) But this argument does not provide a predicate for jurisdiction over the Bank.

Foremost, the Trustees' assertions about the purported secured loans to Poyiadjis do not establish general jurisdiction, as the alleged transactions do not approximate the Bank's physical presence in the New Jersey. See Severinsen v. Widener Univ., 338 N.J. Super. 42, 51, 768 A.2d 200, 204 (App. Div. 2001). In addition, the alleged transactions do not give rise to specific jurisdiction. As plead in the complaint, the 776,000 AremisSoft shares were deposited with the Bank, in Cyprus, "at the direction of Poyiadjis." (Compl. ¶¶ 39, 43.) The Trustees offer no facts to suggest that the Bank reached out to Poyiadjis or sought entry into New Jersey's stream of commerce.[6] As demonstrated in the Bank's motion to dismiss, the Trustees' theory of purposeful availment fails as matter of law. See Mellon Bank (East) PSFS, N.A. v. DiVeronica Bros., Inc., 983 F.2d 551, 557 (3d Cir. 1993) (district court's finding of specific jurisdiction reversed, holding that "[c]ontracting with a resident of the forum state does not alone justify the exercise of personal jurisdiction over a non-resident defendant . . . , particularly where, as here, the out-of-state defendant executed the 'contract' only at the behest of the resident").

The Trustees next argue that jurisdictional discovery should be allowed on the Bank's alleged "practice of accepting the stock of U.S. corporations" as collateral. (Pl. Mem. at 11.) This request is bottomed on a series of speculative assumptions: that in any "stock pledge transaction" "the parties will often prepare a stock pledge agreement," that "[s]uch agreements

---

[6]     The Trustees complain that the Bank "has produced no documents in connection with this stock pledge transaction, the line of credit extended to Poyiadjis, or his margin trading activities." (Pl. Mem. at 11-12.) But, of course, discovery has not commenced in this action and the Bank therefore is under no obligation to produce documents to the Trustees. In addition, the Supreme Court in its recent pleading decisions has rejected the Trustees' proposed approach to federal civil litigation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management.'").

typically elect U.S. law where the shares pledged are from a U.S.-listed company" and that

"[e]ven in the absence of a stock pledge agreement, a lender must nonetheless seek recourse to

U.S. law and venues in order to validly enforce its security interest in stock held as collateral."

(Pl. Mem. at 12-13.)  As a result, this request warrants no consideration by the Court.  But, even

if the Court were to consider the Trustees' speculation, such purported stock pledge agreements

have nothing to do with this action.  Certainly, none of the Trustees' claims for relief arises out

of a dispute relating to any stock pledge agreement and, moreover, the Trustees fail to identify

anything about such agreements that link the Bank to the New Jersey forum.  Indeed, the

Trustees simply make reference to "U.S. corporations" or "U.S. law."  (See Pl. Mem. at 11-12.)

Their complaint, however, does not plead any claim that arises under federal law and, therefore,

asserted contacts with the United States as a whole (as opposed to contacts with the State of New

Jersey) have no bearing on the personal jurisdiction analysis.  See Fed. R. Civ. P. 4(k)(2).

IV.     The Trustees Are Not Entitled To A Rule 30(b)(6) Deposition.

As shown in these papers and the Bank's original papers opposing discovery, discovery

on the Bank's motion to dismiss is not appropriate because the Trustees have failed to plead with

reasonable particularity any jurisdictional contacts between the Bank and New Jersey, see

Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 107 F.3d 1026, 1042 (3d

Cir. 1997), and because the Bank's defense of forum non conveniens should be decided on

affidavits alone, Piper, 454 U.S. at 258-59.  For those reasons, the Trustees' request for a Rule

30(b)(6) deposition should be denied.

In addition, the Trustees' notice of deposition demonstrates that their request is simply an

attempt to seek premature discovery on the merits.  For instance, the notice of deposition details

several matters for inquiry, which include "[a]ny and all account records for AremisSoft and

11

AremisSoft affiliates" (Specification No. 1), and "[a]ny and all documents concerning communications with AremisSoft" (Specification No. 2).  Broad merits-based inquiries are not permissible for jurisdictional discovery.  See Norex Petroleum Ltd. v. Access Indus., Inc., No. 02 Civ. 1499, 2003 WL 1484269, at *2 (S.D.N.Y. March 21, 2003) ("the request runs afoul of the proscription against permitting a party to engage in extensive discovery that develops details going to the entire case").  Because plaintiffs seek merits-based discovery under the guise of jurisdictional discovery, the Trustees' request for a Rule 30(b)(6) deposition should be denied.

If the Court is inclined to consider the request for a deposition, it should be held in Cyprus, the Bank's principal place of business.  The Trustees seek to depose the Bank in Florham Park, New Jersey, even though the Bank is registered in Cyprus and has no operations in New Jersey or any place else within the United States.  Such a request ignores the well-established rule that a deposition of a corporate defendant should be taken at its principal place of business.  See Thomas v. International Business Machs., 48 F.3d 478, 483 (10th Cir. 1995); Triple Crown America v. Biosynth AG, No. Civ. A. 96-7476, 1998 WL 227886, at *3 (E.D. Pa. April 30, 1998); accord 8A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 2112 (2009) ("The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.").

CONCLUSION

Accordingly, Marfin Popular Bank respectfully requests that the Court reject plaintiffs' application for leave to supplement their conditional motion for jurisdictional and, moreover, deny in their entirety plaintiffs' requests for jurisdictional and forum-related discovery.

Dated:  New York, New York
       October 5, 2009            Respectfully submitted,

                               ALLEN & OVERY LLP

                               By:  _____
                                    Todd S. Fishman
                               1221 Avenue of the Americas
                               New York, New York 10020
                               todd.fishman@allenovery.com

                               Robert J. Kipnees
                               LOWENSTEIN SANDLER PC
                               65 Livingston Avenue
                               Roseland, New Jersey 07068
                               rkipnees@lowenstein.com

                               *Attorneys for Defendant*
                               *Marfin Popular Bank Public Co Ltd*