**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH P. LASALA and<br>FRED S. ZEIDMAN, as CO-TRUSTEES of<br>the AREMISSOFT CORPORATION<br>LIQUIDATING TRUST,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARFIN POPULAR BANK PUBLIC<br>COMPANY, LTD.,<br><br>        Defendant. | Civil Action No.<br>09-CV-00968 (JAP)<br><br><br>ORAL ARGUMENT REQUESTED<br><br><br>Returnable: January 19, 2010 |

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A
STAY OF FURTHER CONSIDERATION OF DEFENDANT'S MOTION TO
DISMISS BASED ON POSSIBLE SPOLIATION OF DOCUMENTS AND FOR AN
ORDER REQUIRING DEFENDANT TO PRODUCE DOCUMENTS HELD BY
DEFENDANT'S COUNSEL PURSUANT TO THIS COURT'S ORDER OF
AUGUST 7, 2009 TO ALLOW PLAINTIFFS TO INVESTIGATE POSSIBLE
SPOLIATION AND TO SUPPLEMENT THEIR OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

---

**GREENBERG TRAURIG, LLP**
200 Park Avenue
Florham Park, New Jersey 07932
Phone: (973) 360-7900

*Attorneys for Joseph P. LaSala and Fred S.
Zeidman, as Co-Trustees of the AremisSoft
Liquidating Trust, Plaintiffs*

On the Brief
Hal M. Hirsch

TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

STATEMENT OF FACTS ........................................................................................ 2

    I.   THE COURT'S AUGUST 7, 2009 ORDER ............................................... 2

    II.  THE CYPRUS PROCEEDINGS ................................................................ 4

ARGUMENT .......................................................................................................... 7

    I.   THE COURT SHOULD ORDER DEFENDANT TO PRODUCE
        DOCUMENTS HELD BY DEFENDANT'S UNITED STATES COUNSEL
        PURSUANT TO THIS COURT'S ORDER OF AUGUST 7, 2009 AND STAY
        FURTHER CONSIDERATION OF DEFENDANT'S MOTION TO DISMISS
        TO ALLOW PLAINTIFFS TO EXAMINE THOSE DOCUMENTS AND
        SUPPLEMENT THEIR OPPOSITION TO DEFENDANT'S MOTION TO
        DISMISS ................................................................................................... 7

        A.  Defendant Might Have Engaged in the Spoliation of Critical Evidence ................ 7

        B.  In the Alternative, A Special Master Should be Appointed to Review the
            Documents in the Possession of Defendant's United States Counsel and
            Subject to the August 7, 2009 Order ................................................... 11

        C.  Further Consideration of the Defendant's Motion to Dismiss Should be
            Stayed to Allow Plaintiffs to Review the Documents and Supplement Their
            Opposition to Defendant's Motion to Dismiss ..................................... 12

    II.  IF UPON FURTHER EXAMINATION THE COURT FINDS THAT THE
        DEFENDANT ENGAGED IN SPOLIATION OF EVIDENCE, THE COURT
        MUST DETERMINE THE APPROPRIATE SANCTIONS ..................................... 13

        A.  Sanctions Could be Imposed Upon Defendant if Spoliation has Occurred .......... 13

           1.  Denial of Defendant's Motion to Dismiss as an Appropriate Sanction .......... 14

           2.  Alternatively, a Spoliation Inference Can Be an Appropriate Sanction .......... 16

CONCLUSION ..................................................................................................... 19

TABLE OF AUTHORITIES

Federal Cases

*City of New York v. A-1 Jewelry & Pawn, Inc.,* 501 F.Supp.2d 369 (E.D.N.Y. 2007)................ 15

*Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119 (3d Cir. 2009) ............................. 11

*In re Prudential Insurance Co. of America Sales Practices Litigation*, 962 F.Supp. 450
   (D.N.J. 1997)..................................................................................................... 11

*In re Victor International, Inc.*, 278 B.R. 67 (Bankr. D.N.J. 2002)........................................ 15, 16

*JP Morgan Chase Bank, N.A. v. Neovi, Inc., C.A.* No. 06-CV-0095, 2007 WL 1989752
   (S.D.Ohio July 9, 2007) ...................................................................................... 15

*Lacey v. Cessna Aircraft Co.,* 862 F.2d 38 (3d Cir. 1988) .................................................... 12, 13

*MOSAID Technologies Inc. v. Samsung Electronics. Co., Ltd.*, 348 F.Supp.2d 332 (D.N.J.
   2004) ....................................................................................................... passim

*Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76 (3d Cir. 1994) ............................ 14, 15, 16

*Wachtel v. Health Net, Inc.*, 482 F.3d 225 (3d Cir. 2007) .......................................... 11

*Yacavino v. Visceglia, C.A.* No. , 2006 WL 2033895 (N.J. Super. July 21, 2006)..................... 11

State Cases

*Johnson v. Mountainside Hospital, Respiratory Disease Associates,* 199 N.J. Super. 114,
   488 A.2d 1029 (N.J. Super. 1985) ...................................................................... 14

*Rosenblit v. Zimmerman*, 166 N.J. 391 (2001) ........................................................... 16

Now comes Plaintiffs Joseph P. LaSala and Fred S. Zeidman, Co-Trustees of the AremisSoft Corporation Liquidating Trust (individually, the "Trust," and, collectively, "Plaintiffs"), by and through counsel, seeking, as set forth herein, a Stay of Further Consideration of Defendant's Motion to Dismiss the Complaint Based on Possible Spoliation of Documents and for an Order requiring Defendant to Produce Documents held by Defendant's Counsel Pursuant to this Court's Order of August 7, 2009 to allow Plaintiffs to Investigate Possible Spoliation and to Supplement their Opposition to Defendant's Motion to Dismiss the Complaint. dated July 6, 2009 ("Plaintiffs' Opposition").   In support thereof, Plaintiffs respectfully submit the following memorandum and state as follows:

Plaintiffs' present Motion is based upon facts occurring after the October 13, 2009 hearing on Defendant Marfin Popular Bank Public Company, Ltd.'s ("Defendant") motion to dismiss.  These new facts suggest that Defendant has engaged in the spoliation of evidence and thus the fairness and integrity of this proceeding now depend on issuance of an Order that requires Defendant to produce those documents in the possession of Defendant's United States counsel to the Plaintiffs.  The new facts also establish that at least one key private interest factor in the *forum non conveniens* analysis – relative ease of access to sources of proof – weighs heavily in favor of denying Defendant's motion to dismiss and demonstrates that New Jersey is the proper forum for Plaintiffs' action.  Plaintiffs therefore seek an Order from the Court (1) requiring Defendant to produce documents held by Defendant's United States counsel pursuant to this Court's Order of August 7, 2009 and for a stay of further consideration of Defendant's Motion to Dismiss the Complaint to allow Plaintiffs to examine those documents and to supplement their previously-filed Memorandum in Opposition to Defendant's Motion to Dismiss; (2) in the alternative, appointing a special master to: review and catalogue the

documents currently in the possession of Defendant's United States counsel so that the catalogued documents can be compared to the documents that were produced by Defendant in a pending proceeding in Cyprus; and (3) prohibiting Defendant from engaging in any spoliation of evidence.   Only through this comparison can it be determined, either by Plaintiffs or by the special master, whether any documents have been wrongfully withheld or subject to spoliation by Defendant in the Cyprus proceeding, thus making it even clearer than ever that this proceeding in New Jersey is the only one in which Plaintiffs can get a fair trial based on a more complete record than will be presented by Defendant if this case is relinquished to the courts in Cyprus.

**STATEMENT OF FACTS**

**I.      THE COURT'S AUGUST 7, 2009 ORDER**

In response to the Trust's Motion to Preserve Documents, Records and Data (Dkt. 12), Defendant submitted a declaration asserting that Defendant's "storage procedure is that documents in hard copies are kept in boxes and stored in special storage rooms" and that documents relevant to this case were being preserved.  Hadjiosif Declaration ("Hadjiosif Decl.") (Dkt. 14), ¶ 4.  The Trust raised a concern that spoliation of evidence might be occurring in this case once it learned for the first time from the Defendant in June 2009 in response to the Trust's Motion to Preserve Documents that a fire in a storage facility in January 2009 might have destroyed documents relevant to this case.  Hadjiosif Decl. ¶ 6.

On August 7, 2009, Magistrate Judge Arpert of this Court issued a Memorandum Opinion and Order (the "August 7, 2009 Order") on Plaintiffs' Motion to Preserve Documents, ruling that "[h]ere, there is cause for concern as to the preservation and safety of the documents pertaining to this case, which are in the Bank's possession, as there was already a loss of

2

documents resulting from a January 21, 2009 fire in a storage facility used by the Bank. Moreover, the destruction of these documents would cause irreparable harm because no electronically archived files or back-up tapes exist.  Under the circumstances, it appears that Defendant's ability to preserve the documents is in question."  *See* Declaration of Hal M. Hirsch ("Hirsch Decl.") at ¶ 2 & Ex. A at 4.  The Order required the Defendant:  (1) "to retain and preserve documents, records and data" relating to this litigation; (2) "to preserve documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities"; and (3) "to transfer all such documents and data to its United States counsel Todd S. Fishman, Esq., of Allen & Overy LLP, to be held until the discovery phase of this case no later than August 25, 2009."  *See* Hirsch Decl. at ¶ 2 & Ex. A at 5.

The August 7, 2009 Order did not require the Defendant to certify either to the Court or to the Plaintiffs when the Defendant was in compliance with the Court's Order as the events which have occurred could never have been reasonably anticipated.  Nor did the Order require that the Defendant provide a catalog or inventory of the documents delivered to United States counsel for similar purposes.  Thus, in order to ascertain whether the Defendant had complied with the Order, on August 25, 2009, the Plaintiffs corresponded with Defendant's counsel seeking confirmation that Defendant had complied with the August 7, 2009 Order.  Hirsch Decl. at ¶ 3 & Ex. B.  On August 25, 2009, the Defendant curtly responded to Plaintiffs' inquiry that the Defendant was "well aware of the Court's directives and has acted accordingly."  Hirsch Decl. at ¶ 4 & Ex. C.  Seeking to avoid the need for court intervention, Plaintiffs' counsel followed up with a call on August 26, 2009 to Defendant's counsel Mr. Fishman, seeking again to determine whether Defendant was in compliance with the August 7, 2009 Order.  *Id.* at ¶ 5.

Defendant's counsel stated that he had received three boxes of documents from Defendant's offices in Cyprus, and documents and disks from Defendant's offices in Greece were in transit to him which were the equivalent of two to three additional boxes of documents and he expected to receive them in the next few days.  *Id.*  In Plaintiffs' Memorandum in Support of Motion for Leave to Supplement their Conditional Motion for Jurisdictional Discovery (Dkt. 50), the Plaintiffs memorialized this conversation with counsel.  Dkt. 50 at 3 n. 1.  Hirsch Decl. at ¶ 6.  The documents and data have not been produced to Plaintiffs' counsel.

## II.    THE CYPRUS PROCEEDINGS

Alecos Markides, former Attorney General of Cyprus, has acted as counsel for the Trust in various matters pending in Cyprus.  Hirsch Decl. at ¶ 7.  Mr. Markides served a Subpoena on the Bank (the "Cyprus Subpoena") in connection with a pending litigation commenced by the Trust in Cyprus against, among others, Lycourgos Kyprianou.  *Id.* at ¶ 8, Ex. B.  The Subpoena sought various documents relevant to that action.  *Id.* at ¶ 9, Ex. B.

Specifically, the Cyprus Subpoena requested that Defendant produce, *inter alia*, the following documents:  account opening documents and monthly bank statements of AremisSoft Corporation and entities related to AremisSoft Corporation and Lycourgos Kyprianou; all documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques, involving the noted entities; and all the Corporate Resolutions which relate to the corresponding bank accounts at the Bank.  *Id.* at ¶ 9.  The Cyprus Subpoena sought approximately the same documents believed to be contained in the five to six boxes of documents Defendant's U.S. counsel received from Defendant's various offices.  *Id.*.

4

The Cyprus Subpoena was returnable in the District Court of Nicosia on October 15, 2009. *Id.* at ¶ 10  On that date, Ms. Christodoulidou appeared as a witness on behalf of Defendant. *Id.* & Ex. E.  The witness raised several objections which were all dismissed by the Trial Judge and the Judge ordered that the documents be produced.  *Id.*

Thereafter, the witness, on behalf of Defendant, produced the following documents: certain account documents for AremisSoft Corporation; AremisSoft (Cyprus) Ltd.; Global Consolidator Ltd.; LK Globalsoft.com Ltd.; Sysco Enterprises; Aremis (Holdings) Ltd.; and Lycourgos Kyprianou. *Id.* at ¶ 11.

The witness produced two and one-half inches of documents and testified that such was the full and complete extent of all document that existed in the custody of Laiki/Marfin and which were not destroyed by the fire.  *Id.* Ex. E.  The witness testified that the documents were only available because they were printed form computers.  *Id.* Ex. E.  The Court and the witness were informed by Mr. Markides that the Bank had produced four (actually five to six) boxes of documents to its United States counsel.  The witness protested that what she was producing in Court were all of the documents in the Bank's possession, that everything else was destroyed by a fire, and that the documents she was producing were the same as those delivered to United States counsel.  *Id.* at ¶ 12.

Copies of the documents produced by the Bank in the Cyprus proceeding have now been produced to the Trust's United States counsel and the volume of such documents is approximately two and one-half inches thick.  *Id.* at ¶ 13.

The Trust has reserved its rights in the Cyprus proceeding to issue a new subpoena and request additional documents from Defendant as the court took no action when confronted with these events.  *Id.* at ¶ 14.

Because the Bank has given sworn testimony in the Cyprus proceeding that all documents other than the two and one-half inch thick group of documents that the Bank produced in Cyprus were destroyed by fire, the Trust is seriously concerned that, despite this Court's Order of August 7, 2009, spoliation of documents may have occurred and further spoliation of documents may occur  *Id.* at ¶ 17.

Defendant's counsel never disputed the volume of boxes in is its custody until December 8, 2009.  *Id.* at 18.  The Defendants did not deny the existence of the five to six boxes when it was memorialized on September 23, 2009, in footnote 1 of the Memorandum of Law in Support of Plaintiffs' Motion For Leave to Supplement Their Conditional Motion For Jurisdictional Discovery, although they discussed it in footnote 5 of their Opposition.  *Id.*  They were also quiet when it was discussed at oral argument of motions on October 13, 2009 and on November 20, 2009 when they received a courtesy draft copy of this Motion only sans exhibits for Rule 37.1 purposes.  On December 4, 2009, the Defendant received a final version of this Motion, prior to the court mediation to be had on December 10, 2009, with exhibits included.  The Cyprus court minutes which are Exhibit E to the Declaration showed that Defendant had testified that all of the documents produced in the United States were the same as those produced in Cyprus.  *Id.* at ¶ 19.  Only then was there an objection raised for the first time by Defendant's counsel that he allegedly advised orally on September 10, 2009. that the volume of documents was "overstated" in prior communications with the Plaintiffs' counsel.  *Id.* at ¶ 20.

The Defendant is seeking to move this case to Cyprus on the grounds of *forum non conveniens* where it has already testified that no documents exist except the scant few it produced in Cyprus.  It appears that the very fears that prompted the Trust to move for preservation of documents have been realized.  The only hope remaining for the Trust to obtain

the documents that are pivotal to a fair hearing of this case is for the Court to require that the documents being held for safe-keeping by Defendant's United States counsel be produced immediately to the Plaintiffs and that further proceedings on Defendant's motion to dismiss be stayed until this matter can be investigated.

## ARGUMENT

I.   **THE COURT SHOULD ORDER DEFENDANT TO PRODUCE DOCUMENTS HELD BY DEFENDANT'S UNITED STATES COUNSEL PURSUANT TO THIS COURT'S ORDER OF AUGUST 7, 2009 AND STAY FURTHER CONSIDERATION OF DEFENDANT'S MOTION TO DISMISS TO ALLOW PLAINTIFFS TO EXAMINE THOSE DOCUMENTS AND SUPPLEMENT THEIR OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

**A.   Defendant Might Have Engaged in the Spoliation of Critical Evidence.**

As previously noted, the Cyprus Subpoena sought approximately the same documents believed to be contained in the five to six boxes of documents Defendant's United States counsel received from Defendant's various offices.  Hirsch Decl. at ¶ 9.  .There is thus a marked discrepancy between the volume of the documents produced to Defendant's United States counsel as ordered by this Court (represented by Defendant's counsel to be five to six boxes) and the one and one-half inch thick group of documents that the Bank produced later in Cyprus.  *Id.* at ¶ 16.

Because the Bank has given sworn testimony in the Cyprus proceeding that all documents other than the one and one-half inch thick group of documents were destroyed by fire, the Trust is seriously concerned that, despite this Court's Order of August 7, 2009, spoliation or further spoliation of documents has occurred.  *Id.* at ¶ 17.  As noted, the Trust raised a concern that spoliation of evidence might be occurring in this case once it learned for the first time from the Defendant in June 2009 in response to the Trust's Motion to Preserve Documents that a fire in a storage facility in January 2009 might have destroyed documents

relevant to this case.  Hadjiosif Decl. at ¶ 6.  These most recent developments in the Cyprus proceeding where the pool of relevant documents in the Bank's hands seems to have been substantially diminished even after this Court ordered preservation of the documents on August 7, 2009 have heightened the Trust's concern that the Defendant is engaging in spoliation of evidence, or at least wrongful withholding of documents.

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *MOSAID Technologies Inc. v. Samsung Electronics. Co., Ltd.*, 348 F.Supp.2d 332, 335 (D.N.J. 2004) (citation and quotation marks omitted).

When Magistrate Judge Arpert issued the August 7, 2009 Order, the Defendant's existing obligation to preserve documents was reinforced by court order.  The Defendant was required to: (1) "to retain and preserve documents, records and data" relating to this litigation; (2) "to preserve documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities"; and (3) "to transfer all such documents and data to its United States counsel Todd S. Fishman, Esq., of Allen & Overy LLP, to be held until the discovery phase of this case no later than August 25, 2009."  *See* Hirsch Decl. at ¶ 2 & Ex. A at 5.

The documents ordered preserved by the August 7, 2009 Order are of paramount significance to the Plaintiffs' claims.  Plaintiffs' claims include allegations that Defendant facilitated, aided and abetted, and conspired with AremisSoft Corporation ("AremisSoft") Directors Lycourgos Kyprianou and Roys Poyiadjis ("Directors") by serving as a vehicle to loot AremisSoft's assets and launder millions of dollars in tainted proceeds, and that Defendant failed to report irregular wire transfers and permitted the Directors to transfer funds for purposes which

it knew or had reason to know were unrelated to any legitimate business activities of AremisSoft. *See* Pls.' Compl. at ¶¶ 2, 40.  As this Court was previously informed, the documents at issue "will conclusively establish the circumstances under which the accounts were created, the origins and destinations of the funds passing through those accounts, and whether or not [Defendant] acted improperly in the context of the account activity." *See* Hirsch Decl. at Ex. A at 3.  The Court itself ruled  that "the destruction of these documents would cause irreparable harm" to the Trust.  *See* Hirsch Decl. at Ex. A at 4.

However, contrary to the statements of Defendant's United States counsel that five to six boxes of documents (relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities) would be in his possession under the Order of August 7, 2009, Defendant has testified before the District Court of Nicosia in Cyprus on October 15, 2009 that only a small group of such documents, totaling approximately two and one-half inch thick, exist – and that any additional documents responsive to the Cyprus Subpoena were destroyed in a fire in *January 2009*.  *See* Hirsch Decl. at ¶¶ 12-13.  Defendant further testified that the documents produced in response to the Cyprus Subpoena were the *same* documents Defendant delivered to its United States counsel pursuant to the August 7, 2009 Order.  *Id.*  As noted above, the Cyprus Subpoena sought approximately the same documents believed to be contained in the five to six boxes Defendant's United States counsel received from Defendant's offices.  *Id.* at ¶ 9.  However, if the five to six boxes of documents are in the possession of Defendant's United States counsel, and only the small number of documents remain in existence as of October 15, 2009, only one of two conclusions can be drawn:  either the missing documents were destroyed between August 26, 2009 and October 15, 2009, or Defendant is wrongfully withholding documents.

As noted, on December 8, 2009 counsel for Defendant first claimed to have had a conversation with Mr. Hirsch back on September 10, 2009 in which Defendant's counsel now claims that he advised Mr. Hirsch that his initial statements concerning the volume of the documents sent to him by the Defendant in response to the August 7, 2009 Order were overstated. *Id.* at ¶¶ 19-20. The Trust is also concerned about the apparently shrinking volume of documents because Defendant's counsel did not allege an overstatement of the volume of documents until after the Trust provided the Defendants, on December 4, 2009, the minutes of the court proceedings in Cyprus in which the Defendant testified under oath that the small production it made in Cyprus was the same production it made to its counsel in this action in the United States and that all other documents were lost in the fire that occurred in its storage facility. *Id.*

As noted, the Cyprus Court denied all of the Bank's objections to the Cyprus Subpoena and ordered the Bank to produce the documents. This Court also understood that production of the relevant documents is essential to the Plaintiffs' proof of their case here, and that loss of these documents would result in irreparable harm. These new facts suggest that Defendant has engaged in the spoliation of evidence in violation of this Court's August 7, 2009 Order and thus the fairness and integrity of this proceeding now depend on issuance of an Order that requires Defendant to produce those documents in the possession of Defendant's Unites States counsel to the Plaintiffs. The Plaintiffs will then be able to perform an analysis and accounting of these documents and compare them to the much smaller production in Cyprus. This is of critical importance to the Trust because the specter of a *forum non conveniens* dismissal in favor of the Cyprus forum is hanging over the Trust, and the five to six  boxes of documents in the United States will never see the light of day.

**B.**     **In the Alternative, A Special Master Should be Appointed to Review the Documents in the Possession of Defendant's United States Counsel and Subject to the August 7, 2009 Order**

Alternatively, the Court should appoint a special master to:  (a) review and catalogue the documents currently in the possession of Defendant's United States counsel and subject to the protections of the August 7, 2009 Order; as well as those produced by Defendant in a pending proceeding in Cyprus, and (b) determine whether any documents have been wrongfully withheld by Defendant in the Cyprus proceeding.  The appointment of a special master is particularly appropriate in light of Defendant's conduct and the danger of further spoliation of evidence.  *Cf. Yacavino v. Visceglia*, C.A. No. Som-L-1374-03, 2006 WL 2033895, at *16 (N.J. Super. July 21, 2006) (noting that, "in connection with plaintiffs' claims of breach of a contract" the Court "took the commendable step of appointing a special master and directing that he review all relevant documents to determine whether the contractual claim could be supported."); *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 138 (3d Cir. 2009) (noting that "having compared the pace and volume of Defendants' production before and after the appointment of [a] Special Discovery Master," the Judge "was entitled to draw the inference that the later rash of 'discovery' of 'recently-located' documents was not coincidence and that, instead, [Defendants] had been withholding documents behind their general objections."); *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 227-228 (3d Cir. 2007) (noting that "the District Court assigned a Special Master to examine documents listed on defendants' privilege logs to determine whether the documents were discoverable."); *In re Prudential Insurance Co. of America Sales Practices Litigation*, 962 F.Supp. 450, 497 n.25 (D.N.J. 1997) (noting that the Court, upon being "informed that a . . . lawyer may have destroyed documents . . . appointed [a] Special Master . . . to investigate that alleged document destruction incident").

**C.**  **Further Consideration of the Defendant's Motion to Dismiss Should be Stayed to Allow Plaintiffs to Review the Documents and Supplement Their Opposition to Defendant's Motion to Dismiss.**

The Court should stay further consideration of Defendant's Motion to Dismiss the Complaint to allow Plaintiffs to examine the documents and to supplement their Opposition to Defendant's Motion to Dismiss.  To prevail on a *forum non conveniens* motion, Defendant must show that a balance of private and public factors "tips decidedly in favor of trial in the foreign forum."  *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991) ("*Lacey II*").  "If, when added together, the relevant private and public interest factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied."  *Id.*  Here, the new evidence shows that a key private interest factor – relative ease of access to sources of proof – weighs heavily in favor of denying Defendant's motion to dismiss and demonstrates that New Jersey is the proper forum for Plaintiffs' action.  *See Lacey II*, 932 F.2d at 182 (observing that "depending on the case, some factors are 'more equal' than others.  If, for example, the barriers to obtaining access to essential sources of proof in the foreign forum are so severe as to render that forum (practically speaking) an inadequate alternative, that consideration (i.e., 'ease of access to sources of proof') cannot be viewed as a run-of-the-mill criterion easily trumped by a countervailing numerical count.").[1]

If Plaintiffs are denied access in Cyprus to Defendants' documents, either as a result of

---

[1]  "In examining the relative ease of access to sources of proof . . . the district court must scrutinize the 'substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant to, the plaintiff's cause of action and to any potential defenses to the action.'"  *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 46 (3d Cir. 1988) ("*Lacey I*") (quoting *Van Cauwenberge v. Biard*, 486 U.S. 517, 528 (1988).  Here, there is no question that the documents in the possession of Defendant's U.S. counsel are "critical" to Plaintiffs' claims and that Plaintiffs will suffer irreparable harm if denied access to them.  *See* Discussion *supra* at Section IA; *see also* Hirsch Decl. at Ex. A, at 4 (noting that "the destruction of these documents would cause irreparable harm").

Defendant's spoliation of evidence or wrongful withholding of relevant documents, Plaintiffs will be deprived of the fundamental source of proof necessary for a fair adjudication of their claims at trial.  Absent such documents, Plaintiffs will be severely prejudiced in a Cyprus forum, and the "relative ease of access to sources of proof" factor therefore weighs against dismissal. Indeed, dismissal on *forum non conveniens* grounds may foreclose entirely Plaintiffs' access to essential sources of proof, which could be fatal to Plaintiffs' claims.  Because the Defendant might have destroyed documents and then a witness might have testified falsely before the Court in Cyprus, the integrity of any proceedings in the Cyprus forum are seriously in question. Plaintiffs should be allowed to supplement their opposition to Defendant's motion to dismiss for *forum non conveniens*.  *See Lacey II*, 932 F.2d at 186 (reversing order of dismissal on *forum non conveniens* grounds and noting that "[i]t would be fundamentally unfair . . . to dismiss [plaintiff's] action . . . on forum non conveniens grounds and send him to a forum where he might be unable to gain access to essential sources of proof.").

## II.   IF UPON FURTHER EXAMINATION THE COURT FINDS THAT THE DEFENDANT ENGAGED IN SPOLIATION OF EVIDENCE, THE COURT MUST DETERMINE THE APPROPRIATE SANCTIONS.

### A.   Sanctions Could be Imposed Upon Defendant if Spoliation has Occurred.

Once it has been demonstrated that a party has spoliated evidence, sanctions may be imposed against that party.  *MOSAID Technologies*, 348 F.Supp.2d at 335.

As the *MOSAID Technologies* Court stated:

> Sanctions are appropriate when there is evidence that a party's spoliation of evidence threatens the integrity of this Court. Spoliation sanctions serve a remedial function by leveling the playing field or restoring the prejudiced party to the position it would have been without spoliation.  They also serve a punitive function, by punishing the spoliator for its actions, and a deterrent function, by sending a clear message to other potential litigants that this type of behavior will not be tolerated and will be dealt with appropriately if need be.

13

*Id.*

Federal courts have the authority to impose sanctions for spoliation of evidence pursuant to the Federal Rules of Civil Procedure and the courts' "inherent power." *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994); *MOSAID Technologies*, 348 F.Supp.2d at 335.[2]

### 1.    Denial of Defendant's Motion to Dismiss as an Appropriate Sanction

Although the denial or dismissal of a party's pleading may constitute a "drastic" or "ultimate" sanction, it is sometimes appropriate if spoliation is found. *See MOSAID Technologies*, 348 F.Supp.2d at 335 (noting that dismissal is one of the "most drastic sanctions" because it "strike[s] at the core of the underlying lawsuit"); *Johnson v. Mountainside Hospital, Respiratory Disease Associates*, 199 N.J. Super. 114, 119, 488 A.2d 1029, 1031 (N.J. Super. 1985) (noting that the application of this sanction is limited to those instances "where the order for discovery goes to the very foundation of the cause of action . . . or where the refusal to comply is deliberate and contumacious.").[3]   Three considerations dictate whether such a sanction is warranted:  "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously

---

[2]   In *Schmid*, the Third Circuit specifically declined to rule on the question of whether the application of spoliation is a matter of substantive state law or federal evidentiary law.  *Schmid*, 13 F.3d at 78.  The Third Circuit found no material difference between Pennsylvania law and federal case law on the subject, and therefore, declined to address the issue.  Likewise, New Jersey law and federal law are substantially similar with respect to the duty to preserve evidence and the sanctions imposed for failure to preserve evidence.

[3]   In *Johnson,* the Court examined an order dismissing the plaintiffs complaint for failure to comply with its discovery obligations, as do the majority of the cases imposing the sanction.  The line of reasoning set forth in *Johnson* is equally applicable to the present case in which the spoliating party is the defendant.  Just as spoliation of evidence should not be used as a sword to inflict damage on a defending party, it should be prohibited from being used to prevent a plaintiff from fully and fairly investigating and prosecuting its claims.

at fault, will serve to deter such conduct by others in the future." *MOSAID Technologies*, 348 F.Supp.2d at 335 (quoting *Schmid*, 13 F.3d at 79).

As described above, the evidence could, upon further examination, support a finding that Defendant has willfully destroyed documents during the time period between the issuance of the August 7, 2009 Order and the October 15, 2009 Cyprus proceeding (or, at best, is wrongfully withholding documents from the plaintiff).  This goes to the heart of the dispute between the parties.  As a result of the Defendant's possible spoliation of this critical evidence, Plaintiffs might "have been deprived of the use of evidence necessary to prove their claims" and thus suffered substantial prejudice.  *Schmid*, 13 F.3d at 79.  Therefore, if such spoliation has occurred in defiance of this Court's August 7, 2009 Order, outright denial of Defendant's Motion to Dismiss could be warranted.  *See, e.g., In re Victor International, Inc.*, 278 B.R. 67, 76 (Bankr. D.N.J. 2002) (holding that, pursuant to the Federal Rules of Civil Procedure, the court may impose sanctions for a party's failure to comply to discovery in the form of suppression of its answer and defenses and entry of default judgment against that defendant; *City of New York v. A-1 Jewelry & Pawn, Inc.*, 501 F.Supp.2d 369, 388 (E.D.N.Y. 2007) (holding that defendant's strategy to "conceal . . . records after this lawsuit was commenced creates an adverse inference supporting the decision that the facts demonstrate that this court has personal jurisdiction over" defendant); *JP Morgan Chase Bank, N.A. v. Neovi, Inc.*, C.A. No. 06-CV-0095, 2007 WL 1989752, at *7 (S.D.Ohio July 9, 2007) (holding that defendant's motion to dismiss for lack of personal jurisdiction was appropriately denied where defendant's "spoliation of information

relevant to the personal jurisdiction determination" was "prejudicial" to plaintiff).[4]

### 2.      Alternatively, a Spoliation Inference Can Be an Appropriate Sanction.

In the alternative, the imposition of a spoliation inference, a "far lesser sanction," can be appropriate.  *Schmid*, 13 F.3d at 79; *MOSAID Technologies*, 348 F.Supp.2d at 335.[5]   The spoliation inference is an adverse inference that permits a fact-finder to infer that "destroyed evidence might or would have been unfavorable to the position of the offending party." *MOSAID Technologies*, 348 F.Supp.2d at 336.  As the *MOSAID Technologies* Court observed:

> This inference is predicated upon the common sense observation that when a party destroys evidence that is relevant to a claim or defense in a case, the party did so out of the well-founded fear that the contents would harm him.

*Id.* (citing *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) and *Schmid*, 13 F.3d at 78).

For the spoliation inference to apply, four factors must be satisfied:  (1) "the evidence in question [must] be within the party's control"; (2) "it must appear that there has been actual

---

[4] With respect to the entry of a default judgment, the *In re Victor* Court cited the "factors to consider in imposing sanctions of dismissal with prejudice or of default judgment, including '(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.'"  *In re Victor*, 278 B.R. at 76 n.6 (quoting *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).  However, the *In re Victor* Court further noted that "all six factors are *not* necessary for the entry of default."  *Id.* (citing *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919-21 (3d Cir. 1992)) (emphasis added).

[5] *See also Rosenblit v. Zimmerman*, 166 N.J. 391, 401-402 (2001) (noting that a "spoliation inference" is the least severe sanction available for spoliation, is a well-known civil remedy which has its roots in the rule "omnia *praesumuntur contra spoliatorem*" which means "all things are presumed against the destroyer," and, allows the fact-finder to "presume that the evidence the spoliator destroyed or otherwise concealed would have been unfavorable to him or her.").

suppression or withholding of the evidence";[6] (3) the evidence destroyed or withheld was relevant to claims or defenses"; and (4) "it was reasonably foreseeable that the evidence would later be discoverable. *MOSAID Technologies*, 348 F.Supp.2d at 336 (noting that "[w]hile a litigant is under no duty to keep or retain every document in its possession, even in advance of litigation, it is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation.").

In this case, the documents at issue easily satisfy these factors. First, the documents were clearly within Defendant's control, as the documents were within the possession of the Defendant or its U.S. counsel in response to this Court's August 7, 2009 Order.     Second,  the documents were either subsequently destroyed or are being wrongfully withheld..  Third, the documents are not only relevant to Plaintiffs' claim, but are critical thereto.  Indeed, the documents at issue "will conclusively establish the circumstances under which the accounts were created, the origins and destinations of the funds passing through those accounts, and whether or not [Defendant] acted improperly in the context of the account activity." *See* Hirsch Decl. at Ex. A at 3.  Fourth, there can be no question that the documents would be discoverable − this Court entered the August 7, 2009 Order to specifically protect the existence and integrity of the documents.

At worst, if Defendant has engaged in the destruction of documents critical to Plaintiffs' claims, it has directly violated the August 7, 2009 Order.  At best, Defendants' conduct in

---

[6] In this regard, even "*negligent* destruction of relevant evidence can be sufficient to give rise to the spoliation inference." *MOSAID Technologies*, 348 F.Supp.2d at 338 (emphasis added).  As the *MOSAID Technologies* Court observed:  "If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence.  By allowing the spoliation inference in such circumstances, the Court protects the integrity of its proceedings and the administration of justice." *Id.*

withholding documents gives rise to serious questions concerning what Defendant is hiding. Thus, if spoliation is found, the Court may impose against Defendant an adverse inference on *all* claims and defenses that the documents would have related to.  In other words, Plaintiff would be entitled to an inference that the destroyed documents would have supported its claims.  *See MOSAID Technologies*, 348 F.Supp.2d at 338 (holding that defendant's actions warranted the sanction of a spoliation inference where defendant knew it had a duty to preserve potentially discoverable evidence, knew that the documents at issue were relevant to the litigation, and failed to prevent the destruction of such documents).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs request that this Court issue an Order: (1) requiring Defendant to produce documents held by Defendant's United States counsel pursuant to this Court's Order of August 7, 2009; (2) staying further consideration of Defendant's Motion to Dismiss the Complaint to allow Plaintiffs to examine those documents to investigate whether spoliation has occurred and to supplement their previously-filed Opposition to Defendant's Motion to Dismiss the Complaint; and (3) prohibiting Defendant from engaging in any spoliation of evidence.  Alternatively, Plaintiffs request an Order appointing a special master to review and catalogue the documents currently in the possession of Defendant's United States. counsel; as well as those produced by Defendant in the Cyprus proceeding,  Depending on what the Plaintiffs or the special master finds in this regard, this Court should consider further inquiry on the question of whether the Defendant has engaged in spoliation of evidence in this case, and if it has, the appropriate sanction to impose on Defendant.

Dated:  December 15, 2009                 GREENBERG TRAURIG, LLP


                                          By: /s/ Hal M. Hirsch
                                               Hal M. Hirsch
                                               David Jay
                                               200 Park Avenue
                                               P.O. Box 677
                                               Florham Park, New Jersey 07932-0677
                                               (973) 360-7900

                                          *Attorneys for the AremisSoft Liquidating Trust*

19