**GREENBERG TRAURIG, LLP**
Hal M. Hirsch (HH 0417)
David Jay (DJ 7221)
200 Park Avenue
Florham Park, New Jersey 07932-0677
Phone:     (973) 360-7900
Fax:        (973) 301-8410

*Attorneys for Joseph P. LaSala and Fred S. Zeidman,
as Co-Trustees of the AremisSoft Liquidating Trust, Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH P. LASALA and<br>FRED S. ZEIDMAN, as CO-TRUSTEES of<br>the AREMISSOFT CORPORATION<br>LIQUIDATING TRUST,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>MARFIN POPULAR BANK PUBLIC<br>COMPANY, LTD.,<br><br>                              Defendant. | Civil Action No.<br>09-CV-00968 (JAP)<br><br><br>**DECLARATION OF HAL M. HIRSCH** |

I, Hal M. Hirsch, hereby declare the following:

    1.    I am counsel to Plaintiffs Joseph P. LaSala and Fred S. Zeidman, as Co-Trustees of the AremisSoft Corporation Liquidating Trust (the "Trust") who were appointed to this position by Order of this Court. As counsel for the Trust, I have personal knowledge of the matters declared herein. I make this Declaration in support of the Plaintiffs' Motion for a Stay of Further Consideration of Defendant's Motion to Dismiss the Complaint Based on Possible Spoliation of Documents and for an Order

requiring Defendant to Produce Documents held by Defendant's Counsel Pursuant to this Court's Order of August 7, 2009 to allow Plaintiffs to Investigate Possible Spoliation and to Supplement their Memorandum in Opposition to Defendant's Motion to Dismiss the Complaint.  Plaintiffs' Motion is based on facts occurring after this Court (Pisano, J.) heard oral argument on defendant Marfin Popular Bank Public Co., Ltd.'s ("Defendant" or "Bank") motion to dismiss on October 13, 2009.

2. On August 7, 2009, Magistrate Judge Arpert of this Court issued a Memorandum Opinion and Order, annexed hereto as Exhibit A (the "Order"), requiring the Defendant (1) "to retain and preserve documents, records and data" relating to this litigation; (2) "to preserve documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities"; and (3) "to transfer all such documents and data to its United States counsel Todd S. Fishman, Esq., of Allen & Overy LLP, to be held until the discovery phase of this case no later than August 25, 2009."

3. The August 7, 2009 Order did not require the Defendant to certify either to the Court or to the Plaintiffs when the Defendant was in compliance with the Court's Order.  Nor did the Order require that the Defendant provide a catalog or inventory of the documents delivered to United States counsel.  Thus, in order to ascertain whether the Defendant had complied with the Order, on August 25, 2009, I corresponded with Defendant's counsel seeking confirmation that Defendant had complied with the August 7, 2009 Order.  A true and accurate copy of the correspondence is annexed hereto as Exhibit B.

4. On August 25, 2009, the Defendant responded to Plaintiffs' inquiry that the Defendant was "well aware of the Court's directives and has acted accordingly." A true and accurate copy of the correspondence is annexed hereto as Exhibit C.

5. Seeking to avoid the need for court intervention, I followed up with a call on August 26, 2009 to Defendant's counsel Mr. Fishman, seeking again to determine whether Defendant was in compliance with the August 7, 2009 Order. Mr. Fishman stated that he had received three boxes of documents from Defendant's offices in Cyprus, and documents and disks from Defendant's offices in Greece were in transit to him which were the equivalent of two to three additional boxes of documents and he expected to receive them in the next few days.

6. In Plaintiffs' Memorandum in Support of Motion for Leave to Supplement their Conditional Motion for Jurisdictional Discovery (Dkt. 50), the Plaintiffs memorialized this conversation with Defendant's counsel. Dkt. 50 at 3 n. 1. In subsequent filings with the Court, the Defendant has never contested the accuracy of this recollection of the communication between counsel about the volume of Defendant's documents that were in, or about to be in, Defendant's counsel's possession pursuant to the August 7, 2009 Order. Indeed, from August 26, 2009 through December 7, 2009, the Defendant never asserted that the volume of the documents produced to counsel in response to this Court's August 7, 2009 Order was less than five to six boxes. The documents and data have not been produced to the Trust.

7. In the Republic of Cyprus, attorney Alecos Markides, the former Attorney General of Cyprus, represents the Trust in various matters.

8.	Mr. Markides served a Subpoena on the Bank.  A copy of the Subpoena and an English translation of the Subpoena are annexed hereto as Exhibit D.  The Subpoena was served in connection with a pending litigation commenced by the Trust in Cyprus against, among others, Lycourgos Kyprianou.  The Subpoena sought various documents relevant to that action.

9.	Specifically, the Subpoena requested that the Bank produce, *inter alia*, the following documents:  account opening documents and monthly bank statements of AremisSoft Corporation and entities related to AremisSoft Corporation and Lycourgos Kyprianou; all Documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques, involving the noted entities; and all the Corporate Resolutions which relate to the corresponding bank accounts at the Bank.  The Cyprus Subpoena sought approximately the same documents believed to be contained in the five to six boxes of documents Defendant's U.S. counsel received from Defendant's various offices.

10.	The Subpoena was returnable in the District Court of Nicosia on October 15, 2009.  On that date, Ms. Christodoulidou appeared as a witness on behalf of the Bank.  A true and accurate copy of the minutes of the court proceedings on that day and an attested English translation of those court minutes are annexed hereto as Exhibit E.  As noted in the court minutes, the witness raised several objections to the production which were all dismissed by the Trial Judge and the Judge ordered that the documents be produced.

11.     Thereafter, the witness, on behalf of the Bank, produced the following category of documents: account documents for AremisSoft Corporation; AremisSoft (Cyprus) Ltd.; Global Consolidator Ltd.; LK Globalsoft.com Ltd.; Sysco Enterprises; Aremis (Holdings) Ltd.; and Lycourgos Kyprianou.

12.     The Court and the witness were informed by Mr. Markides that the Bank had produced four (actually five or six) boxes of documents to its United States counsel. The witness protested that what she was producing in Court were all of the documents in the Bank's possession, that everything else was destroyed by a fire, and that the documents she was producing were the same as those delivered to United States counsel.

13.     Copies of the documents produced by the Bank in the Cyprus proceeding have now been produced to me and the volume of such documents is approximately two and one-half inches thick.

14.     The Trust has reserved its rights in the Cyprus proceeding to issue a new subpoena and request additional documents from the Bank, as the Cyprus court took no action when confronted with these events.

15.     As noted, this Court's Order of August 7, 2009 required the Bank to preserve and turn over "documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities."

16.     There is a marked discrepancy between the volume of the documents produced to Defendant's U.S. counsel as ordered by this Court (five to six boxes) and

5

the two and one-half inch thick group of documents that the Bank produced later in Cyprus.

17.  Because the Bank has given sworn testimony in the Cyprus proceeding that all documents other than the two and one-half inch thick group of documents that the Bank produced in Cyprus were destroyed by fire, the Trust is seriously concerned that, despite this Court's Order of August 7, 2009, spoliation may have occurred and it is likely that further spoliation of documents will occur.

18.  Defendant's counsel never disputed the volume of boxes in is its custody until December 8, 2009.  At that time, counsel claimed for the very first time to have had a conversation with me back on September 10, 2009 in which Defendant's counsel now claims that he advised me that his initial statements concerning the volume of the documents sent to him by the Defendant in response to the August 7, 2009 Order were "overstated".  This claim concerning alleged overstatement of the volume of documents was not made after the Plaintiffs stated that, "Laiki's United States counsel has advised that they have received the equivalent of five to six boxes of documents…from Laiki in compliance with the Memorandum Order…" set forth in footnote 1 of the Memorandum of Law in Support of Plaintiffs' Motion For Leave to Supplement Their Conditional Motion For Jurisdictional Discovery, dated September 23, 2009.  When Defendant filed their Opposition on October 5, 2009, although they discus the documents at footnote 5, they do not refute or address the volume or the existence of five to six boxes of documents for which they were acting as custodian pursuant to the Court's order. Further, when the volume of five to six boxes of documents was discussed at oral argument of motions on October 13, 2009, the Defendant's made no refutation or

6

dispute as to the volume. Again, on November 20, 2009, prior to the first court mediation we transmitted a courtesy draft copy of the this Motion only to the Defendant which addressed the five to six boxes just as the subject Motion does.

19. On December 4, 2009 Plaintiffs transmitted to the Defendant a final version of the subject Motion pursuant to Local Rule 37.1 in the hope that a resolution could be had at the court mediation to be had on December 10, 2009. For the first time though, Plaintiffs included all exhibits to this Declaration. The Cyprus court minutes which are Exhibit E to the Declaration showed that Defendant had testified that all of the documents produced in the United States were the same as those produced in Cyprus.

20. In response thereto, on December 8, 2009, for the very first time and to our shock, Defendant's counsel wrote and stated that he had previously advised that the volume of documents was "overstated" in our prior communications and that I did not "care about the amounts".

21. Defendant's counsel's statement is not correct.

22. The Trust's access these documents is critical to the Trust's ability to obtain a fair trial on its claims against the Defendant. Indeed, Magistrate Judge Arpert, in his August 7, 2009 Order stated: "There is cause for concern as to the preservation and safety of the documents pertaining to this case, which are in the Bank's possession, as there was already a loss of documents resulting from the January 21, 2009 fire in a storage facility used by the Bank. Moreover, the destruction of these documents would cause irreparable harm because no electronically archived files or back-up tapes exist.

Under the circumstances, it appears that Defendants' ability to preserve documents is in question." Exhibit A at 4.

23. In view of the foregoing, as well as Defendants' conduct to date in this proceeding and before the Cyprus Court, as well as Magistrate's Judge Arpert's August 7, 2009 Order, the Trust should now be permitted access to review the documents in the possession of the Defendant's United States counsel, and afforded an opportunity to supplement its Opposition to the Defendants' Motion to the Dismiss; and in the interim, that this Court take no action on the pending Motion to Dismiss.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this fifteenth day of December, 2009.

/s/ Hal M. Hirsch
Hal M. Hirsch