# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSEPH P. LASALA and FRED S.     :     Civil Action No.: 09-968 (JAP)
ZEIDMAN, as CO-TRUSTEES of the   :
AREMISSOFT CORP., LIQUIDATING  :
TRUST,                          :
                                :
    Plaintiffs,                :
                                :
    v.                      :
                                :
MARFIN POPULAR BANK PUBLIC    : MEMORANDUM OPINION AND ORDER
COMPANY, LTD.,              :
                                :
    Defendant.               :
_____ :

**ARPERT, U.S.M.J**

## I.    INTRODUCTION

This matter has come before the Court upon the Motion of Plaintiffs Joseph P. LaSala and Fred S. Zeidman, as Co-Trustees of the AremisSoft Corp., Liquidating Trust ("AremisSoft") (collectively "Plaintiffs") for an Order requiring Defendant Marfin Popular Bank Public Company, Ltd. ("Defendant" or "Laiki" or "the Bank") to retain and preserve documents, records and data [dkt. entry no. 12]. Defendant filed opposition on June 1, 2009. Plaintiffs then filed a Reply Brief on June 9, 2009. The Court has reviewed the parties' submissions and considered the matter pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Plaintiffs' Motion is granted.

## II.    BACKGROUND AND PROCEDURAL HISTORY

This litigation arises from allegations that the Laiki Bank facilitated, aided and abetted and conspired with AremisSoft's Directors Kyprianou and Poyiadjis (collectively "the Directors") by serving as a vehicle to loot Company assets and launder millions of dollars in

tainted proceeds from their massive international fraud. *See* (Pls.' Compl. at ¶ 2.) From about 1998 through July 2001, the Directors allegedly issued false and fraudulent public statements and regulatory filings representing to the investing public and regulators that AremisSoft's business, revenues, and profits were experiencing rapid growth. *Id.* at ¶ 24. Plaintiffs allege that in actuality the company was not profitable and the effect of these fraudulent misrepresentations was that the perceived value and profitability of AremisSoft was far higher than its actual value and profitability, and as a result, the value of AremisSoft shares traded on NASDAQ National Market were artificially inflated. *Id.* at ¶ 26. Plaintiffs further allege that to conceal their illegal conduct the Directors engaged in a sophisticated money laundering scheme, employing numerous entities to hold and sell their AremisSoft stock, and numerous bank accounts to hold and transfer the proceeds of their scheme. *Id.* at ¶ 27. It is now being alleged in the instant action, filed on March 4, 2009, that Defendant was complicit or knowingly turned a blind eye to the looting of AremisSoft by failing to report irregular wire transfers and permitting the Directors to transfer funds for purposes which it knew or had reason to know were unrelated to any legitimate business activities of AremisSoft. *Id.* at ¶ 40.

Now before this Court is Plaintiffs' Motion for an Order requiring Defendant to retain and preserve documents. Plaintiffs state that "[g]iven [Defendant's] unlawful conduct, it is imperative that the Court act swiftly to ensure that the crucial evidence in this case is retained, preserved and produced to the [Defendant's] United States counsel for safekeeping." (Pls' Br. at 13.) Plaintiffs also state that "[t]here is a danger that, to conceal its own misdeeds and actions taken at the perpetrators' urging, [Defendant] will cause certain documents to be destroyed or 'lost.'" *Id.* at 15. Plaintiffs argue that the information they seek to preserve "will conclusively

2

establish the circumstances under which the accounts were created, the origins and destinations of the funds passing through those accounts, and whether or not Laiki acted improperly in the context of the account activity." *Id*. Plaintiffs further argue that "there should be little if any burden on Laiki to preserve and produce this information [because] [as] an international banking institution, Laiki has the resources to maintain the documents and data the Trust seeks it to preserve." *Id*. at 16. Lastly, Plaintiffs argue that "[t]he issue is whether there is a risk of loss, and the [Defendant] is hard-pressed not to acknowledge the risk in this case . . . [because] [b]y its own admission a fire has taken place at what appears to be a storage facility which was used by the [Defendant] in part to house special storage rooms [for] AremisSoft related documents." (Pls.' Reply Br. at 4.)

In opposition, Defendant argues that "[g]iven the [Defendant's] internal policy on document preservation, no irreparable harm is likely to result absent an order." (Def.'s Opp'n Br. at 2.) Defendant also argues that "there has been no threshold determination that the Court has personal jurisdiction over the Bank, that New Jersey is a proper and convenient forum for this action or that the complaint's three claims for relief satisfy the relevant pleading standards of Federal Rule of Civil Procedure 9(b)." *Id*. Defendant further argues that "Plaintiffs point to no instance where the Bank improperly concealed documents required to be produced under lawfully obtained process." *Id*. at 10. Lastly, Defendant argues that before any documents can be produced to the United States "the Bank [*sic*] must conduct a complete review of each document for relevance and to assure compliance with Cyprus bank secrecy laws and data protection regulations [and] [t]his costly and burdensome process should not be imposed on the Bank . . . before [P]laintiffs have even established that this Court has personal jurisdiction." *Id*.

at 12.

## III.   DISCUSSION

### A.   The Need for Preservation.

When evaluating whether to issue an order for preservation of discovery materials courts consider the following factors: concern for maintenance of integrity of evidence in absence of an order, irreparable harm to the party seeking preservation in absence of an order, and capability of the party to maintain the evidence.  *See Capricorn Power Co., Inc. v. Siemans Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D.Pa. 2004); *see also Treppel v. Biovail, Corp.,* 233 F.R.D. 363, 371 (S.D.N.Y. 2006).  Furthermore, "[t]he burden of establishing the risk that documents will be destroyed in the future is 'often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place.'"  *See Treppel*, 233 F.R.D. at 371 (citations omitted).  Here, there is cause for concern as to the preservation and safety of the documents pertaining to this case, which are in the Bank's possession, as there was already a loss of documents resulting from a January 21, 2009 fire in a storage facility used by the Bank.  Moreover, the destruction of these documents would cause irreparable harm because no electronically archived files or back-up tapes exist.  Under the circumstances, it appears that Defendant's ability to preserve the documents is in question.

### B.   Jurisdictional Issue.

The Supreme Court has held that "jurisdiction is vital only if the court proposes to issue a judgment on the merits."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) (citation omitted).  Furthermore,  "if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts . . . the plaintiff's

right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F. 3d 446, 456 (3d Cir. 2003).  Here, the relief sought by the instant Motion is not a judgment on the merits, but is merely a procedural order for the preservation of documents. Therefore, this Motion may be decided prior to the resolution of the motion to dismiss this action on jurisdictional grounds that is pending before the Honorable Joel A. Pisano.

### III.    CONCLUSION AND ORDER

**IT IS** on this 7th day of August, 2009,

**ORDERED** that Plaintiffs' Motion for an Order requiring Defendant to retain and preserve documents, records and data [dkt. entry no. 12] is **GRANTED**; and it is

**FURTHER ORDERED** that Defendant is directed to preserve documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities; and it is

**FURTHER ORDERED** that Defendant is directed to transfer all such documents and data to its United States counsel Todd S. Fishman, Esq., of Allen & Overy LLP, to be held until the discovery phase of this case no later than **August 25, 2009**.

*s/ Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT B



Hal M. Hirsch
Tel. (212) 801-6868
Fax (212) 805-5568
hirschh@gtlaw.com

August 25, 2009

**VIA PDF**

Todd S. Fishman, Esq.
Allen & Overy LLP
1221 Avenue of the America
New York, New York 10022

Re:    *LaSala, et al  v. Marfin Popular Bank Public Company, Ltd.*
       Civil Action No. 09-cv-00968 (JAP)(DEA)

Dear Todd:

I am writing with respect to the August 7, 2009 Memorandum Opinion and Order of Magistrate Judge Arpert in this action. As you are aware, no later than August 25, 2009, your client is to transfer to you "all documents, records and data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings, Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities." Please confirm upon the close of business today that your client has complied with the Court's Order.

Sincerely,

Hal M. Hirsch

cc:    Robert J. Kipness, Esq. *(via PDF)*

# EXHIBIT C

ALLEN & OVERY

August 25, 2009

BY ELECTRONIC MAIL

Hal M. Hirsch, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, New York 10166

**Allen & Overy LLP**
1221 Avenue of the Americas
New York  NY  10020

Tel            212 610 6300
Fax            212 610 6399
Direct line     212 756 1130
todd.fishman@newyork.allenovery.com

Re:     *LaSala v. Marfin Popular Bank Public Company, Ltd.*
        Civil Action No. 09-cv-00968 (JAP)(DEA)

Dear Hal:

We write in response to your letter of today concerning Magistrate Judge Arpert's August 7, 2009 Memorandum Opinion and Order.  Marfin Popular Bank is well aware of the Court's directives and has acted accordingly.

Very truly yours,

Todd S. Fishman

cc:     Robert J. Kipnees, Esq.
        Daniel J. Buzzetta, Esq.

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Bucharest (associated office), Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, New York, Paris, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Tokyo and Warsaw.

# EXHIBIT D

23/9/9

(Τύπος  J. 175.)

ΠΡΩΤΟΚΟΛΛΗΤΕΙΟ      (Αγωγή Αρ. 5581 / 20 05 )

Αρ. 5—ΕΝΟΡΚΗ ΔΗΛΩΣΗ ΕΠΙΔΟΣΗΣ (Δ. 5, Κ. 2)

Εγώ,       ΓΙΑΝΝΟΣ ΙΩΑΝΝΟΥ                                    , Δικαστικός
              09-643357

Επιδότης ορκίζομαι και λέγω ότι επέδωσα επίσημο αντίγραφο του κλητηρίου ~~εντάλματος~~ στην Αγωγή με

Αριθμό 5581 / 05 του Πρωτοκολλητείου                στο (α)

την   8 / 9 / 20 09, αφήνοντάς το στην παρουσία του

έναντι της υπογραφής του/της στον εναγόμενο (β)

(γ)   MARFIN  BANK  LTD               από

ή για τον εναγόμενο                                                  τον οποίο δεν

βρήκα στο σπίτι του ή στο συνηθισμένο τόπο εργασίας του,

ο πιο πάνω                                         (δ)

είναι                                                 του πιο πάνω εναγομένου.

Αντίγραφο του εγγράφου/εγγράφων που επιδόθηκαν επισυνάπτεται στην παρούσα σαν τεκμήριο και
σημειώνεται "Α".

(Υπογραφή) ................................................

Υπόγραψε και ορκίστηκε ενώπιόν μου στη

την       9 / 9 / 20 09

                                                ................................................
                                                Πρωτοκολλητής

£11.00

(α)   Πόλη ή χωριό που γίνεται η επίδοση.

(β)   Διαγράψετε τη λέξη "Εναγόμενος" εάν δεν εφαρμόζεται.

(γ)   Διαγράψετε μέχρι το τέλος, εάν δεν εφαρμόζεται.

(δ)   Δηλώσετε την σχέση του με τον Εναγόμενο για τον οποίο αφήσετε το κλητήριο.

ΣΗΜ.—Η ένορκη Δήλωση επίδοσης πρέπει να γίνει μέσα σε 7 ημέρες από την επίδοση.

(Form J. 192G.)

**Η 006158**

**ΚΛΗΤΗΡΙΟΝ ΜΑΡΤΥΡΟΣ**

FORM No. 27 (Order 32, Rule 5)

Εν τω Επαρχιακώ Δικαστηρίω Λευκωσίας ........ Αγωγή Αρ. ..... του 20 ....

ΜΕΤΑΞΥ *Joseph Lazan* ....................... Ενάγοντος
*sou Fred Zeiman*
και
Προς τον (α) *Martin Rapoport and Rapoport ... Ltd* ........ Εναγομένου
εκ (β) ....

Προστάττεσθε δια του παρόντος να εμφανισθήτε ενώπιον του Δικαστηρίου τούτου εν Λευκωσία την 23 Σεπτεμβρίου 2009 ημέραν Τετάρτη και ώραν 9:00 π.μ και αυτά από ημέρας εις ημέραν μέχρις ότου εκδικασθή η ως άνω υποθεσις ίνα δώσητε μαρτυρία ....

Σφραγίς
του Δικαστηρίου

Τη 04/09/20 09

(α) Όνομα κλητευόμενου μάρτυρος·
(β) Δηλώσατε την διεύθυνσιν του μάρτυρος, ως και το όνομα της οδού και τον αριθμόν του οικήματος (εάν υπάρχη)·
* Διαγράψατε τας μετά τον αστερίσκον λέξεις αίτινες δεν εφαρμόζονται.

## ΠΙΝΑΚΑΣ

1. Όλα τα έγγραφα ανοίγματος λογαριασμού και όλες τις μηνιαίες καταστάσεις λογαριασμών για την περίοδο 1.7.1998 μέχρι σήμερα της κάθε μιας από τις ακόλουθες εταιρείες:

(Α)    Της εταιρείας AremisSoft Corporation.

(Β)    Της εταιρείας AremisSoft (Cyprus) Ltd.

(Γ)    Της εταιρείας AremisSoft (EE.ME.A) Limited.

(Δ)    Της εταιρείας Global Consolidator Public Limited (προηγουμένως LK GlobalSoft.com Limited)

(Ε)    Της εταιρείας Semark Consultancy Services Ltd.

(ΣΤ)   Της εταιρείας Southwood Management Ltd.

(Ζ)    Της εταιρείας Sysco Enterprises Corporation,. συμπεριλαμβανομένου αλλά χωρίς περιορισμό του λογαριασμού # 020-33-072371.

(Η) Της εταιρείας Spahn Partners Finanz Consult GmbH

(Θ) Της εταιρείας Still & Life GmbH

(Ι) Της εταιρείας Denon International Limited

(ΙΑ) Της εταιρείας LK Global (Holdings) N.V.

(ΙΒ) Της εταιρείας LK Global Information Systems B.V.

(ΙΓ) Της εταιρείας Aremis Holdings Limited

(ΙΔ) Της εταιρείας Aremis Technology Ventures Limited

(ΙΕ) Της εταιρείας Cassiere Enterprises Inc.

(ΙΣΤ) Της εταιρείας Barrington Asset Management Limited

(ΙΖ) Της εταιρείας Capital Growth Overseas Partners Inc.

(ΙΘ) Της εταιρείας Palantine Asset Management Ltd

(Κ) Της εταιρείας Sincock Holdings Corporation

(ΚΑ) Της εταιρείας Westminster International Securities

(ΚΒ) Της εταιρείας Momentum Equities Inc.

(ΚΓ) Της εταιρείας Morgan Capital Partners Inc.

(ΚΔ) Της εταιρείας Mullway Investments Limited

(ΚΕ) Της εταιρείας Emerging Markets Capital

(ΚΣΤ Της εταιρείας Global Capital Management Ltd

(ΚΖ) Της εταιρείας Jupiter Venture Capital Ltd

2. Όλες τις μηνιαίες καταστάσεις λογαριασμών στην MARFIN POPULAR BANK PUBLIC CO LIMITED του κ. Λυκούργου Κυπριανού.

3. Όλα τα έγγραφα και γραπτές επικοινωνίες (συμπεριλαμβανομένων και όλων όσων είναι ή φυλάσσονται σε ηλεκτρονική μορφή), συμπεριλαμβανομένων αλλά χωρίς περιορισμό σε αυτά, εγγράφων που αφορούν εμβάσματα, καταστάσεις λογαριασμών, καταθέσεις, πιστώσεις και/ή χρεώσεις, οδηγίες εμβασμάτων, επιταγές και / ή ημερολογιακά χρεωπιστωτικά φύλλα αναφορικά με την μεταφορά **από** λογαριασμούς στην MARFIN POPULAR BANK PUBLIC CO LIMITED οποιασδήποτε από τις εταιρείες που αναφέρονται στην Παράγραφο 1 πιο πάνω **προς** οποιανδήποτε άλλη άλλες από τις εταιρείες που αναφέρονται στην ίδια πιο πάνω Παράγραφο ή προς οποιονδήποτε από τα ακόλουθα πρόσωπα:

   (i) Λυκούργος Κυπριανού
   (ii) Kurt Sedlmayer
   (iii) Michael Pöhn
   (iv) Της εταιρείας LK Global (Holdings) N.V.
   (v) Της εταιρείας LK Global Information Systems B.V.

4. Όλα τα έγγραφα και γραπτές επικοινωνίες (συμπεριλαμβανομένων και όλων όσων είναι ή φυλάσσονται σε ηλεκτρονική μορφή), συμπεριλαμβανομένων αλλά χωρίς περιορισμό σε αυτά, εγγράφων που αφορούν εμβάσματα, καταστάσεις λογαριασμών, καταθέσεις, πιστώσεις και/ή χρεώσεις, οδηγίες εμβασμάτων, επιταγές και / ή ημερολογιακά χρεωπιστωτικά φύλλα αναφορικά με την μεταφορά **προς** λογαριασμούς στην MARFIN POPULAR BANK PUBLIC CO LIMITED οποιασδήποτε από τις εταιρείες που αναφέρονται στην Παράγραφο 1 πιο πάνω **από** οποιανδήποτε άλλη άλλες από τις εταιρείες που αναφέρονται στην ίδια πιο πάνω Παράγραφο ή από οποιαδήποτε από τα ακόλουθα πρόσωπα:

   (i) Λυκούργος Κυπριανού
   (ii) Kurt Sedlmayer
   (iii) Michael Pöhn
   (iv) Της εταιρείας LK Global (Holdings) N.V.

(v) Της εταιρείας LK Global Information Systems B.V.

5. Όλες τις επιταγές ή, όπου δεν υπάρχει πρωτότυπο, πιστοποιημένα ή άλλα αντίγραφα όλων των επιταγών, που πιστώθηκαν και/ή πληρώθηκαν από οποιοδήποτε Λογαριασμό στην MARFIN POPULAR BANK PUBLIC CO LIMITED των ακόλουθων εταιρειών:

    (Α)       Της εταιρείας AremisSoft Corporation.

    (Β)       Της εταιρείας AremisSoft (Cyprus) Ltd.

    (Γ)       Της εταιρείας AremisSoft (EE.ME.A) Limited.

    (Δ)       Της εταιρείας Global Consolidator Public Limited (προηγουμένως LK GlobalSoft.com Limited)

6. Όλες τις σχετικές με τους αντίστοιχους λογαριασμούς στην MARFIN POPULAR BANK PUBLIC CO LIMITED αποφάσεις (όσες παραδόθηκαν στην MARFIN POPULAR BANK PUBLIC CO LIMITED) Διοικητικού Συμβουλίου της κάθε μιας από τις ακόλουθες εταιρίες:

    (i)       AremisSoft Corporation

    (ii)      AremisSoft (Cyprus) Ltd

    (iii)     AremisSoft (EE.ME.A) Limited

    (iv)     Spahn Partners Finanz Consult GmbH

    (v)      Still & Life GmbH

    (vi)     Denon International Limited

    (vii)    Semark Consultancy Services Ltd

    (viii)   Southwood Management Ltd

    (ix)     Aremis Holdings Ltd

    (x)      LK Global (Holdings) N.V.

    (xi)     LK Global Information Systems B.V.

    (xii)    Aremis Technology Ventures Limited

    (xiii)   Cassiere Enterprises Inc.

    (xiv)   Barrington Asset Management Limited

    (xv)    Capital Growth Overseas Partners Inc.

    (xvi)   Palantine Asset Management Ltd

    (xvii)  Sincock Holdings Corporation

(xviii)    Westminster International Securities

(xix)    Momentum Equities Inc.

(xx)    Morgan Capital Partners Inc.

(xxi)    Mullway Investments Limited

(xxii)    Emerging Markets Capital

(xxiii)    Global Capital Management Ltd

(xxiv)    Jupiter Venture Capital Ltd

(xxv)    Sysco Enterprises Corp.

(xxvi)    Global   Consolidator   Public   Limited   (προηγουμένως   LK
GlobalSoft.com Limited)

7. Όλα   τα   έγγραφα,(συμπεριλαμβανομένων   και   όλων   όσων   είναι   ή
φυλάσσονται σε ηλεκτρονική μορφή), συμπεριλαμβανομένων αλλά χωρίς
περιορισμό σ' αυτά, εγγράφων, που αφορούν ανοίγματα λογαριασμών,
εμβάσματα,   καταστάσεις   λογαριασμών,   καταθέσεις,   πιστώσεις   και/ή
χρεώσεις,   οδηγίες   εμβασμάτων,   επιταγές   και   /   ή   ημερολογιακά
χρεωπιστωτικά   φύλλα   αναφορικά   με   καταθετικούς   και/ή   άλλους
λογαριασμούς στην MARFIN POPULAR BANK PUBLIC CO LIMITED της
κάθε μιας από τις πιο κάτω εταιρίες και / ή πρόσωπα:

(i)    AremisSoft Corporation

(ii)    AremisSoft (Cyprus) Ltd

(iii)    Spahn Partners Finanz Consult GmbH

(iv)    Still & Life GmbH

(v)    Denon International Limited

(vi)    Semark Consultancy Services Ltd

(vii)    Southwood Management Ltd

(viii)    AremisSoft (EE.ME.A) Limited

(ix)    Aremis Holdings Ltd

(x)    Λυκούργος Κυπριανού

(xi)    Kurt Sedlmayer

(xii)    Michael Pöhn

(xiii)    LK Global (Holdings) N.V.

(xiv)    LK Global Information Systems B.V.

(xv)    Aremis Technology Ventures Limited

4

(xvi)      Cassiere Enterprises Inc.

(xvii)     Barrington Asset Management Limited

(xviii)    Capital Growth Overseas Partners Inc.

(xix)      Palantine Asset Management Ltd

(xx)       Sincock Holdings Corporation

(xxi)      Westminster International Securities

(xxii)     Momentum Equities Inc.

(xxiii)    Morgan Capital Partners Inc.

(xxiv)     Mullway Investments Limited.

(xxv)      Emerging Markets Capital

(xxvi)     Global Capital Management Ltd

(xxvii)    Jupiter Venture Capital Ltd

(xxviii)   Sysco Enterprises Corp.

(xxix)     Global   Consolidator   Public   Limited   (προηγουμένως   LK
           GlobalSoft.com Limited)

8. Όλα τα έγγραφα και γραπτές επικοινωνίες (συμπεριλαμβανομένων και
όλων   όσων   είναι   ή   φυλάσσονται   σε   ηλεκτρονική   μορφή),
συμπεριλαμβανομένων αλλά χωρίς περιορισμό σε αυτά εγγράφων που
αφορούν εμβάσματα, καταστάσεις λογαριασμών, καταθέσεις, πιστώσεις
και/ή χρεώσεις, οδηγίες εμβασμάτων και επιταγές αναφορικά με την
μεταφορά από και/ή προς οποιονδήποτε λογαριασμό στην MARFIN
POPULAR BANK PUBLIC CO LIMITED ή σε συνδεδεμένες με αυτήν
τράπεζες της AremisSoft (EE.ME.A) Limited.

9. Όλα τα έγγραφα και γραπτές επικοινωνίες (συμπεριλαμβανομένων και
όλων   όσων   είναι   ή   φυλάσσονται   σε   ηλεκτρονική   μορφή),
συμπεριλαμβανομένων αλλά χωρίς περιορισμό σε αυτά εγγράφων που
αφορούν, εμβάσματα, καταστάσεις λογαριασμών, καταθέσεις, πιστώσεις
και/ή χρεώσεις, οδηγίες εμβασμάτων και επιταγές αναφορικά με
μεταφορές από τον λογαριασμό της AremisSoft Corporation και της
AremisSoft (Cyprus) Ltd και/ή τους λογαριασμούς των θυγατρικών της
κάθε μιας απ' αυτές και του Λυκούργου Κυπριανού και/ή προς όφελος του
(άμεσα ή έμμεσα) από την MARFIN POPULAR BANK PUBLIC CO

LIMITED ή συνεργαζόμενες με αυτήν τράπεζες προς τις ακόλουθες τράπεζες:

α) Lloyds TSB Bank plc, στον λογαριασμό "Lady Moura" αριθμός λογαριασμού: 1980410-110

β) Lloyds TSB Bank plc, στον λογαριασμό της AremisSoft (EE,ME,A) Limited, αριθμός λογαριασμού: 190551-110

γ) Lloyds TSB Bank plc  προς τους λογαριασμούς και/ή οποιονδήποτε από τους λογαριασμούς του Λυκούργου Κυπριανού και/ή προς όφελος του (άμεσα ή έμμεσα).

10. Όλα τα έγγραφα (συμπεριλαμβανομένων και όλων όσων είναι ή φυλάσσονται σε ηλεκτρονική μορφή), περιλαμβανομένων και γραπτών επικοινωνιών από και προς την MARFIN POPULAR BANK PUBLIC CO LIMITED και που αφορούν οποιονδήποτε από τους πιο κάτω:

(i)       AremisSoft Corporation
(ii)      AremisSoft (Cyprus) Ltd
(iii)     Spahn Partners Finanz Consult GmbH
(iv)      Still & Life GmbH
(v)       Denon International Limited
(vi)      Semark Consultancy Services Ltd
(vii)     Southwood Management Ltd
(viii)    AremisSoft (EE.ME.A) Limited
(ix)      Aremis Holdings Ltd
(x)       Λυκούργος Κυπριανού
(xi)      Kurt Sedlmayer
(xii)     Michael Pöhn
(xiii)    LK Global (Holdings) N.V.
(xiv)     LK Global Information Systems B.V.
(xv)      Aremis Technology Ventures Limited
(xvi)     Cassiere Enterprises Inc.
(xvii)    Barrington Asset Management Limited
(xviii)   Capital Growth Overseas Partners Inc.



(xix)      Palantine Asset Management Ltd
(xx)       Sincock Holdings Corporation
(xxi)      Westminster International Securities
(xxii)     Momentum Equities Inc.
(xxiii)    Morgan Capital Partners Inc.
(xxiv)     Mullway Investments Limited.
(xxv)      Sysco Enterprises Corp.
(xxvi)     Άθως Γαβριήλ
(xxvii)    Μιχάλης Τύμβιος
(xxviii)   Emerging Markets Capital
(xxix)     Global Capital Management Ltd
(xxx)      Jupiter Venture Capital Ltd
(xxxi) Global    Consolidator    Public    Limited    (προηγουμένως    LK
       GlobalSoft.com Limited)


11. Το μήνυμα Swift και/ή το έμβασμα με Swift ημερομηνίας κατά ή περί την
20 Μαρτίου 2007 από Barclays Bank Singapore για ποσό €24.000.000  σε
πίστη και/ή προς πίστωση και/ή προς όφελος του λογαριασμού με αριθμό
04033077081, καθώς και τις μηνιαίες κινήσεις του εν λόγω λογαριασμού από
1.3.2007 μέχρι σήμερα.

(Υπ.) Αλέκος Μαρκίδης


Δικηγόρος Εναγόντων στην Αγωγή 5581/05 του Επαρχιακού Δικαστηρίου
Λευκωσίας

7

## **DOCUMENTS TO BE PRODUCED**

1.  All the account opening documents and all the monthly bank account statements concerning the period  1.7.1998 until the present date in respect to each of the following companies:

(A)     AremisSoft Corporation.

(B)     AremisSoft (Cyprus) Ltd.

(C)     AremisSoft (EE.ME.A) Limited.

(D)     Global Consolidator Public Limited (formerly LK GlobalSoft.com Limited)

(E)     Semark Consultancy Services Ltd.

(F)     Southwood Management Ltd.

(G)      Sysco Enterprises Corporation,. Including but without limitation of account # 020-33-072371.

(H) Spahn Partners Finanz Consult GmbH

(I) Still & Life GmbH

(J) Denon International Limited

(K) LK Global (Holdings) N.V.

(L) LK Global Information Systems B.V.

(M) Aremis Holdings Limited

(N) Aremis Technology Ventures Limited

(O) Cassiere Enterprises Inc.

(P) Barrington Asset Management Limited

(Q) Capital Growth Overseas Partners Inc.

(R) Palantine Asset Management Ltd

(S) Sincock Holdings Corporation

(T) Westminster International Securities

(U) Momentum Equities Inc.

(V) Morgan Capital Partners Inc.

(W) Mullway Investments Limited

(X) Emerging Markets Capital

(Y Global Capital Management Ltd

(Z) Jupiter Venture Capital Ltd

2.  All the monthly statements of bank accounts at MARFIN POPULAR BANK PUBLIC CO LIMITED of Mr. Lycourgos Kyprianou.

3.  All Documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques, concerning the transfer from or a credited transfer **from** any account at MARFIN POPULAR BANK PUBLIC CO LIMITED of any of the companies which are listed in Paragraph 1 above **towards** any other company aside from those which are listed in the as above Paragraph or to the to the credit of any of the following companies and individuals:

  (i)  Lycourgos Kyprianou
  (ii)   Kurt Sedlmayer
  (iii)   Michael Pöhn
  (iv)  LK Global (Holdings) N.V.
  (v) LK Global Information Systems B.V.

4.  All Documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques, concerning the transfer from or a credited transfer **towards** any account at MARFIN POPULAR BANK PUBLIC CO LIMITED of any of the companies which are listed in Paragraph 1 above **from** any other company aside from those which are listed in the as above Paragraph or to the to the credit of any of the following companies and individuals:

  (i)  Lycourgos Kyprianou
  (ii)   Kurt Sedlmayer
  (iii)   Michael Pöhn
  (iv)  LK Global (Holdings) N.V.
  (v) LK Global Information Systems B.V.

5.  All the cheques or where the original may not be produced, copies of all the cheques which were debited and/or credited to  from any account  at MARFIN POPULAR BANK PUBLIC CO LIMITED of the following comanies:

    (A)          AremisSoft Corporation.

    (B)          AremisSoft (Cyprus) Ltd.

    (Γ)          AremisSoft (EE.ME.A) Limited.

    (Δ)          Global Consolidator Public Limited (formerly LK GlobalSoft.com Limited)

6.  All the Corporate Resolutions which relate to the corresponding bank accounts at MARFIN POPULAR BANK PUBLIC CO LIMITED (and which have been submitted to MARFIN POPULAR BANK PUBLIC CO LIMITED) of each of the following companies:

    (i)          AremisSoft Corporation

    (ii)          AremisSoft (Cyprus) Ltd

    (iii)          AremisSoft (EE.ME.A) Limited

    (iv)          Spahn Partners Finanz Consult GmbH

    (v)          Still & Life GmbH

    (vi)          Denon International Limited

    (vii)          Semark Consultancy Services Ltd

    (viii)          Southwood Management Ltd

    (ix)          Aremis Holdings Ltd

    (x)          LK Global (Holdings) N.V.

    (xi)          LK Global Information Systems B.V.

    (xii)          Aremis Technology Ventures Limited

    (xiii)          Cassiere Enterprises Inc.

    (xiv)          Barrington Asset Management Limited

    (xv)          Capital Growth Overseas Partners Inc.

(xvi)      Palantine Asset Management Ltd

(xvii)     Sincock Holdings Corporation

(xviii)    Westminster International Securities

(xix)      Momentum Equities Inc.

(xx)       Morgan Capital Partners Inc.

(xxi)      Mullway Investments Limited

(xxii)     Emerging Markets Capital

(xxiii)    Global Capital Management Ltd

(xxiv)     Jupiter Venture Capital Ltd

(xxv)      Sysco Enterprises Corp.

(xxvi)     Global Consolidator Public Limited (formerly LK GlobalSoft.com Limited)


7. All Documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques, at MARFIN POPULAR BANK PUBLIC CO LIMITED in respect to deposit and/or other acoountys of any of the companies of any of the following companies and individuals:


(i)        AremisSoft Corporation

(ii)       AremisSoft (Cyprus) Ltd

(iii)      Spahn Partners Finanz Consult GmbH

(iv)       Still & Life GmbH

(v)        Denon International Limited

(vi)       Semark Consultancy Services Ltd

(vii)      Southwood Management Ltd

(viii)     AremisSoft (EE.ME.A) Limited

(ix)       Aremis Holdings Ltd

(x)        Lycourgos Kyprianou

(xi)       Kurt Sedlmayer

(xii)      Michael Pöhn

(xiii)     LK Global (Holdings) N.V.

(xiv)      LK Global Information Systems B.V.

4

(xv)      Aremis Technology Ventures Limited

(xvi)     Cassiere Enterprises Inc.

(xvii)    Barrington Asset Management Limited

(xviii)   Capital Growth Overseas Partners Inc.

(xix)     Palantine Asset Management Ltd

(xx)      Sincock Holdings Corporation

(xxi)     Westminster International Securities

(xxii)    Momentum Equities Inc.

(xxiii)   Morgan Capital Partners Inc.

(xxiv)   Mullway Investments Limited.

(xxv)    Emerging Markets Capital

(xxvi)   Global Capital Management Ltd

(xxvii)  Jupiter Venture Capital Ltd

(xxviii)  Sysco Enterprises Corp.

(xxix)   Global Consolidator Public Limited (formerly LK GlobalSoft.com Limited)

8. All Documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques in respect to transfer(s) from and/or to AremisSoft (EE,ME,A) and/or its subsidiaries account(s), at MARFIN POPULAR BANK PUBLIC CO LIMITED or any of its branches or affiliate banks.

9. All Documents and written communications (including those which are stored electronically), including and not limited to, records of wire transfers, advice statements, deposits, withdrawals, debits and/or credits, transfer order instructions, and cheques in respect to transfer(s) from AremisSoft Corporation and of AremisSoft (Cyprus) Ltd and/or their subsidiaries account(s) and of Lycourgos Kyprianou and/or for the benefit of Lycourgos Kyprianou (directly or indirectly), by MARFIN POPULAR BANK PUBLIC CO LIMITED or any of its branches or affiliate banks towards the following banks:

α)  Lloyds TSB Bank plc, at "Lady Moura" account number: 1980410-110

β) Lloyds TSB Bank plc, at the account of AremisSoft (EE,ME,A) Limited, account number: 190551-110

γ) Lloyds TSB Bank plc   to the accounts and/or towards any of the accounts of Lycourgos Kyprianou and/or for his benefit (directly or indirectly.

10. All Documents and written communications (including those which are stored electronically), concerning any of the following   towards and from MARFIN POPULAR BANK PUBLIC CO LIMITED in respect to any of the following:

| | |
|---|---|
| (i) | AremisSoft Corporation |
| (ii) | AremisSoft (Cyprus) Ltd |
| (iii) | Spahn Partners Finanz Consult GmbH |
| (iv) | Still & Life GmbH |
| (v) | Denon International Limited |
| (vi) | Semark Consultancy Services Ltd |
| (vii) | Southwood Management Ltd |
| (viii) | AremisSoft (EE.ME.A) Limited |
| (ix) | Aremis Holdings Ltd |
| (x) | Lycourgos Kyprianou |
| (xi) | Kurt Sedlmayer |
| (xii) | Michael Pöhn |
| (xiii) | LK Global (Holdings) N.V. |
| (xiv) | LK Global Information Systems B.V. |
| (xv) | Aremis Technology Ventures Limited |
| (xvi) | Cassiere Enterprises Inc. |
| (xvii) | Barrington Asset Management Limited |
| (xviii) | Capital Growth Overseas Partners Inc. |
| (xix) | Palantine Asset Management Ltd |
| (xx) | Sincock Holdings Corporation |
| (xxi) | Westminster International Securities |
| (xxii) | Momentum Equities Inc. |
| (xxiii) | Morgan Capital Partners Inc. |
| (xxiv) | Mullway Investments Limited. |

6

(xxv)      Sysco Enterprises Corp.

(xxvi)     Athos Gavriel

(xxvii)    Michael Tymvios

(xxviii)   Emerging Markets Capital

(xxix)     Global Capital Management Ltd

(xxx)      Jupiter Venture Capital Ltd

(xxxi)  Global Consolidator Public Limited (formerly LK GlobalSoft.com Limited)

11. The Swift communication and/or Swift transfer dated on or about March 20th 2007 from Barclays Bank Singapore for the amount of €24.000.000 in favour and/or credited to and/or for the benefit of account number 04033077081, and also the monthly statements of the said account from 1.3.2007 to the present date.

(Sign.) Alecos Markides

Advocate for the Plaintiffs on Action 5581/05 Nicosia District Court

# EXHIBIT E

Scale: Over €2.000.000,00

**IN THE DISTRICT COURT OF NICOSIA**

<u>Action No. 5581 / 2005</u>

Between:

1.   JOSEPH P. LASALA, of the State of New Jersey, of U.S.A.,
2.   FRED S. ZEIDMAN, of the State of Texas, of U.S.A,
     As Co-Trustees of the AremisSoft Corporation Liquidating Trust

<u>Plaintiffs</u>

and

1. LYKOYRGOS KYPRIANOU
2. PAVLOS MELETIOU
3. KING MAZAX LINES LIMITED
4. ERMIONE KYPRIANOU
5. SEMARK CONSULTANCY SERVICES LTD
6. GLOBAL CONSOLIDATORS PUBLIC LTD
7. L. K. GLOBAL (HOLDINGS) N.V.
8. AREMIS HOLDINGS LIMITED
9. AREMIS TECHNOLOGY VENTURES LIMITED
10. SINCOCK HOLDINGS CORPORATION
11. SOUTHWOOD MANAGEMENT LIMITED
12. PALANTINE ASSET MANAGEMENT LTD

<u>Defendants</u>

## AFFIDAVIT

I, the undersigned Michael Sideras, of Nicosia take oath and say as follows:

1. I am an advocate practicing in the Republic of Cyprus and I am currently practicing in association with the Law Office of Mr. Alecos Markides.

2. I have good knowledge of both the Greek and English languages and I can translate from Greek to English.

3. I am one of the advocates whose appearance was recorded on the minutes of the Court on 15.10.2009, in Action Number 5581/05, District Court of Nicosia.

3. Pursuant to instructions by Mr. Markides, I have translated into English the minutes of the Court in Action Number 5581/05 of the District Court of Nicosia, dated 15.10.2009, the text of which has been received from the office of the Court's Registrar. I hereby attach as **Exhibit** A, a photocopy of the original Greek text of the minutes and as **Exhibit B** the English translation which I have made of the said minutes.

5. I verily believe that **Exhibit B** is a true and accurate translation in English of **Exhibit A**.

THE AFFIANT

Michael Sideras

Sworn and signed before me
In Nicosia on the 9th of November 2009
In the District Court of Nicosia

REGISTRAR .

Νιόβη Στυλιανού

125

**ΗΜΕΡΟΜΗΝΙΑ: 15.10.2009. ΩΡΑ: 10.30 π.μ.**

**ΕΜΦΑΝΙΣΕΙΣ :**

Για τους Ενάγοντες                                  : κ. Αλ. Μαρκίδης με

5                                                              κ. Σπ. Ιεροθέου με

                                                             κ. Μ. Σιδερά.

**Για τον Εναγόμενο 1**                         : κ. Γ. Σεραφείμ.

**Για τον Εξ΄ Ανταπαιτήσεως – Ενάγοντα 1**: κ. Γ. Σεραφείμ.

**Για τον Εξ Ανταπαιτήσεως-Εναγόμενο 1** : κ. Αλ. Μαρκίδης με

10                                                           κ. Σπ. Ιεροθέου με

                                                          κ. Αλ. Γαβριηλίδη και

                                                          κ. Μ. Σιδερά.

**Για τον Εξ΄ Ανταπαιτήσεως**

**Εναγόμενο Ρόη Πογιατζή**              : κα Δ. Λαδά

15                                                              για τον κ. Α. Λαδά.

**(Τα στενογραφημένα πρακτικά λαμβάνονται από τη Γιάννα Γιάγκου)**

20

**Ο κ. Μαρκίδης καλεί:-**

**Μ.1- (ΜΕ ΚΛΗΤΕΥΣΗ SUBPOENA DUCES TECUM)**
**ΣΤΑΛΩ ΧΡΙΣΤΟΔΟΥΛΙΔΟΥ**

25

**Δικαστήριο:** Ζητάτε να ορκιστεί;

**κ. Μαρκίδης:** Όχι διότι το θέμα των ενστάσεων έχει λήξει.

THIS IS EXHIBIT "A" REFERRED TO IN THE AFFIDAVIT OF MR. MICHAEL SIDERAS, DATED 03·11·2009

9/11/09

AKY ON
0.50
ΚΥΠΡΟΣ KIBRIS CYPRUS

Ε.     Κυρία Χριστοδουλίδου, φέρατε μαζί σας τα χαρτιά τα οποία σας έχουν ζητηθεί;

Α.     Έχω φέρει τις καταστάσεις λογαριασμών που είναι τα μόνα πράγματα που μπορούμε να αναπαράξουμε από τον ηλεκτρονικό

5      υπολογιστή.

Ε.     Δηλαδή τα έχετε χωρισμένα;

Α.     Αν με διατάξει το δικαστήριο ότι μπορώ να τα καταθέσω, να τα καταθέσω.

Ε.     Τα έχετε χωρισμένα;

10  Α.     Ναι.  Ήταν για 7 πρόσωπα.  Έχω να αναφέρω ότι το ένα εκ των εταιρειών τούτων διαπιστώθηκε ότι απλώς εμφανιζόταν πάνω στα αρχεία, πάνω στο σύστημά μας, απλώς ήταν συνδεδεμένο πρόσωπο με άλλη εταιρεία δηλαδή ήταν διευθυντής.  Δεν έχει λογαριασμούς, οπότε δεν έφερα τίποτε γι᾽ αυτήν.

15  Ε.     Θα αρχίσουμε από την εταιρεία Aremissoft Corporation.


**Μάρτυρας (κα Χριστοδουλίδου) προς Δικαστήριο**:  Εντιμότατε θα καταθέσω;


20  **Δικαστήριο**:  Πήρατε κλήση για να καταθέσετε.


**Μάρτυρας (κα Χριστοδουλίδου)**:  Υποτίθεται σήμερα θα εκδίδατε μια απόφαση για το θέμα αυτό.


25  **Δικαστήριο**:  Ποια η ένστασή σας να σας ακούσω.


**Μάρτυρας (κα Χριστοδουλίδου)**:  Έχω φέρει γραπτώς και θέλω να καταθέσω στο Δικαστήριο τις ενστάσεις μου.

127

**Δικαστήριο**: Πέστε μας προφορικά ποια η ένστασή σας.

**Μάρτυρας (κα Χριστοδουλίδου):**   Η πρώτη ένσταση όπως είχα αναφέρει και την άλλη φορά, ήταν ότι την ίδιαν θεραπεία ζητούσαν οι
5   Ενάγοντες στην αγωγή 9200/05 και απορρίφθηκε, μάλιστα με απόφαση του Δικαστηρίου απορρίφθηκε και καταχώρησαν έφεση την οποία και πάλι απέσυραν.

**Δικαστήριο:** Ξεχωρίζετε το Interim Order από την κλήση μάρτυρος;
10

**Μάρτυρας (κα Χριστοδουλίδου):** Μάλιστα.

**Δικαστήριο:** Το ένα ήταν interim Order για τους λόγους που αναφέρονται στην απόφαση, απορρίφθηκε.   Εγώ εξέδωσα την
15   απόφαση. Τι σχέση έχει το ένα με το άλλο.

**Μάρτυρας (κα Χριστοδουλίδου):**   Θα κατέληγε στο ίδιο πράγμα, στην ίδια θεραπεία.   Ζητούσαν όπως ζητούν και αυτή την στιγμή.   Αυτή είναι η άποψή μας φυσικά.
20

**Δικαστήριο:** Έχετε άλλη ένσταση;

**Μάρτυρας (κα Χριστοδουλίδου):**   Μάλιστα.   Επικαλούμαι το Τραπεζικό απόρρητο για την κατάθεση των εγγράφων αυτών.
25

**Δικαστήριο:** Σε ποιο άρθρο το στηρίζετε;

**Μάρτυρας (κα Χριστοδουλίδου):** Το στηρίζω στο άρθρο 29 του Νόμου περί Τραπεζικών Εργασιών.   Έχει κινηθεί μια άλλη διαδικασία

στην Αμερική από τους ίδιους Ενάγοντες και πιστεύουμε ότι τούτη η προσπάθεια εδώ αποτελεί αλίευση μαρτυρίας και εγγράφων για την Αμερικάνικη διαδικασία εκεί.   Είναι η αγωγή στο δικαστήριο του New Jersey.   Έχω αντίγραφο αυτής της αγωγής αν μου επιτρέπετε να το
5   καταθέσω.

**κ. Σεραφείμ**:  Έχω την εντύπωση ότι σύμφωνα με την νομολογία και την θεραπεία του θέματος, αν ένας μάρτυρας ο οποίος καλείται ως Subpoena Decus Tecum έχει σκοπό να προβάλει ένσταση είναι
10   υποχρεωμένος να ορκιστεί.   Δεν μπορούν να υποβληθούν ενστάσεις επισήμως αν δεν υπάρχει όρκιση.

**Δικαστήριο:**  Περιμένετε να τελειώσει κ. Σεραφείμ να μας πει αυτά που θέλει πρώτα.
15

**Μάρτυρας (κα Χριστοδουλίδου):**   Και επίσης ήταν το θέμα της πυρκαγιάς και των εγγράφων τα οποία έχουν καταστραφεί, το οποίο θέμα έθεσα την προηγούμενη φορά που ήρθα στο Δικαστήριο.   Τούτα είναι.   Δεν έχω οτιδήποτε άλλο να προσθέσω.   Η τράπεζα είναι έτοιμη
20   να καταθέσει οτιδήποτε, μπορούμε να παρουσιάσουμε αυτά που παράγονται από τον ηλεκτρονικό υπολογιστή, φτάνει να μας διατάξετε.

**Δικαστήριο προς κ. Μαρκίδη:**   Κάτι είχατε πει κύριε Μαρκίδη την προηγούμενη φορά για την διαδικασία στην Αμερική.
25

**κ. Μαρκίδης**:  Επειδή το Δικαστήριο είχε διατάξει την τράπεζα να παραδώσει στους δικηγόρους όλα τα έγγραφα προς φύλαξη και η τράπεζα έκαμε αυτό το πράγμα, στέλνοντας η τράπεζα στους δικηγόρους 4 κιβώτια έγγραφα και η θέση μου είναι αυτά που έχουν

στείλει στην Αμερική στους δικηγόρους να τα φέρουν εδώ.   Εδώ η
τράπεζα δεν είναι διάδικος.  Εδώ καλείται να φέρει έγγραφα.  Σύμφωνα
με τις αυθεντίες ακόμη και τον αντίδικό μου μπορώ να καλέσω να έρθει
να φέρει έγγραφα που έχει στην κατοχή του.  Ότι υπάρχει διαδικασία
5   στην Αμερική είναι γεγονός ότι είναι άσχετο και εν πάση περιπτώσει
αυτό το θέμα το είχε προβάλει και ο μάρτυρας που ήρθε για την
Τράπεζα Κύπρου ο κ. Βοσκός, τον περασμένο Ιούλιο και απορρίφθηκε
διότι και εκείνος είχε προβάλει ότι υπήρχε διαδικασία εναντίον της
τράπεζας στην Αμερική.  Όσον αφορά το θέμα του απορρήτου είναι το
10   άρθρο 29.


**Δικαστήριο**:  Μόνο για την διαδικασία στην Αμερική σας ρώτησα.


**κ. Σεραφείμ**:   Θα επαναλάβω το θέμα ότι όταν εξετάζουμε ενστάσεις
15   και είμαι αναγκασμένος να παραπέμψω σε αποφάσεις που ξεκαθαρίζουν
ρητώς, ότι για να προβληθεί επίσημα ένσταση πρέπει να υπάρχει
όρκιση.  Αν επιθυμεί το Δικαστήριο να αναφέρω την νομολογία.


**Δικαστήριο**:  Ευχαριστώ κ. Σεραφείμ.
20

**κ. Μαρκίδης**:   Είναι γεγονός ότι υπάρχει νομολογία ότι όταν ο
μάρτυρας καλείται να φέρει έγγραφα και έχει ενστάσεις και θέλει να
υποβάλει ενστάσεις, πρέπει να ορκιστεί, ορκίζεται.    Υπάρχει στο
**Halsbury´ s Laws of England**, 4η έκδοση, Τόμος 17, παράγραφο
25   251, όπου αναφέρει εκεί ότι ο μάρτυρας μπορεί να οριστεί και να φέρει
ένσταση στην παράδοση των εγγράφων.


**Δικαστήριο προς μάρτυρα**:  Επιμένετε στις ενστάσεις σας;

130

**Μάρτυρας (κα Χριστοδουλίδου):** Μάλιστα.

**Δικαστήριο προς μάρτυρα**: Πρέπει να ορκιστείτε τότε.

5   **κ. Μαρκίδης**: Το Δικαστήριο πρέπει να την ορκίσει.

(Το Δικαστήριο ορκίζει την μάρτυρα)

**(Μ.Ε.2) - ΣΤΑΛΩ ΧΡΙΣΤΟΥΔΟΥΛΙΔΟΥ ορκίζεται και λέγει:**

10

Α.    Είναι η Στάλω Χριστοδουλίδου και ότι είπα προηγουμένως τα
υιοθετώ.

**κ. Μαρκίδης**: Επαναλαμβάνω εκείνα που είπα προηγουμένως που με
15   ρώτησε το Δικαστήριο.   Δεν επιθυμώ να προσθέσω οτιδήποτε πέραν
από εκείνα.

**κ. Σεραφείμ**: Εντιμότατε εμείς θα επιφυλαχθούμε να απαντήσουμε αν
και εφόσον κριθεί από το Δικαστήριο, αν πει το Δικαστήριο να
20   κατατεθούν οποιαδήποτε έγγραφα.

**Δικαστήριο**: Οι δύο από τις τρεις ενστάσεις οι οποίες έχουν προβληθεί
είναι από τις πλέον αβάσιμες ενστάσεις που μπορεί να υπάρξουν.   Στην
περίπτωση σχετικά με το απόρρητο, που έχει επικαλεστεί η μάρτυρας, ο
25   Νόμος προβλέπει για υπαλλήλους τραπεζών, όταν η διαδικασία
σχετίζεται με τους υπαλλήλους των τραπεζών και όχι άλλους διάδικους,
όπως η παρούσα.   Συνεπώς δεν τυγχάνει εφαρμογής ο νόμος εκείνος.
Όσον αφορά την διαδικασία της αγωγής 9200/05 που αφορούσε αγωγή
και αίτηση για προσωρινό διάταγμα από τους νυν ενάγοντες εναντίων

131

τεσσάρων τραπεζών για αποκάλυψη εγγράφων και άλλων διαταγμάτων πάνω στην αρχή της **Norwich Pharmacal Co & Others v. Commissioners of Customs and Excise (1973) 2 All E.R. 943** και πάλι παρατηρώ ότι εκείνη η διαδικασία ήταν εντελώς ξεχωριστή, είχε
5   εντελώς ξεχωριστό αντικείμενο από την παρούσα διαδικασία και δεν σχετίζεται.   Εκεί απορρίφθηκε το αίτημα των εναγόντων για τους λόγους που έχουν αναφερθεί στην απόφαση.   Εδώ η μάρτυρας καλείται με διαδικασία που προβλέπεται για να παρουσιάσει έγγραφα και έχει υποχρέωση να τα παρουσιάσει με συνέπειες μάλιστα αν δεν πράξει
10  αυτό, αν βεβαίως το Δικαστήριο κρίνει ότι αυτό είναι το ορθό. Παραμένει η τρίτη ένσταση της μάρτυρος η οποία αφορά αλίευση μαρτυρίας   από τους ενάγοντες για να την χρησιμοποιήσουν σε διαδικασία στην Αμερική χωρίς να τεθούν ακριβείς στοιχεία για το θέμα αυτό.   Ο κ. Μαρκίδης αφού κλήθηκε από το Δικαστήριο ανάφερε ότι σε
15  εκείνη την διαδικασία είχε ήδη αποκαλυφθεί, παραδοθεί μεγάλος αριθμός εγγράφων και συνεπώς δεν τίθεται θέμα αλίευσης μαρτυρίας. Θα συμφωνήσω με τον κ. Μαρκίδη και συνεπώς όλες οι ενστάσεις απορρίπτονται.

20  **Ο κ. Μαρκίδης προς μάρτυρα**

E.     Παρακαλώ έχετε μαζί σας λογαριασμούς της εταιρείας Aremissoft Corporation;
A.     Μάλιστα.
25  E.     Μπορείτε να τους καταθέσετε παρακαλώ;
A.     Μάλιστα.

**κ. Σεραφείμ**: Καμία ένσταση Εντιμότατε.

132

**κα Λαδά**: Καμία ένσταση.  Αν έχω ένσταση Εντιμότατε θα το δηλώνω, διαφορετικά δεν θα δηλώνω οτιδήποτε.

**Δικαστήριο**:  Κατάσταση Λογαριασμού υπ' αριθμό 106-33-000750 που καλύπτει τα έτη 1999, 2001, 2002 και 2003 της εταιρείας
5   AREMISSOFT CORPORATION κατατίθεται και σημειώνεται ως <u>Τεκμήριο</u>
**Τεκμ. 45**   <u>45</u>.


E.   Το επόμενο έγγραφο;

A.   Μάλιστα.
10

**κ. Σεραφείμ**:  Καμία ένσταση.


**Δικαστήριο**:  Κατάσταση Λογαριασμού υπ' αριθμό 017-33-003479 για τα έτη 1999 μέχρι 2003 της εταιρείας AREMISSOFT CORPORATION
**Τεκμ. 46**   κατατίθεται και σημειώνεται ως <u>Τεκμήριο 46</u>.

E.   Το άλλο έγγραφο;

A.   Μάλιστα.


20   **κ. Σεραφείμ**:  Καμία ένσταση.

**Δικαστήριο**:  Κατάσταση Λογαριασμού υπ' αριθμό 106-34-000339 για τα έτη 1999 και 2000 της εταιρείας AREMISSOFT CORPORATION
**Τεκμ. 47**   κατατίθεται και σημειώνεται ως <u>Τεκμήριο 47</u>.
25

E.   Το επόμενο έγγραφο;

A.   Μάλιστα.


**κ. Σεραφείμ**:  Καμία ένσταση κύριε Πρόεδρε.
30

**Δικαστήριο**: Κατάσταση Λογαριασμού υπ' αριθμό 106-34-000355 για τα έτη 1999 μέχρι 2001 της εταιρείας AREMISSOFT CORPORATION **Τεκμ. 48** κατατίθεται και σημειώνεται ως Τεκμήριο 48.

5   Ε.    Δεν υπάρχουν άλλοι λογαριασμοί για την AREMISSOFT CORPORATION LTD;

Α.    Όχι.

Ε.    Πάμε στην AREMISSOFT (CYPRUS) LTD.

Α.    Μάλιστα.

10

**κ. Σεραφείμ**: Καμία ένσταση.

**Δικαστήριο**: Κατάσταση Λογαριασμού υπ' αριθμό 004-09-029193 για το έτος 1998 της εταιρείας AREMISSOFT (CYPRUS) LTD κατατίθεται και **Τεκμ. 49** σημειώνεται ως Τεκμήριο 49.

Ε.    Το επόμενο έγγραφο;

Α.    Μάλιστα.

20   **κ. Σεραφείμ**: Καμία ένσταση για το επόμενο.

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 004-21-019964 για τα έτη 1999 μέχρι 2000 της εταιρείας AREMISSOFT  (CYPRUS) LTD **Τεκμ. 50** κατατίθεται και σημειώνεται ως Τεκμήριο 50.

25

Ε.    Το επόμενο έγγραφο;

Α.    Μάλιστα.

**κ. Σεραφείμ**: Καμία ένσταση.

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 004-31-018545
για τα έτη 1998 μέχρι 2000 της εταιρείας AREMISSOFT (CYPRUS) LTD
**Τεκμ. 51**  κατατίθεται και σημειώνεται ως <u>Τεκμήριο 51</u>.

5

Ε.  Για την AREMISSOFT (CYPRUS) LTD έχετε άλλα έγγραφα;
Α.  Όχι δεν έχω άλλα γι' αυτήν.
Ε.  Για την GLOBAL CONSOLIDATOR PUBLIC LTD;
Α.  Μάλιστα.

10

**κ. Σεραφείμ:** Δεν υπάρχει ένσταση κύριε Πρόεδρε.

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 004-21-021187 για
τα έτη 1999 μέχρι 2007 της εταιρείας GLOBAL CONSOLIDATOR LTD
**Τεκμ. 52**  κατατίθεται και σημειώνεται ως <u>Τεκμήριο 52</u>.

Ε.  Άλλο έγγραφο;
Α.  Μάλιστα.

20  **κ. Σεραφείμ:** Δεν υπάρχει ένσταση κύριε Πρόεδρε.

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 004-21-021731 για
το έτος 2000 της εταιρείας LK GLOBALSOFT COM. LIMITED κατατίθεται
**Τεκμ. 53**  και σημειώνεται ως <u>Τεκμήριο 53</u>.

25

Ε.  Άλλο έγγραφο;
Α.  Μάλιστα.

**κ. Σεραφείμ:** Δεν υπάρχει ένσταση κύριε Πρόεδρε.

135

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ᾽ αριθμό 004-21-022019 για τα έτη 1999 μέχρι 2003 της εταιρείας GLOBAL CONSOLIDATOR LTD **Τεκμ. 54** κατατίθεται και σημειώνεται ως Τεκμήριο 54.

5

Ε.     Άλλο έγγραφο;

Α.     Μάλιστα.

**κ. Σεραφείμ**:  Δεν υπάρχει ένσταση κύριε Πρόεδρε.

10

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ᾽ αριθμό 004-21-024100 για τα έτη 1999 μέχρι 2007 της εταιρείας GLOBAL CONSOLIDATOR **Τεκμ. 55** LIMITED κατατίθεται και σημειώνεται ως Τεκμήριο 55.

15   Ε.     Το επόμενο έγγραφο;

Α.     Μάλιστα.

**κ. Σεραφείμ**:  Δεν υπάρχει ένσταση κύριε Πρόεδρε.

20   **Δικαστήριο:** Κατάσταση Λογαριασμού υπ᾽ αριθμό 004-21-024119 για τα έτη 2002 και 2003 της εταιρείας GLOBAL CONSOLIDATOR LIMITED **Τεκμ. 56** κατατίθεται και σημειώνεται ως Τεκμήριο 56.

Ε.     Το επόμενο έγγραφο;

25   Α.     Μάλιστα.

**κ. Σεραφείμ**:  Δεν υπάρχει ένσταση κύριε Πρόεδρε.

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 017-21-014020 για τα έτη 2001 και 2002 της εταιρείας GLOBAL CONSOLIDATOR LIMITED **Τεκμ. 57** κατατίθεται και σημειώνεται ως <u>Τεκμήριο 57</u>.   .

5    Ε.    Το επόμενο έγγραφο;
     Α.    Μάλιστα.


<u>**κ. Σεραφείμ**</u>: Δεν υπάρχει ένσταση κύριε Πρόεδρε.


10

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 011-31-015746 για τα έτη 1999 μέχρι 2003 της εταιρείας GLOBAL CONSOLIDATOR LTD **Τεκμ. 58** κατατίθεται και σημειώνεται ως <u>Τεκμήριο 58</u>.

15    Ε.    Το επόμενο έγγραφο;
     Α.    Μάλιστα.


<u>**κ. Σεραφείμ**</u>: Δεν υπάρχει ένσταση κύριε Πρόεδρε.


20

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ' αριθμό 004-31-026734 για τα έτη 2002 και 2003 της εταιρείας GLOBAL CONSOLIDATOR LTD **Τεκμ. 59** κατατίθεται και σημειώνεται ως <u>Τεκμήριο 59</u>.

25    Ε.    Το επόμενο έγγραφο;
     Α.    Μάλιστα.


<u>**κ. Σεραφείμ**</u>: Δεν υπάρχει ένσταση κύριε Πρόεδρε.

137

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ᾽ άριθμό 004-33-004053 για τα έτη 1999 μέχρι 2002 της εταιρείας GLOBAL CONSOLIDATOR

**Τεκμ. 60**   LIMITED κατατίθεται και σημειώνεται ως <u>Τεκμήριο 60</u>.

5   Ε.   Το επόμενο έγγραφο;

A.   Μάλιστα.

<u>κ. Σεραφείμ</u>: Δεν υπάρχει ένσταση κύριε Πρόεδρε.

10

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ᾽ αριθμό 004-33-004061 για τα έτη 1999 μέχρι 2002 της εταιρείας GLOBAL CONSOLIDATOR

**Τεκμ. 61**   LIMITED κατατίθεται και σημειώνεται ως <u>Τεκμήριο 61</u>.

15   **Μάρτυρας (κα Χριστοδουλίδου):**   Έχει κάποια statements της GLOBALSOFT αλλά μπροστά έχει LK θέλετε να τα καταθέσω και αυτά;

<u>κ. Μαρκίδης</u>:   Είναι Lykourgos Kyprianou.   Ναι να τα καταθέσετε ως τεκμήρια και αυτά.

20

<u>κ. Σεραφείμ</u>: Δεν υπάρχει ένσταση κύριε Πρόεδρε.

**Δικαστήριο:** Κατάσταση Λογαριασμού υπ᾽ αριθμό 021-21-043047 για τα έτη 1999 μέχρι 2002 της εταιρείας LK GLOBALSOFT. COM LTD

**Τεκμ. 62**   κατατίθεται και σημειώνεται ως <u>Τεκμήρια 62</u>.

Ε.   Το επόμενο έγγραφο;

A.   Μάλιστα.

**κ. Σεραφείμ**: Δεν υπάρχει ένσταση κύριε Πρόεδρε.


**Δικαστήριο**: Κατάσταση Λογαριασμού υπ' αριθμό 106-21-003202 για
5  τα έτη 1999 μέχρι 2007 της εταιρείας LK GLOBALSOFT.COM. LIMITED
**Τεκμ. 63**  κατατίθεται και σημειώνεται ως <u>Τεκμήριο 63</u>.


E.   Το επόμενο έγγραφο;

A.   Μάλιστα.

10

**κ. Σεραφείμ**: Δεν υπάρχει ένσταση κύριε Πρόεδρε.  Αφορά £3 εδώ.


**Δικαστήριο**: Κατάσταση Λογαριασμού υπ'  αριθμό 004-21-023651 για
τα έτη 1999 μέχρι 2002 της εταιρείας LK GLOBALSOFT.COM  LIMITED
**Τεκμ. 64**  κατατίθεται και σημειώνεται ως <u>Τεκμήριο 64</u>.


E.   Το επόμενο έγγραφο;

A.   Μάλιστα.


20  **κ. Σεραφείμ**: Δεν υπάρχει ένσταση κύριε Πρόεδρε.


**Δικαστήριο**: Κατάσταση Λογαριασμού υπ'  αριθμό 110-21-016762 για
τα έτη 1999 μέχρι 2002 της εταιρείας LK ΄GLOBALSOFT.COM LTD
**Τεκμ. 65**  κατατίθεται και σημειώνεται ως <u>Τεκμήριο 65</u>.
25

E.   Έχετε οτιδήποτε άλλο έγγραφο για αυτή την εταιρεία την
GLOBALSOFT COM LTD;

A.   Όχι.

E.   Πάμε στην SYSCO ENTERPRISES CORPORATION.

A.      Μάλιστα έχω και τα παρουσιάζω.


**κ. Σεραφείμ**:  Δεν υπάρχει ένσταση κύριε Πρόεδρε.

5

**Δικαστήριο**:  Κατάσταση Λογαριασμού υπ' αριθμό 020-33-072371 για τα έτη 1999 μέχρι 2007 της εταιρείας SYSCO ENTERPRISES CORP **Τεκμ. 66** κατατίθεται και σημειώνεται ως Τεκμήριο 66.


10   Ε.      Το επόμενο έγγραφο;
     Α.      Μάλιστα.


**κ. Σεραφείμ**:  Δεν υπάρχει ένσταση κύριε Πρόεδρε.

15

**Δικαστήριο**:  Κατάσταση Λογαριασμού υπ' αριθμό 179-33-008532 για τα έτη 1999 μέχρι 2007 της εταιρείας SYSCO ENTEPRISES CORP **Τεκμ. 67** κατατίθεται και σημειώνεται ως Τεκμήριο 67.


20   Ε.      Τώρα για την LK GLOBAL INFORMATION SYSTEMS έχετε;
     Α.      Είναι για τούτη που δεν βρήκαμε. Δεν είχε ποτέ λογαριασμό. Φαίνεται πάνω στο σύστημα μας επειδή ίσως να είναι οι διευθυντές ή γραμματέας σε άλλη εταιρεία και συνδέεται στο σύστημα.  Δηλαδή  αν  θέλουμε  να  ελέγξουμε  για  ένα
25   πρωτοφειλέτη ποιοι οι διευθυντές του κλπ, μπαίνουν μέσα στο σύστημα και έτσι ήταν. Δεν είχε λογαριασμούς αυτή η εταιρεία.
     Ε.      Για την AREMIS HOLDINGS Ltd έχετε;
     Α.      Έχουμε για την AREMISSOFT (HOLDINGS) LTD.
     Ε.      Καταθέστε τα.

**κ. Σεραφείμ**: Δεν έχω ένσταση κύριε Πρόεδρε.

    **Δικαστήριο**: Κατάσταση Λογαριασμού υπ᾽ αριθμό 106-12-001316 για
5   το έτος 1999 της εταιρείας AREMISSOFT (HOLDINGS) LIMITED
**Τεκμ. 68**  κατατίθεται και σημειώνεται ως <u>Τεκμήριο 68</u>.


    Ε.    Της AREMIS HOLDINGS βρήκατε;

    Α.    Όχι δεν βρήκατε έτσι όνομα.  Ήταν AREMISSOFT HOLDINGS.
10          AREMIS HOLDINGS όχι.

    Ε.    Πάμε στον Λυκούργο Κυπριανού.

    Α.    Μάλιστα.


    **κ. Σεραφείμ**: Δεν υπάρχει ένσταση.
15

    **Δικαστήριο**: Κατάσταση Λογαριασμού υπ᾽ αριθμό 004-11-010761 για τα
έτη 1999 μέχρι 2000 του KYPRIANOY LYCOURGOY και κατάσταση
Λογαριασμού υπ᾽ αριθμό 001-11-014603 για τα έτη 1997 μέχρι 1999 του
**Τεκμ. 69**  KYPRIANOU LYCOURGOU κατατίθενται και σημειώνονται ως <u>Τεκμήριο</u>
20   <u>69</u>.


    Ε.    Άλλο έγγραφο;

    Α.    Μάλιστα.


25  **κ. Σεραφείμ**: Δεν υπάρχει ένσταση.


    **Δικαστήριο**: Κατάσταση Λογαριασμού υπ᾽ αριθμό 004-12-525623 για
το έτος 2000 του KYPRIANOU LYGOURGOU κατατίθεται και σημειώνεται
**Τεκμ. 70**  ως <u>Τεκμήριο 70</u>.

A.   Δεν έχω άλλα statements.

E.   Έχετε μαζί σας την κλήση;

A.   Νομίζω ναι.

5   E.   Κοιτάξετε την κλήση.

A.   Μάλιστα.

E.   Σε σχέση με την παράγραφο 1 της κλήσης, μας έχετε παραδώσει σήμερα καταστάσεις λογαριασμών των εταιρειών υπό α, β, δ, ζ και του κ. Λυκούργου Κυπριανού.

10   A.   Ναι.

E.   Οι υπόλοιποι λογαριασμοί για όλες τις υπόλοιπες εταιρείες;

A.   Δεν είναι πελάτες μας.

E.   Όλες οι υπόλοιπες εταιρείες που αναφέρονται στην παράγραφο 1 της κλήσης δεν έχουν λογαριασμούς με την Λαϊκή Τράπεζα;

15   A.   Μάλιστα, ναι.

E.   Η κλήση όμως σας ζήτησε να φέρετε και τα έγγραφα ανοίγματος λογαριασμού.

A.   Ναι, μα έχω αναφέρει στο Δικαστήριο γιατί δεν ανεβρέθηκε οτιδήποτε, γιατί τούτα ήταν μέσα στις αποθήκες οι οποίες έχουν 20   καεί και έχω φέρει και το police report.

E.   Επίσης δεν έχετε φέρει οτιδήποτε που έχουν σχέση με τις υπόλοιπες παραγράφους της κλήσεως.

A.   Είναι έγγραφα τα οποία..., έφερα ότι μπορούσαν να αναπαραχθούν από τον ηλεκτρονικό υπολογιστή. Τα υπόλοιπα 25   έχουν καεί.

E.   Αν δεν απατώμαι εσείς την προηγούμενη φορά μας είπατε ότι αυτά τα έγγραφα ή αντίγραφα αυτών των εγγράφων υπάρχουν σε διάφορα υποκαταστήματά σας.

A.   Όχι τα διάφορα statements. Επειδή δεν είχα προσέξει την κλήση. Επειδή εγώ με την κατάθεση των εγγράφων αν ερωτώμουν οτιδήποτε εγώ δεν θα μπορούσα να απαντήσω και είχα πει ότι μπορούσε να έρθει κάθε υπάλληλος του υποκαταστήματος να τα

5       καταθέσει. Μετά που είδα ότι η κλήση ήταν μόνο για να καταθέσω τα έγγραφα, τα έφερα εγώ όλα τα έγγραφα.

Ε.   Ισχυρίζεστε ότι δεν υπάρχουν άλλα έγγραφα στην τράπεζα;

A.   Για τούτες τις υποθέσεις όχι. Για τούτους τους λογαριασμούς όχι. Δεν υπάρχει οτιδήποτε.

10  Ε.   Κάηκαν στην πυρκαγιά;

A.   Έτσι με έχουν πληροφορήσει οι αρμόδιοι υπάλληλοι της τράπεζας.

Ε.   Αυτά που έστειλαν στην Αμερική;

A.   Εκείνα που έστειλαν στην Αμερική είναι τούτα που κατέθεσα στο

15      Δικαστήριο, ότι αναπαράχθησαν από τον ηλεκτρονικό υπολογιστή της τράπεζας.


**κ. Μαρκίδης**: Κύριε Πρόεδρε επιφυλάσσομαι να εκδώσω νέα κλήση αν χρειαστεί, όχι γι᾽ αυτήν την μάρτυρα βέβαια, αλλά για κάποιο άλλο

20  αξιωματούχο της τράπεζας.


**Δικαστήριο**: Έχει σημειωθεί η δήλωσή σας.


**Ο κ. Μαρκίδης συνεχίζει**:

25

Ε.   Κοιτάξτε την παράγραφο 11 της κλήσεως, αν βρήκατε οτιδήποτε σχετικό διότι δεν εδώ μιλούμε για σύστημα swift.

A.   Όλα τούτα κρατούνται μέσα σε φακέλους του κάθε πελάτη. Ήταν στις αποθήκες. Έτσι με έχουν πληροφορήσει.

E.    Κοιτάξτε την παράγραφο 11 μόνη σας.   Δεν θα το έχουν προσέξει, διότι το swift δεν μπορείς να το κάψεις.

A.    Αυτά με έχουν πληροφορήσει.

E.    Συμφωνώ ότι σας ελέγχει κυρία Χριστοδουλίδου, αλλά μπορεί να
5     μην πρόσεξαν την παράγραφο 11.

A.    Αν θέλετε να το διερευνήσω, αναλαμβάνω να το διερευνήσω.

E.    Ναι θέλω να το διερευνήσετε και να με ενημερώσετε.


**κ. Σεραφείμ**: Συμφωνούμε στο αίτημα του συναδέλφου.   Νομίζω ότι
10    είναι δικαιολογημένο.


**κ. Μαρκίδης**: Δεν έχω άλλες ερωτήσεις.   Δεν έχουμε άλλο μάρτυρα για σήμερα, ούτε και για αύριο.   Η επόμενη δικάσιμος αντιλαμβάνομαι είναι στις 2.11 για ουσιαστικό μάρτυρα.

15

**κ. Σεραφείμ**: Σε αυτό το σημείο να αναφέρω κάτι χωρίς φυσικά να είναι δεσμευτικό, απλώς το αναφέρω.   Συγκρίνοντας, στην προηγούμενη διαδικασία επειδή επέλεξε η άλλη πλευρά την γραπτή κατάθεση και ήρθε ο κ. Lefton και μας εδόθη από το Δικαστήριο δύο
20    μήνες χρόνο για προετοιμασία, απλώς αναφέρω ότι αν έρθει ο κ. Lefton δεν θα χρειαστούμε τόσο χρόνο, αν όμως η άλλη πλευρά φέρει τον κ. Πογιατζή, τότε εγώ δεν θα μπορώ μέσα σε μια εβδομάδα να προετοιμαστώ.


25    **κ. Μαρκίδης**: Αύριο θα δώσω την γραπτή δήλωση του μάρτυρα που προτίθεμαι να καλέσω, στην άλλη πλευρά.   Η δήλωση του μάρτυρα είναι έτοιμη αλλά έχει γίνει στα πλαίσια της υπόθεσης ότι τα τεκμήρια που έβαλε ο κ. Lefton θα ήταν τεκμήρια.   Τώρα επειδή δεν είναι τεκμήρια αυτά που αναφέρει ο κ. Lefton μέσα χρειάζονται ορισμένες

διατυπώσεις, αλλά αυτό είναι κάτι το τυπικό.  Η ουσία δεν θα αλλάξει.
Αλλά εν πάση περιπτώσει αναφέρω ότι δεν θα έρθει ο κ. Lefton.

**κ. Σεραφείμ**:  Δηλώνω από τώρα ότι 15 μέρες δεν θα είναι αρκετές
5   κύριε Πρόεδρε.

**Δικαστήριο**:  Κύριε Σεραφείμ θα δούμε την δήλωση του μάρτυρα
πρώτα και αν κρίνει το Δικαστήριο ότι μπήκαν πολλά τεκμήρια που
πρώτη φορά τα βλέπετε θα σας δώσει χρόνο.  Η υπόθεση αναβάλλεται
10   και ορίζεται για συνέχιση της ακρόασης στις 2.11.2009 και ώρα 10:30
π.μ.  μέχρι και τις 13.11.2009.  Η ημερομηνία 16.10.2009 ακυρώνεται.

15

**Β Ε Β Α Ι Ω Σ Η**

Εγώ, η Γιάννα Γιάγκου, Στενογράφος Δικαστηρίου, τοποθετημένη
στο Επαρχιακό Δικαστήριο Λευκωσίας, πιστοποιώ ότι το παρόν είναι
20   πλήρης και ακριβής μεταγραφή των στενογραφημένων πρακτικών που
πήρα, όσο καλύτερα μπορούσα, στην πιο πάνω υπόθεση.

25

[Υπ.] Γιάννα Γιάγκου

30

Scale: Over CYP1.000.000

## IN THE DISTRICT COURT OF NICOSIA

<u>Action No. 5581 / 2005</u>

Between:

1.   JOSEPH P. LASALA, of the State of New Jersey, of U.S.A.,
2.   FRED S. ZEIDMAN, of the State of Texas, of U.S.A,
     As Co-Trustees of the AremisSoft Corporation Liquidating Trust

<u>Plaintiffs</u>

and

1. LYKOYRGOS KYPRIANOU
2. PAVLOS MELETIOU
3. KING MAZAX LINES LIMITED
4. ERMIONE KYPRIANOU
5. SEMARK CONSULTANCY SERVICES LTD
6. GLOBAL CONSOLIDATORS PUBLIC LTD
7. L. K. GLOBAL (HOLDINGS) N.V.
8. AREMIS HOLDINGS LIMITED
9. AREMIS TECHNOLOGY VENTURES LIMITED
10. SINCOCK HOLDINGS CORPORATION
11. SOUTHWOOD MANAGEMENT LIMITED
12. PALANTINE ASSET MANAGEMENT LTD

<u>Defendants</u>

125



THIS IS EXHIBIT "B"
REFERRED TO IN THE
AFFIDAVIT OF MR. MICHAEL
SIDERAS, DATED 09.11.2009

**DATE: 15.10.2009**

**TIME: 10:30 a.m.**

9/11/09

**APPEARANCES:**

For the Plaintiffs:                                    Mr. A. Markides with Mr. Sp.
                                                       Ierotheou and Mr. Sideras

For Defendant 1:                                       Mr. G. Serapheim
For Plaintiff 1 pursuant to Counterclaim:             Mr. G. Serapheim
For Defendant 1 pursuant to Counterclaim:             Mr. A. Markides with Mr. Sp.
                                                       Ierotheou and Mr. Sideras

For Mr. Roys Poyiadjis, Defendant
pursuant to Counterclaim:                             Ms. D. Ladas for Mr. A.
                                                       Ladas

**(The minutes of the Court are taken by Mrs. Gianna Yiangou)**

**Mr. Markides is calling:**

**Witness 1 (pursuant to Subpoena Duces Tecum) - MRS. STALO
CHRISTODOULIDOU**

**Court:** Do you request that the witness takes oath?

**Mr. Markides:** No because the matter of the objections is no longer in issue.

Q. Mrs. Christodoulidou, have you brought with you the documents which
were requested from you?

A. I have brought the account statements which were the only documents
which we could reproduce from the computer.

Q. Therefore you have them separate?

A. If I am ordered by the Court to present them, then I will present them?

Q. Do you have them separate?

A. Yes, they were for 7 persons. I must state that in respect to one of these companies we discovered that it had simply appeared on the record, on our system, it was simply a person related to another company, that is he was a Director. There are no accounts and therefore I have not brought any documents in respect to that.

Q. Let us begin with AremisSoft Corporation.

**Witness (Mrs. Chirstodoulidou) to Court:** Your Honor will I testify?

**Court:** Have you been subpoenaed?

**Witness (Mrs. Chirstodoulidou):** I have brought my objections which are written down and I want to present them to the Court.

**Court:** Present your objections orally.

**Witness (Mrs. Chirstodoulidou):** The first objection, as I have stated the previous time, is that the Plaintiffs are seeking the same remedy as that in action no. 9200/05 which was dismissed, it was in fact dismissed by a Court judgment and they have filed an Appeal which was likewise withdrawn.

**Court:** Can you distinguish between an Interim Order and a witness subpoena?

**Witness (Mrs. Chirstodoulidou):** Yes.

**Court:** The one was an Interim Order and for the grounds which are stated in the Judgment it was dismissed. I have issued the judgment. What does one have to do with the other?

**Witness (Mrs. Chirstodoulidou):** It would have the same outcome as regards the same remedy. What they are seeking now is what they have sought in the past. Of course this is our view.

**Court:** Do you have any other objections?

**Witness (Mrs. Chirstodoulidou):** Yes, I am invoking banking privilege-confidentiality in respect to filing these documents.

**Court:** On which section of the Law does this objetion rest?

**Witness (Mrs. Chirstodoulidou):** I rely on Section 29 of the Banking Operations Law. Other proceedings have been filed in the United States of America by the same Plaintiffs and we believe that this effort constitutes fishing for evidence and documents in order to be used in those proceedings. It is the action at the Court of New Jersey. I have a copy of that action if I am permitted to file it.

**Mr. Serapheim:** I have the impression that pursuant to the case law and the remedy of the matter, if a witness who has been subpoenaed pursuant to a subpoena duces tecum wishes to present objections, then the witness is obliged to take oath. No official objections may be made unless the witness takes oath.

**Court:** Wait for her to finish Mr. Serapheim, allow her to say what she wants to say.

**Witness (Mrs. Chirstodoulidou):** There was also the matter of the fire and those documents that have been destroyed. This is a matter I had brought up last time, when in Court. I have nothing else to add.  The bank is ready to hand over anything, we can present those documents that can be produced using our computer, so long as you order us to do so.

**Court to Mr. Markides:** Mr. Markides, you had said something last time about the proceedings in USA.

**Mr. Markides:** Because the Court there had ordered the bank to hand over to its lawyers all  documents for storage, and the bank had done so by sending to its lawyers 4 boxes of documents,  my position is that those [documents] that were sent to the lawyers in America should be brought here.  The bank here is not one of the litigants.   It has been summoned here to bring documents.  According to legal principles, I can even call upon the opposite side to bring documents that he has in his possession.   That there are ongoing court proceedings in America is an irrelevant fact and in any event that matter was put forward by the witness that came on behalf of the Bank of Cyprus, Mr. Voskos, last July, and his argument was rejected. Mr Voscos had also put forward the submission that there were pending court proceedings against the bank in America.  With regards to the issue of confidentiality, there is Article 29.

**Court:** I have only asked you in respect to the proceedings in the United States.

**Mr. Serapheim:** I will repeat by saying that when we are examining objections and I am obliged to refer to judgments which are clear on the matter, namely that in order to make an objection, the witness must take oath. If the Court so wishes I can refer to the case law.

**Court:** Thank you Mr. Serapheim.

**Mr. Markides:** It is a fact that this is in the case law and when a witness is subpoenaed to bring documents and the witness opposes the said production, he must take oath, takes oath. This is in **Halsbury's Laws of England** 4th Edition, Volume 17, Paragraph 251 where it is stated that a witness may take oath and consequently oppose the production of the documents.

**Court to witness:** Do you insist upon your objections?

**Witness (Mrs. Chirstodoulidou):** Yes.

**Court to witness:** Then you must take oath.

**Mr. Markides:** The Court must direct the oath.

(The Court swears in the witness)

**(Plaintiffs Witness 2) – STALO CHRISTODOULIDOU takes oath and says as follows:**

A. I am Stalo Christodoulidou and I endorse what I have previously stated.

**Mr. Markides:** I am repeating what I have stated earlier and what I have replied to the Court. I do not wish to add anything further.

**Mr. Serapheim:** Your Honor, we reserve our right to reply if this is determined by the Court, if the Court orders the filing of any documents.

**Court:** Two of the three objections which were made are among the most unfounded objections that one could make. In respect to the matter of privilege which was invoked by the witness, the Law provides for the employees of the bank and not other parties as in the case in hand. Therefore the said Law does not apply here. As regards the proceedings in action

number 9200/05 which concerned an action and an application for an interim injunction by the current Plaintiffs against four banks for disclosure of documents and other orders on the principle of **Norwich Pharmacal Co & Others v. Commissioners of Customs and Excise (1973) 2 All E.R. 943** again I must observe that those proceedings were entirely distinct, concerned a different object and are unrelated. There, the request of the Plaintiffs were denied on the grounds which are stated in the judgment. Here, the witness is called pursuant to a procedure provided to present documents and is obliged to present the said documents, and if the witness fails to do so, the witness will face consequences, provided that the Court decides that this is appropriate. The third objection that remains which concerns fishing of evidence by the Plaintiffs in order to be used in proceedings in the United States, without having provided exact details as regards this matter. Mr. Markides, having been asked by the Court to position himself has stated that in those proceedings, already a large number of documents has been filed, disclosed, and therefore the matter of evidence fishing does not exist. I will agree with Mr. Markides and therefore all the objections are rejected.

**Mr. Markides to the witness:** If you may, do you have with you the accounts of AremisSoft Corporation?

A. Yes.
Q. Can you please file them?
A. Yes.

**Mr. Serapheim:** No objection your Honor.

**Ms. Ladas:** No objection your honor. If I have an objection your Honor I will say so, otherwise I will remain silent.

**Court:** Statement of Account Number: 106-33-000750 in respect to years 1999, 2001, 2001 and 2003 of AREMISSOFT CORPORATION is filed and marked as **Exhibit 45**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 017-33-003479 in respect to years 1999 and 2003 of AREMISSOFT CORPORATION is filed and marked as **Exhibit 46**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 106-34-000339 in respect to years 1999 and 2000 of AREMISSOFT CORPORATION is filed and marked as **Exhibit 47**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 106-34-000355 in respect to years 1999 until 2001 of AREMISSOFT CORPORATION is filed and marked as **Exhibit 48**.

Q. Are there no more accounts of AREMISSOFT CORPORATION LTD?

A. No.

Q. Then let us proceed to AREMISSOFT (CYPRUS) LTD

A. Yes.

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-09-029193 in respect to 1998 of AREMISSOFT (CYPRUS) LTD is filed and marked as **Exhibit 49**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection for the next one.

**Court:** Statement of Account Number: 004-21-019964 in respect to years 1999 until 2000 of AREMISSOFT (CYPRUS) LTD is filed and marked as **Exhibit 50**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-31-018545 in respect to years 1998 until 2000 of AREMISSOFT (CYPRUS) LTD is filed and marked as **Exhibit 51**.

Q. Do you have any other documents in respect to AREMISSOFT (CYPRUS) LTD?

A. No more documents in respect to this company.

Q. In respect to GLOBAL CONSOLIDATOR PUBLIC LTD?

A. Yes.

**Mr. Serapheim:** No objection you Honor.

**Court:** Statement of Account Number: 004-21-021187 in respect to years 1999 until 2007 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 52**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-21-022019 in respect to years 1999 until 2003 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 54**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-21-024100 in respect to years 1999 until 2007 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 55**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-21-024119 in respect to years 2002 and 2003 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 56**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 017-21-014020 in respect to years 2001 and 2002 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 57**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 011-31-015746 in respect to years 1999 until 2003 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 58**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-31-026734 in respect to years 2002 and 2003 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 59**.

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-33-004053 in respect to years 1999 until 2002 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 60**.

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-33-004061 in respect to years 1999 until 2002 of GLOBAL CONSOLIDATOR PUBLIC LTD is filed and marked as **Exhibit 61**

**Witness (Mrs. Chirstodoulidou):** There are some statements of GLOBALSOFT but in front there appears LK, do you want me to file these also?

**Mr. Markides:** It is Lycourgos Kyprianou. Please file these as Exhibits also.

**Mr. Serapheim:** No objection your Honor.

**Court:** Statement of Account Number: 021-21-043047 in respect to years 1999 until 2002 of LK GLOBALSOFT.COM LTD is filed and marked as **Exhibit 62.**

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 106-21-003202 in respect to years 1999 until 2007 of LK GLOBALSOFT.COM LTD is filed and marked as **Exhibit 63.**

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection. This concerns £3.

**Court:** Statement of Account Number: 004-21-023651 in respect to years 1999 until 2002 of LK GLOBALSOFT.COM LTD is filed and marked as **Exhibit 64.**

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 110-21-016762 in respect to years 1999 until 2002 of LK GLOBALSOFT.COM LTD is filed and marked as **Exhibit 65.**

Q. Do you have any other documents in respect to GLOBALSOFT.COM LTD?

A. No.

Q. Let us proceed with SYSCO ENTERPRISES CORPORATION.

A. I have them and I am presenting them.

**Mr. Serapheim:** No objection your Honor.

**Court:** Statement of Account Number: 020-33-072371 in respect to years 1999 until 2007 of SYSCO ENTERPRISES CORPORATION is filed and marked as **Exhibit 66.**

Q. The next document?

A. Yes

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 179-33-008532 in respect to years 1999 until 2007 of SYSCO ENTERPRISES CORPORATION is filed and marked as **Exhibit 67.**

Q. Now, do you have any documents in respect to LK GLOBAL INFORMATION SYSTEMS?

A. It is for this one that we did not find. It never had an account. It appears on our system because perhaps the Directors or the Secretaries are in another company and is connected in the system. That is if we want to run a check on a debtor, who were his directors etc, they are entered into the system and that is how it was. This company did not have any accounts.

Q. Do you have any for AREMIS HOLDINGS LTD?

A. Yes we do for AREMISSOFT (HOLDINGS) LTD.

Q. Please file them.

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 106-12-001316 in respect to year 1999 of AREMISSOFT (HOLDINGS) LTD is filed and marked as **Exhibit 68.**

Q. Did you find any for AREMIS HOLDINGS?

A. No. We did not find such a name. It was AREMISSOFT HOLDINGS not AREMIS HOLDINGS.

Q. Let us proceed to LYCOURGOS KYPRIANOU.

A. Yes.

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-11-010761 in respect to years 1999 until 2000 of LYCOURGOS KYPRIANOU and Statement of Account Number: 001-11-014603 in respect to years 1997 until 1999 of LYCOURGOS KYPRIANOU is filed and marked as **Exhibit 69.**

Q. Other Documents?

A. Yes.

**Mr. Serapheim:** No objection.

**Court:** Statement of Account Number: 004-12-525623 in respect to year 2000 of LYCOURGOS KYPRIANOU is filed and marked as **Exhibit 70.**

A. I don't have any other statements,

Q. Do you have the subpoena with you?

A. I think yes.

Q. Look at the subpoena.

A. Yes.

Q. In relation to paragraph 1 of our subpoena, you have handed over to us today statements of accounts of companies under [headings] a, b, d and g and of Mr. Lykourgos Kyprianou.

A. Yes.

Q. The remaining accounts of all the rest of the companies?

A. They are not our customers.

Q. All the remaining companies referred to in paragraph 1 of the subpoena do not have accounts with Popular Bank?

A. Indeed, yes.

Q. But the subpoena had also requested that you bring the documents for the opening of the accounts.

A. Yes, but I have mentioned to the Court why nothing was found, because it was in the warehouses that have been burnt and I have brought the police report.

Q. Moreover, you have not brought anything that is referred to in the remaining paragraphs of the subpoena.

A. These are documents that ..., I brought what could be reproduced using the computer. The rest have been burnt.

Q.  If I am not mistaken, last time you had told us that these documents or copies of these documents exist at various branch offices of yours.

A.  No, the various statements.  Because I had not noticed the subpoena.  Because if I, when handing over the documents, was asked anything personally, I could not reply, and I had said that an employee of the branch office could come and hand over the documents himself.  Then after I saw that the subpoena was only for the purpose of handing over the documents, I brought all the documents myself.

Q.  Are you claiming that there are no more documents at the bank?

A.  On these matters no.  For these accounts no.  There is not anything else.

Q.  They were burnt in the fire?

A.  That is what the competent officers at the bank have informed me.

Q.  The documents that were sent to America?

A.  The documents that were sent to America are the ones I have handed over to the Court, that were reproduced from the bank's computer.

**Mr. Markides:** Mr. President, I reserve the right to issue a new subpoena if necessary, not for this witness of course, but for any other officer of the bank.

**Court:**  Your statement has been noted.

**Mr. Markides continues:**

Q.  Look at paragraph 11 of the subpoena, if you have found anything relevant because here we are talking about a swift code.

A. All these are being kept in the files of each customer.  It was in the warehouses.  That is what I have been informed.

Q. Look at paragraph 11 by yourself.  They did not notice it, because you cannot burn swift codes.

A. That is what I have been informed.

Q. I agree that you have so been told, but they may not have noticed paragraph 11.

A. If you would like me to look into it, I take the responsibility of looking into it.

Q. Yes, I would like you to look into it and let me know.

**Mr. Serapheim:** We agree with the request of my colleague. We find it justified.

**Mr. Markides:** I do not have any other questions. We do not have any other witnesses either for today or for tomorrow. It is my understanding that the next date on which the trial is fixed is on 2.11 for a substantive witness.

**Mr. Serapheim:** At this point, I want to state something without it being binding, I simply want to state it. Comparing to the other proceedings, since the other side had chosen to prepare written statements and Mr. Lefton came and the Court gave us two months to prepare, I am simply stating that if Mr. Lefton comes we will not need so much time, if however the other side chooses to bring Mr. Poyiadjis, then I will not be prepared within a week.

**Mr. Markides:** Tomorrow, I will give the written statement of the witness which I intend to call to the other side. The statement of the witness is ready but it has been prepared on the assumption that the exhibits of Mr. Lefton would

have been exhibits here. Now, because what Mr. Lefton had stated are not exhibits I need some clarifications of clerical nature. The substance will not be altered. In any case I am stating that Mr. Lefton will not be coming.

**Mr. Serapheim:** I am stating from now that 15 days will not be sufficient your Honor.

**Court:** Mr. Serapheim, first we will look at the statement of the witness and if the Court finds that there are many exhibits which you see for the first time, the Court will provide you with time. The case is adjourned and is fixed for continuation of the hearing on 2.11.2009 at 10:30 a.m. until the 13.11.2009. The date of 16.10.2009 is cancelled.


## ATTESTATION

I, Gianna Yiangou, minute taker for the Court, positioned at the District Court of Nicosia I hereby verify that the present document is a full and accurate presentation of the minutes which I have recorded to the best of my abilities in the as above case.

[Sign.]
Gianna Yiangou