UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
:
JOSEPH P. LASALA and
FRED S. ZEIDMAN, as CO-TRUSTEES        :       No. 09-CV-00968 (JAP) (DEA)
of the AREMISSOFT CORPORATION
LIQUIDATING TRUST,                     :

               Plaintiffs,   :       **DECLARATION OF**
                                                  **TODD S. FISHMAN**
             v.                :

MARFIN POPULAR BANK PUBLIC            :       Electronically Filed
COMPANY, LTD.,
                                             :
               Defendant.
                                             :
-----------------------------------------------------------x

       Todd S. Fishman, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

       1.     I am an attorney admitted to practice before this Court and a partner with Allen & Overy LLP, co-counsel for defendant Marfin Popular Bank Public Co Ltd (the "Bank") in this action. I submit this declaration in opposition to plaintiffs' Motion For A Stay Of Further Consideration Of Defendant's Motion To Dismiss The Complaint and related relief, filed December 15, 2009. The purpose of this declaration is to set before this Court facts that completely undermine the Trustees's motion. In particular, I provide the Court with a full recounting of the conversations between myself and Hal Hirsch, counsel for the Trustees, concerning the volume of material transferred from the Bank to Allen & Overy in New York, pursuant to Magistrate Judge Arpert's August 7, 2009 Memorandum Opinion and Order (the "August 7, 2009 Order").

       2.     The August 7, 2009 Order directed the Bank "to preserve documents, records and

data relevant to AremisSoft Corporation and its affiliates, Aremis Holdings Ltd., Lycourgos Kyprianou, Roys Poyiadjis and their affiliated entities" and to transfer all such documents to its U.S. counsel, Allen & Overy, by August 25, 2009. The Bank complied with that directive. As the Trustees's counsel has recognized, Magistrate Judge Arpert did not require the Bank or Allen & Overy to provide an accounting of the documents transferred under the August 7, 2009 Order.

3. On August 25, 2009, the Trustees's counsel sent a letter to my attention requesting that I "confirm upon close of business today that your client has complied with the Court's Order." A copy of this letter is attached as Exhibit A hereto. I responded in writing to this request that same day, and confirmed that the Bank had in fact complied. A copy of my letter to Mr. Hirsch is attached as Exhibit B hereto.

4. The next day, August 26, 2009, Mr. Hirsch telephoned me. He inquired further about the nature of the documents received from the Bank and raised other matters relating to this litigation. On the issue of documents, I informed Mr. Hirsch: (i) that Allen & Overy received documents from the Bank's operations in Cyprus and the United Kingdom but that I had not fully examined them, (ii) that Allen & Overy had received documents in both hard copy and in electronic form and (iii) that Allen & Overy was waiting to receive additional documents from the Bank's subsidiary in Athens, Greece, the precise amount unknown. Based on my initial understanding at the time, I estimated to Mr. Hirsch that I expected to receive, in total, approximately four to six banker's boxes worth of documents.

5. During this same call, Mr. Hirsch expressed concern about documents that the Bank might be withholding. I stated to Mr. Hirsch that, to my knowledge, all responsive documents known to the Bank to exist had been delivered, or were in the process of being delivered, to Allen & Overy in New York.

2

6. In the days after this call with plaintiffs' counsel, I reviewed all the documents the Bank transferred to Allen & Overy in New York. During this review, I determined that the documents received in hard copy from the Bank's Cyprus operations were entirely duplicative of the documents sent in electronic form. In addition, the documents received from the Bank's subsidiary in Athens, Greece totaled approximately two inches of material. Overall, the Bank transferred to Allen & Overy approximately one banker's box worth of individual, non-duplicative documents.

7. Thereafter, on September 9, 2009, Mr. Hirsch tried to reach me by telephone and left a voicemail message.

8. The next day, on September 10, 2009 at 3:30 p.m., Mr. Hirsch and I spoke by telephone. Mr. Hirsch informed me that the Trustees intended to file a supplemental motion to seek forum-related discovery (which ultimately was filed on September 23, 2009). During this call, Mr. Hirsch sought again to confirm that Allen & Overy had received all documents responsive to the August 7, 2009 Order. I reiterated to Mr. Hirsch that the Bank had complied with the Order. In addition, I stated to Mr. Hirsch that, in our prior conversation, I had overstated the number of documents received from the Bank. Mr. Hirsch responded: "I don't care about the amounts." Mr. Hirsch then briefly touched upon another subject and the call ended.

9. I have reviewed the translated version of the Cyprus subpoena and the transcript of proceedings attached to Mr. Hirsch's declaration. For purposes of the August 9, 2009 Order, the Bank transferred to Allen & Overy documents from its Cyprus, United Kingdom and Greek operations relating to AremisSoft Corporation and its affiliates as well as documents relating to the banking activities of Lycourgos Kyprianou and Roys Poyiadjis. The Bank in Cyprus

3

produced a subset of those documents as required by the specific requests made in that proceeding. Materials not included in the subset of documents produced in Cyprus are documents from the Bank's operations in the United Kingdom and Greece as well as documents relating to accounts referenced only in the complaint filed in the U.S. action.

10. As part of their motion, the Trustees refer to a fire that took place in the Bank's central archive facility on January 21, 2009, prior to the Bank receiving notice of the complaint in this action. In response to allegations made regarding that fire, I submit the official report of the Cyprus police relating to the fire. The report in the original Greek is attached as Exhibit C hereto and a certified English translation is attached Exhibit D hereto. I also submit the report of the loss adjuster, attached as Exhibit E hereto. These reports (i) rule out criminal actions as the cause of the fire and (ii) establish that the fire was caused by the activation of the fire suppression system following a construction accident at the premises.

Executed on January 4, 2010.

_____
Todd S. Fishman