**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                                :
JOSEPH P. LASALA and                            :
FRED S. ZEIDMAN, as CO-TRUSTEES                 :
of the AREMISSOFT CORPORATION                   :
LIQUDATING TRUST,                               :
                                                :
        Plaintiffs,            :    Civil Action No. 09-968 (JAP)
   v.                                       :
                                                :    **OPINION**
MARFIN POPULAR BANK PUBLIC                      :
COMPANY, LTD.,                                  :
                                                :
        Defendant.             :
_____  :

PISANO, District Judge:

      Presently before the Court is defendant Marfin Popular Bank Public Company, Ltd.'s ("Laiki" or the "Bank") motion to dismiss plaintiffs Joseph P. LaSala and Fred S. Zeidman, as co-trustees of the AremisSoft Corporation Liquating Trust's (the "AremisSoft Trust") complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), under the doctrine of *forum non conveniens*, for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), as barred by the applicable statute of limitations, and under the doctrine of *in pari delicto*. (Docket Entry No. 22). For the reasons stated below, the Bank's motion to dismiss is granted because the Court finds that it lacks personal jurisdiction over the defendant.[1]

---

[1] The AremisSoft Trust has several motions currently pending before this Court. The Court's dismissal of this action on personal jurisdiction grounds renders all pending motions in this case moot, and the motions are denied accordingly.

1

I.  Background[2]

AremisSoft was a corporation organized under the laws of Delaware with its principal place of business in New Jersey. On March 15, 2002, AremisSoft filed for protection under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et. seq.* Subsequent to AremisSoft's bankruptcy filing, this Court created the AremisSoft Trust. The AremisSoft Trust is a Delaware Trust formed pursuant to three orders entered by this Court in connection with confirmation of AremisSoft's First Amended Joint Plan of Reorganization and approval of the Class Action Settlement resolving the underlying securities fraud class action against AremisSoft. *In re AremisSoft Corp.*, No. 02-1336 (JAP). Any and all allowed claims belonging to AremisSoft prior to its March 15, 2002, bankruptcy filing were assigned to and for the benefit of the AremisSoft Trust. Joseph P. LaSala, a resident of New Jersey, and Fred S. Zeidman, a resident of Texas, were appointed co-trustees of the AremisSoft Trust. Plaintiffs bring the instant action in that capacity.

Between 1998 and 2001, Lycourgos Kyprianou and Roys Poyiadjis,[3] two former AremisSoft principals, issued false and misleading public statements and filings with the Securities and Exchange Commission in order to make AremisSoft appear more profitable than it actually was, thus driving up the company's stock price. Kyprianou and Poyiadjis sold their AremisSoft stock at the artificially inflated stock price, and reaped huge profits at the expense of the investing public. The investing public sustained a loss of approximately $500 million as a result of the fraud.

---

[2] Unless otherwise noted, all facts are drawn from the AremisSoft Trust's complaint and are taken as true for purposes of this motion. *See Toys "R" US, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996).

[3] Kyprianou was the founder of AremisSoft and served as its Chairman of the Board of Directors and Chief Executive Officer. Poyiadjis was a director, Chief Financial Officer and Co-Executive Officer of AremisSoft. Neither are parties in the instant matter.

Laiki is a full service Cypriot bank with headquarters in Nicolsia, Cyprus. Laiki has no branches in the United States but maintained a representative office located at 450 Park Avenue, New York, New York. Laiki closed its New York office in February 2008. Laiki maintained accounts for AremisSoft and its affiliated entities, for companies owned or controlled by Kyprianou and/or Poyiadjis, and for Kyprianou and members of his family.

The AremisSoft Trust alleges that Laiki aided and abetted, and conspired with Kyprianou and Poyiadjis "by serving as a vehicle to loot Company assets and launder millions of dollars in tainted proceeds from their massive international fraud." Plaintiffs allege that Laiki knowingly permitted Kyprianou and Poyiadjis to transfer money from AremisSoft accounts to accounts used for their personal benefit, and to "launder millions of dollars of the proceeds of their fraud." According to Plaintiffs, more than $70 million passed through the many Laiki accounts controlled by Kyprianou and Poyiadjis. Plaintiffs allege that Laiki did not investigate any of the transactions, engage in due diligence, or make inquiries of AremisSoft as to the propriety of the accounts maintained at Laiki. According to the AremisSoft Trust, Laiki did not take steps to prevent these fraudulent transfers because "it was intent upon assisting, enabling and permitting [the behavior] for Laiki Bank's financial gain."

II.  Discussion

In its complaint, the AremisSoft Trust asserts that this Court may exercise personal jurisdiction over the defendant on two grounds. First, Plaintiffs contend that personal jurisdiction exists under the effects test. Specifically, Plaintiffs argue that jurisdiction over Laiki exists because it committed an intentional tort which it knew or should have known would "have a direct and substantial effect" on AremisSoft at its headquarters in New Jersey and on other residents of New Jersey. Second, the AremisSoft Trust argues that personal jurisdiction exists

because Laiki conspired with Kyprianou and Poyiadjis, both of whom had significant contacts with New Jersey, to loot AremisSoft. In its opposition to the instant motion, the AremisSoft Trust also asserts that this court has personal jurisdiction over the defendant under the purposeful availment test articulated by the Supreme Court in *Burger King v. Rudzewicz*, 471 U.S. 462 (1985), and that "compelling evidence" suggests that Laiki's business activities in the United States and New Jersey are sufficient to establish general jurisdiction.

The burden of establishing personal jurisdiction lies with the plaintiff. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). Plaintiff must show that jurisdiction exists by a preponderance of the evidence. *Id.* The Court must accept all of Plaintiffs' allegations as true and construe disputed facts in Plaintiffs' favor. *Id.* at 142 n. 1. When deciding a motion to dismiss for lack of personal jurisdiction, the Court must apply the long-arm statute of the state in which it sits. *Id.* at 144-45 (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 436 (3d Cir.1987)). "The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection." *Id.* at 145.

    A. The Effects Test

In *Calder v. Jones*, 465 U.S. 783 (1984), the Supreme Court held that personal jurisdiction may exist over a foreign defendant when the defendant has intended to cause, and did cause, tortious injury to a plaintiff in the forum state. *See Calder*, *supra*, 465 U.S. at 787-89. Jurisdiction may be established when the effects of the defendant's tortious conduct is felt in the forum state. *Id.* at 788-89. The Third Circuit applies a three prong analysis when determining if jurisdiction is proper under the effects test articulated in *Calder*.

> First, the defendant must have committed an intentional tort. Second, the plaintiff must have felt the brunt of the harm caused by that tort in the forum, such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort. Third, the defendant must have expressly aimed his tortious

>conduct at the forum, such that the forum can be said to be the focal point of the tortious activity.
>
>*IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 256 (3d Cir. 1998).

The *IMO Industries* Court noted that "the mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder*." *Id.* at 263-64. To satisfy the effects test, a plaintiff must "point to contacts which demonstrate that the defendant *expressly aimed* its tortious conduct at the forum, and thereby made the forum the focal point of the tortious activity." *Id.* at 265. "The defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied. In the typical case, this will require some type of 'entry' into the forum state by the defendant." *Id.* When applying the effects test the critical question a court must ask is has the plaintiff pointed to acts undertaken by the defendant which demonstrate that it "expressly aimed" its tortious conduct at New Jersey. *Id.* at 266. A court need not inquire whether the brunt of the harm was suffered by the plaintiff absent a showing that defendant's behavior was expressly aimed at the forum. *Id.*

In this case, the AremisSoft Trust has failed to establish that Laiki's alleged conduct was expressly aimed at New Jersey. Plaintiffs argue that Laiki "knew or should have known" that its actions would have a "direct and substantial effect on the Company at its headquarters in New Jersey and on other residents of New Jersey." Compl. at ¶ 15. As discussed above, the fact that a plaintiff maintains its principal place of business in the forum is not sufficient to show that a defendant's conduct was "expressly aimed" at that forum. Additionally, Plaintiffs argue that the effects test is satisfied because Laiki maintains "correspondent banking relationship[s] with U.S. banks and other business accounts or interests that are centered in the U.S." Pl. Br. at 3. This is insufficient to establish that Laiki's alleged tortious conduct was expressly aimed at New Jersey.

Therefore, when applying the effects test as interpreted by the Third Circuit, this Court must conclude that the Court lacks jurisdiction over Laiki.

### B. Conspiracy Jurisdiction

The applicability of a conspiracy theory of jurisdiction is governed by state law. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 102 n. 8 (3d Cir. 2004). It is not clear whether New Jersey allows personal jurisdiction to be established using this theory. *Id.* It is undisputed that other jurisdictions, both state and federal, recognize such a theory of jurisdiction. *Roy v. Brahmbhatt*, 2008 WL 5054096, *7 (D.N.J. Nov. 26, 2008). However, it also appears that there is wide spread disagreement regarding whether the conspiracy theory of jurisdiction is consistent with due process. *Id.* As this Court's sister court noted in *Roy*, "[i]t is not clear whether New Jersey state courts would apply the conspiracy theory of personal jurisdiction as no court in New Jersey has explicitly adopted (or for that matter, rejected) the theory. Under principles of comity, this is a matter best left for the New Jersey Supreme Court or the legislature." *Id.* at *9. Given that the New Jersey state courts have not decided whether the theory of conspiracy jurisdiction is applicable under the state's long-arm statute, this Court declines to recognize the conspiracy theory of jurisdiction in this case.

### C. Purposeful Availment

Personal jurisdiction exists over a foreign defendant when the defendant "purposely directed" its actions at residents of the forum state. *Burger King v. Rudzewicz*, 471 U.S. 462, 472 (1985). When a defendant has directed its actions at residents of a forum state, it has fair warning that those actions may result in litigation in the forum. *Id.* "Parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their

activities." *Id.* at 473. Additionally, when a defendant "purposefully derive[s] benefit[s]" from its activities in the forum state it may fairly be required to answer for the consequences of those activities within the forum state. *Id.* at 473-74.

A defendant must have the requisite minimum contacts with the forum state before jurisdiction will be proper; mere foreseeability is not enough to establish personal jurisdiction. *Id.* at 474.

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Id.* at 474-75 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958)).

By requiring that a defendant have "purposefully availed" itself of the privilege of conducting business within the forum, defendants can be assured that they will not be haled into a foreign forum merely "as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person" *Burger King*, *supra*, 471 U.S. at 475 (internal quotations and citations omitted).

Applying these principles to the case at bar, the Court finds that the Aremissoft Trust has not established that Laiki has "purposely directed" its actions at New Jersey or that it has "purposefully avail[ed]" itself of the privilege of conducting business here. Plaintiffs do not allege that Laiki initiated contact with AremisSoft, AremisSoft affiliated entities, Kyprianou, or Poyiadjis. Compl. at ¶ 37. Additionally, of the individuals and entities that maintained accounts with Laiki only AremisSoft is clearly a resident of the forum state. *Id.* Poyiadjis, Kyprianou, and his family members are presumably Cypriot, and the affiliated entities mentioned in Plaintiffs' complaint maintained their corporate offices in Cyprus. *Id.*

D.  General Jurisdiction

It is undisputed that the AremisSoft Trust has not pled facts sufficient to establish the existence of general jurisdiction over Laiki.  However, Plaintiffs seek additional discovery in order to establish that such jurisdiction exists.  Pl. Br. at 6.  A court must grant additional jurisdictional discovery when the plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'"  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F3d 446, 456 (3d Cir. 2003) (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,* 960 F.2d 1217, 1223 (3d Cir.1992)).  The AremisSoft Trust's allegations of fraud against Laiki, including that allegation that Laiki assisted Kyprianou and Poyiadjis in their fraud because "it was intent upon assisting, enabling and permitting [the fraud] for Laiki Bank's financial gain" are conclusory in the extreme and do not provide an adequate factual basis to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)) (to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Consequently, the AremisSoft Trust has not presented facts that indicate "with reasonable particularity" that Laiki has maintained contacts with New Jersey sufficient to establish general personal jurisdiction.  Therefore, this Court will not allow additional discovery on this issue.

III.    Conclusion

For the reasons above, Defendant's motion to dismiss is granted.   All other pending motions are denied as moot.  An appropriate Order accompanies this opinion.

                                                              /s/ JOEL A. PISANO
                                                              United States District Judge

Dated: March 1, 2010